USDC SCAN INDEX SHEET

















SWD   5/4/05   14:04

3:05-CV-00940   THOMASSON V. GC SERVICES LTD PRT

*1*

*CMP.*

1  LAW OFFICE OF ELIZABETH J. ARLEO, PLC
   ELIZABETH J. ARLEO (CSB No. 201730)
2  10085 Carroll Canyon Road, Suite 210-A
   San Diego, CA 92131
3  Telephone:  858/547-9800
   858/547-9880 (fax)
4
   LAW OFFICES OF STEVEN A. WICKMAN
5  STEVEN A. WICKMAN (CSB No. 165149)
   591 Camino De La Reina, Suite 800
6  San Diego, CA 92108
   Telephone:  619/291-7778
7  619/278-0765 (fax)

8  ROBERT L. ARLEO, ESQ. (NYSB No. 7506)
   225 East 79th Street, 2B
9  New York, NY 10021
   Telephone:  212/517-9967
10 212/517-2919 (fax)

11
   Attorneys for Plaintiffs
12

13                    UNITED STATES DISTRICT COURT

14                  SOUTHERN DISTRICT OF CALIFORNIA

15 
   ANDREW T. THOMASSON and MARY JO   )   Case No. '05 CV 0940   LAB (JFS)
16 MIAL, On Behalf of Themselves and All   )
   Others Similarly Situated,                       )
17                                                              )   CLASS ACTION
                                                               )
18                                      Plaintiffs,         )   COMPLAINT FOR VIOLATIONS OF THE
                                                               )   FAIR DEBT COLLECTION PRACTICES
19              vs.                                        )   ACT AND CALIFORNIA'S INVASION OF
                                                               )   PRIVACY ACT
20 GC SERVICES LIMITED PARTNERSHIP,  )
   and DOES 1 though 25, inclusive           )   DEMAND FOR JURY TRIAL
21                                                              )
                                      Defendants.       )
22

23

24

25

26

27

28

## PRELIMINARY STATEMENT

1.       Representative Plaintiffs, Andrew Thomasson and Mary Jo Mial ("Plaintiffs"), on their own behalf and on behalf of the class they seek to represent, bring this action for illegal practices of GC Services Limited Partnership ("Defendant" or "GC Services").  Defendant used false, deceptive, and misleading practices by recording and/or monitoring telephonic communications without any advisory in conjunction with attempts to collect alleged debts incurred by Plaintiffs and by members of the class described herein for personal, family and/or household purposes.  Defendant also illegally monitors and records telephonic communications as a service to its clients.  Plaintiffs allege that Defendant has violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*, and the California Invasion of Privacy Act, Cal. Penal Code §630 *et seq.*  Plaintiffs seek statutory damages for themselves and members of the class, attorneys' fees and costs, under the FDCPA and California law, and injunctive relief under California law.

## PARTIES

2.       Plaintiff Andrew Thomasson is a natural person residing in Oceanside, California.

3.       Plaintiff Mary Jo Mial is a natural person residing in Lakeside, California.

4.       GC Services is a legal partnership existing pursuant to the laws of the State of Delaware.  Defendant maintains a principal place of business located in Houston, Texas.  Defendant is a debt collector, pursuant to the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692 *et seq.*  Various entities hire the Defendant to collect debts allegedly owed to such entities.  GC Services also acts as a third party monitor for various other entities including Fortune 100 companies and federal, state and municipal governments.

5.       The various other defendants designated as John and Jane Does 1 though 25 are based upon information and belief, certain unknown, unnamed persons and/or entities who may be liable for the claims asserted herein, who include but are not limited to, agents, servants, employees, representatives, affiliates, parents, subsidiaries, joint tortfeasors, contractors, co-conspirators, joint adventurers, partners, stockholders, and any other person or entities of the named Defendant and/or any other persons who may be liable to the Plaintiffs and members of the class for the claims asserted herein.

**JURISDICTION AND VENUE**

6.     This Court has original jurisdiction over the first cause of action per 15 U.S.C. §1692k and 28 U.S.C. §1331. This Court also has jurisdiction over the Plaintiffs' state statutory claims by virtue of the federal supplemental jurisdiction statute, 28 U.S.C. §1367.

7.     This is the proper venue for this matter per 28 U.S.C. §1391 because Plaintiff Mial resides within this district, Defendant operates an office in this district, and the events giving rise to Plaintiffs' claims occurred, in part, in this district.

**FACTUAL ALLEGATIONS**

8.     GC Services is the largest private debt collection agency in North America in terms of monetary amount collected and is the oldest leading provider of teleservices and debt collection services in America. See Exhibit "A" attached hereto. Defendant employs 10,000 individuals who respond to a million calls a day

9.     Through call centers located throughout the United States, GC Services attempts to collect billions of dollars in actual and alleged debts via the use of intrastate and interstate telephone lines. GC Services also acts as a third-party monitor for various entities including Fortune 100 companies and federal, state and municipal governments.

10.    On January 13, 2005, the San Diego Union-Tribune published an article *"On hold? Hold On – Someone's listening, Firms' call monitors can tap in anytime."* The article states: "Call monitors eavesdrop on millions of exchanges a year. Overall, about 2 percent of the hundreds of millions of calls made to call centers are monitored by a company's own managers or, increasingly, by third-party monitoring companies." ... "Most callers do not realize that they may be taped even while they are on hold." ... "From any corner of the globe, call monitors with just a computer and an Internet connection can oversee workers virtually anywhere."
According to information published on the GC Services' website, Defendant acts as a third-party monitor as described in the San Diego Union-Tribune article. *See* Exhibit "A".

11.    GC Services' debt-collection and teleservices clients include money-center banks, credit card companies and telecommunication companies as well as federal, state and municipal governments. Defendant has service contracts with Fortune 100 companies and industry participants

-2-

1   in automotive, retail, telecommunications, banking, financial services and other sectors.  Defendant

2   also has numerous contracts with federal, state and municipal governments including courts, student

3   loan programs and utilities.  *See* Exhibit "A".

4        12.     GC Services has been recognized as "a top provider of inbound and outbound call

5   center management solutions" and provides among other teleservices, "[t]hird-party quality

6   monitoring." *See* Exhibit "A".

7        13.     GC Services provides "call monitoring services" and has "over 100 quality

8   observation analysts that evaluate more than 100,000 customer contacts monthly at hundreds of sites

9   across the globe." *See* Exhibit "A".

10       14.     Defendant's clients "may randomly select recorded contacts to verify that

11   [Defendant's] analysts have scored them accurately." *See* Exhibit "A".

12       15.     Defendant has "an extensive infrastructure and network monitoring process" which

13   "maximizes" its "ability to capture, interpret, report and protect client data." *See* Exhibit "A".

14       16.     GC Services maintains several calling centers within the State of California including

15   offices located in San Diego, Laguna Hills and Irwindale, California.

16       17.     GC Services also maintains a calling center located in Phoenix, Arizona.

17       18.     Each of the call centers operated by Defendant constitutes a high-tech debt collection

18   operation with scores of collectors initiating telephone contact with persons located in each of the

19   United States and Puerto Rico.

20       19.     GC Services trains its telephone debt collectors to use false, deceptive and misleading

21   collection tactics which violate 15 U.S.C. §1692e which prohibits the use of false, deceptive and

22   misleading debt collection tactics.

23                        **FACTS CONCERNING PLAINTIFFS**

24       20.     Plaintiff Andrew Thomasson incurred an alleged debt in the amount of $28.61 to

25   MCI.

26       21.     Said alleged obligation is a "debt" as defined in the FDCPA.

27       22.     In the attempt to collect said debt, Defendant sent a communication dated April 18,

28   2005 to Plaintiff Thomasson.  A copy of said communication is attached hereto as Exhibit "B".

- 3 -

23.     That on or about April 25, 2005, Plaintiff Thomasson telephoned GC Services at the toll-free telephone number set forth on the April 18, 2005 correspondence attached hereto as Exhibit "B".

24.     That pursuant to the facts set forth above, Plaintiff Thomasson spoke with a debt collector employed by GC Services, said debt collector identified herself as "Ashley".

25.     That during the course of the telephone conversation with "Ashley", Plaintiff Thomasson asked if the telephone conversation was being recorded or monitored.

26.     In response to the inquiry by Plaintiff Thomasson, the GC Services debt collector who identified herself as "Ashley" stated that the telephone call may be monitored by another person employed by Defendant.

27.     After being advised that the call may be monitored, Plaintiff Thomasson terminated the telephone conversation.

28.     Plaintiff Mial allegedly incurred a debt to American Express.

29.     Said alleged obligation is a "debt" within the meaning of the FDCPA.

30.     Throughout mid to late 2004 and early 2005, Defendant's employees telephoned Plaintiff Mial at her home.  During said times, GC Services debt collectors engaged Plaintiff Mial in telephonic communications.  At no time did GC Services employees advise Plaintiff Mial that the telephonic communications may be recorded and/or monitored.

**POLICIES AND PRACTICES**

31.     GC Services regularly initiates telephone calls, and otherwise engages in telephone calls initiated by persons to Defendant regarding alleged debts, all in the course of attempting to collect debts for entities who have retained GC Services for such purpose and in the course of providing quality assurance services to creditors and other entities.   When such telephonic communications are made, it is the policy and practice of GC Services to record, monitor and/or eavesdrop upon said telephone calls, without advising the individuals that said telephone calls are being recorded, monitored and/or eavesdropped upon, all in violation of the laws of the State of California requiring two-party consent to record, monitor and/or eavesdrop upon a telephonic communication.  Further, such debt collection tactics violate the FDCPA as said tactics are false,

1   deceptive and misleading partly as consumers are deceptively induced to reveal personal information

2   without knowing that such information is being recorder and/or intercepted by persons other than the

3   GC Services caller.

4   **CLASS ALLEGATIONS**

5       32.    This action is brought on behalf of a class consisting of all persons within the United

6   States who engaged in at least one telephonic communication with a person employed by GC

7   Services which was monitored, recorded and/or eavesdropped upon without any advisory in

8   violation of the California Invasion of Privacy Act, Cal. Penal Code §630 *et seq.*

9       33.    The class period is one year prior to the filing of the complaint in this action through

10   the present.

11       34.    Plaintiffs allege, on information and belief, that the class is so numerous that joinder

12   of all members is impractical.

13       35.    There are questions of law and fact common to the class which common issues

14   predominate over any issues involving only individual class members.  The principal issue is

15   whether GC Services violated the FDCPA and the laws of California which prohibit recording,

16   monitoring and/or eavesdropping upon telephonic communications absent two-party consent. These

17   common questions of law and fact includes, for example:

18           (a)    whether Defendant has, within the statutory time period, intentionally and

19           systematically recorded telephone conversations between the Plaintiffs and members

20           of the class and GC Services employees and/or employees of other entities with

21           whom Defendant contracts without any advisory from the Defendant that the

22           telephonic communication could be recorded;

23           (b)    whether Defendant has, within the statutory time periods, intentionally and

24           systemically monitored and/or eavesdropped upon telephone conversations between

25           Plaintiffs and members of the class and GC Services employees and/or employees of

26           other entities with whom Defendant contracts, without any advisory from Defendant

27           that the telephonic communication could be monitored;

28

(c)     whether Defendant has intentionally enabled and instructed certain of its personnel to listen in on telephone conversations between its employees and persons without any advisory from Defendant that the telephonic communications could be monitored and/or recorded; and

(d)     whether those recorded, monitored and/or eavesdropped upon telephonic communications involved "confidential communications" within the meaning of the California Invasion of Privacy Act.

36.     Plaintiffs' claims are typical of the class members' claims. All are based upon the same facts and legal theories.

37.     Plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs have retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions. Neither Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue their action.

38.     Certification of a class under Fed. R. Civ. P. 23(b)(3) is appropriate in that questions of law and fact common to the class defined herein predominate over any questions affecting only individual members of the class. Further, class action relief is superior to other methods for the fair and efficient adjudication of the herein controversy since individual joinder of all members would be impracticable. A class action will allow a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would create. An important public interest will be served by addressing the matter as a class action, substantial expenses to the litigants and to the judicial system will be realized, and the potential inconsistent or contradictory adjudications will be avoided.

**FIRST CAUSE OF ACTION**

**(For Violations of the FDCPA)**

39.     Plaintiffs, in bringing this cause of action under the federal FDCPA, 15 U.S.C. §1692 *et seq.,* on behalf of themselves and all others similarly situated, repeat and reiterate all the allegations set forth in ¶¶8-38 above as is set forth at length herein.

40.     Defendant violated the FDCPA by, *inter alia*, using false, deceptive and misleading means in an attempt to collect alleged consumer debts.  Specifically, GC Services did not reveal to consumers that telephonic communications with collectors employed by Defendant and other individuals might be monitored, recorded and/or eavesdropped upon.

## SECOND CAUSE OF ACTION

### (Statutory Damages and Injunctive Relief

### for Illegal Recording of Telephonic Communications)

41.     Plaintiffs, in bringing this cause of action under the California Invasion of Privacy Act, Cal. Penal Code §630 *et seq.,* on behalf of themselves and all others similarly situated, repeat and reiterate all the allegations set forth in ¶¶8-40 above as if set forth at length herein.

42.     At all relevant times, GC Services has routinely communicated by telephone with individuals who were located throughout the United States and Puerto Rico in the course of attempting to collect alleged debts.

43.     At all relevant times, GC Services has made use of special software which enables the company to secretly record telephone conversations between persons employed by GC Services and other individuals.

44.     Plaintiffs and thousands of others compose a class of consumers whose telephonic communications were recorded by debt collectors employed by GC Services without any advisory by Defendant that said telephone communications could be recorded.  Such recording occurred in violation of the California Invasion of Privacy Act.

45.     The surreptitiously recorded telephone conversations were "confidential communications," within the meaning of the California Invasion of Privacy Act. Each class member had an objectively reasonable expectation that his or her phone conversation was not being recorded.

46.     Pursuant to the California Invasion of Privacy Act, each class member has a cause of action for damages. ˙

47.     Further, in addition to statutory damages, the putative class seeks and is entitled to a permanent injunction in Cal. Penal Code §637.2(1) to restrain Defendant from recording any future phone calls with any individual in violation of the California Invasion of Privacy Act; and (2) to

- 7 -

1  compel GC Services to institute polices and procedures which will educate GC Services employees

2  as to the California Invasion of Privacy Act and assure that such employees follow the California

3  Invasion of Privacy Act.

### THIRD CAUSE OF ACTION

**(Statutory Damages and Injunctive Relief for Illegal Monitoring,**

**Recording and/or Eavesdropping of Telephonic Communications)**

7  48.  Plaintiffs, in bringing this cause of action under the California Invasion of Privacy

8  Act on behalf of themselves and all others similarly situated, repeat and reiterate all the allegations

9  set forth in ¶¶8-47 above as if set forth at length herein.

10  49.  At all relevant times, Defendant has allowed, enabled, or encouraged certain

11  personnel employed by GC Services to secretly listen in on telephone conversations between GC

12  Services debt collectors and other individuals.

13  50.  Plaintiffs and hundreds of thousands of other persons compose a class of persons

14  whose telephonic communications were monitored and/or eavesdropped upon by GC Services

15  without any advisement by Defendant that said monitoring and/or eavesdropping was occurring, all

16  in violation of the California Invasion of Privacy Act, Cal. Penal Code §630 *et seq*. prohibiting the

17  monitoring and/or eavesdropping upon telephonic communications without at least two-party

18  consent.

19  51.  The surreptitiously monitored telephone conversations were "confidential

20  communications," within the meaning of the California Invasion of Privacy Act. Each class member

21  had an objectively reasonable expectation that his or her telephone conversation was not being

22  monitored or eavesdropped upon.

23  52.  Pursuant to the California Invasion of Privacy Act, each class member has a cause of

24  action for damages.

25  53.  . Further, in addition to statutory damages, the punitive class seeks and is entitled to a

26  permanent injunction in Cal. Penal Code §637.2(1) to restrain Defendant from monitoring any future

27  phone calls with any individual in violation of the California Invasion of Privacy Act; and (2) to

28  compel GC Services to institute polices and procedures which will educate GC Services employees

-8-

1  as to the California Invasion of Privacy Act and assure that such employees follow the California

2  Invasion of Privacy Act.

3  **PRAYER FOR RELIEF**

4      WHEREFORE, the premises considered, Plaintiffs respectfully request that the Court enter

5  judgment in their favor and in favor of the putative class for:

6  **On the First Cause of Action**

7      (a)    Certification of the class pursuant to Rule 23(b)(3):

8      (b)    Statutory damages for each of the Plaintiffs and the members of the class

9  pursuant to 15 U.S.C. §1692k;

10      (c)    Attorneys' fees, litigation expenses and costs pursuant to 15 U.S.C.

11  §1692k; and;

12      (d)    For such other and further relief as this Court may deem just and proper.

13  **On the Second Cause of Action**

14      (a)    For a determination that this second cause of action may be maintained as a

15  class action, and:

16      (b)    For statutory damages in the amount of $5,000 per violation to each of the

17  Plaintiffs and the members of the class pursuant to Cal. Pen. Code §637.2(a)(1), and;

18      (c)    For a preliminary and permanent injunction to restrain further violations of

19  §632(a) of the California Invasion of Privacy Act, pursuant to Cal. Pen. Code

20  §637.2(b).

21      (d)    For payment of reasonable attorneys' fees and costs of suit incurred herein

22  under, *inter alia*, §1021.5 of California's Code of Civil Procedure and/or under the

23  substantial benefit and common fund doctrines; and

24      (e)    For such other relief as this Court may deem just and proper.

25  **On the Third Cause of Action**

26      (a)    For a determination that this third cause of action may be maintained as a

27  class action.

28

1    (b)      For statutory damages in the amount of $5,000 per violation to each
2    Plaintiff and the members of the class pursuant to Cal. Pen. Code §637.2(a)(1).

3    (c)      For a preliminary and permanent injunction to restrain further violations of
4    §632(a) of the California Invasion of Privacy Act, pursuant to Cal. Pen. Code
5    §637.2(b).

6    (d)      For payment of reasonable attorneys' fees and costs of suit incurred herein
7    under, *inter alia*, §1021.5 of California's Code of Civil Procedure and/or under the
8    substantial benefit and common fund doctrines; and

9    (e)      For such other relief as this Court may deem just and proper.

10                        **DEMAND FOR JURY TRIAL**

11        Plaintiffs demand a trial by jury in all claims so triable and an advisory jury for a factual
12   determination on all equitable claims.

13   DATED: May 4, 2005                    LAW OFFICE OF ELIZABETH J. ARLEO, PLC
                                           ELIZABETH J. ARLEO
14

15

16                                         _____
                                               ELIZABETH J. ARLEO
17
                                           10085 Carroll Canyon Road, Suite 210-A
                                           San Diego, CA 92131
18                                         Telephone:  858/547-9800
                                           858/547-9880 (fax)
19
                                           LAW OFFICES OF STEVEN A. WICKMAN
20                                         STEVEN A. WICKMAN
                                           5910 Camino De La Reina, Suite 800
21                                         San Diego, CA 92108
                                           Telephone: 619/291-7778
22                                         619/278-0765 (fax)

23

24

25

26

27

28

                                    - 10 -

1

2          ROBERT L. ARLEO, ESQ.
           225 East 79th Street, 2B
3          New York, NY 10021
           Telephone:  212/517-9967
           212/517-2919 (fax)
4
           Attorneys for Plaintiffs
5

6

7                   **DEMAND FOR JURY TRIAL**

8          Please take notice that Plaintiffs demand trial by jury in this action.

9

10

11

12          _____
                        ELIZABETH J. ARLEO
13

14

15

16

17

18

19

20

21   M:\05-1002 Thomasson v. GC Services, LLC\05-1002 ComplaintGC Services.doc

22

23

24

25

26

27

28

                              - 11 -

# GC Services™



**ABOUT US**
o our company    >>
o quality first™

SOLUTIONS

TECHNOLOGY

NEWS

CAREERS

HOME

**NEWS** ←————

GC captures Gold MVP
Quality Award..

**INTRODUCING**
Quality First™ Culture



LEARN
MORE..

## Quality friends come first.

GC Services enjoys contracts with many Fortune 100 companies, provides services to a wide variety of industries, and has hundreds of clients.

Top industry participants in automotive, retail, telecommunications, banking, financial services and other sectors have relied on GC's unparalleled account management expertise for nearly *half a century*. That same commitment to excellence is reflected in our numerous contracts with federal, state and municipal governments.

**Our Commitment to You**
- Integrity and Innovative Solutions
- Defined Process Controls and Quality Assurance
- Measurable Goals and Objectives to Meet Performance and Service Expectations
- Pricing and Staffing Flexibility

*business*
## process
p a r t n e r s h i p s

closer look
our brochure

*Your partner since 19*

A-1

# GC Services™



ABOUT US
**SOLUTIONS**
TECHNOLOGY
NEWS
CAREERS
HOME

○ teleservices    »
○ receivables
  management

## Committed to Care.

Considering our diverse range of services, it's no wonder *Customer Inter@action Solutions* magazine consistently recognizes GC Services as a top provider of inbound and outbound call center management solutions:

- Customer care
- Third-party quality monitoring
- Billing and payment information
- SLAM resolution
- Relay services
- Executive escalation
- Directory assistance
- General operator assistance
- Text messaging
- Calling card customer service
- Order entry and application processing
- Back office processing

NEWS ★

GC captures Gold MVP
Quality Award..

INTRODUCING
Quality First™ Culture



LEARN
MORE..

*business*
## process
### p a r t n e r s h i p s



*Your partner since 19*

A-2



# GC Services™



architecture

core expertise

NEWS ←————

GC captures Gold MVP Quality Award..

INTRODUCING
Quality First™ Culture

LEARN MORE..

**Quality Assurance Call Monitoring**

Fortune 100 companies and major utilities have turned to GC Services to evaluate agent performance in:

- Inbound customer care and sales
- Outbound sales and surveys
- Business-to-Business sales

In fact, GC is one of the most sought after providers of call monitoring services in the industry. We have over 100 quality observation analysts that evaluate more than 100,000 customer contacts monthly at hundreds of sites across the globe.

Our analysts evaluate courtesy, thorough and accurate call handling, order entry, sales effectiveness, CSR behaviors, and use of legal verbiage. We focus on high priority calls, provide flexible formats, and



*business*
process
p a r t n e r s h i p s

*Your partner since 19*

A-3

# GC Services™


we take care of

ABOUT US
**SOLUTIONS**
TECHNOLOGY
NEWS
CAREERS
HOME

○ teleservices   »
○ receivables
management

**NEWS** ←
GC captures Gold MVP
Quality Award..

**INTRODUCING**
**Quality First™ Culture**
LEARN
MORE..

**Quality Assurance Call Monitoring**

reports include aggregate quality
scores, quality trending information,
recommended coaching techniques,
recommended strategies for overall
quality improvement, and ideas for
increasing efficiencies and
enhancing revenue.

- Weekly calibration sessions are held
  with our clients to ensure we are in
  compliance with all scoring
  standards.  Clients may randomly
  select recorded contacts to verify
  that our analysts have scored them
  accurately.
- We also hold a monthly conference
  call with our clients' program
  managers to review the information,
  answer questions, and ensure
  everyone understands the reports.
  This gives GC Services an

*business*
## process
## p a r t n e r s h i p s



*Your partner since 19*

*A - 4*



**GC Services**™      **Technology-Driven.**



ABOUT US
SOLUTIONS
**TECHNOLOGY**
NEWS
CAREERS
HOME

architecture  **»**

core
expertise

**Defining**
what
you **know**
*(and putting it to work).*

Data control is crucial
to GC Services' entire
business. Our approach to CRM and collection
information includes data security standards,
data process management, data monitoring,
and the tracking of data internally as well as to
and from our clients.

This, coupled with an extensive infrastructure
and network monitoring process (Firewall
Access Control Lists, Automated Virus Update
Detection and Distribution, and Intrusion
Detection tools, etc.), maximizes our ability to
capture, interpret, report, and protect client
data.

**NEWS** ★

GC captures Gold MVP
Quality Award..

**INTRODUCING**
Quality First™ Culture



LEARN
MORE..

*business*
## process
p a r t n e r s h i p s



*Your partner since 19*

$A - 5$

# GC Services™



we take care of

ABOUT US
**SOLUTIONS** — teleservices
TECHNOLOGY — receivables management  »
NEWS
CAREERS
HOME

**NEWS** ←────────

GC captures Gold MVP Quality Award..

**INTRODUCING**
**Quality First™ Culture**



LEARN MORE..

## The Nation's Leader.

Customer relationships can't always be about TLC. So it helps that GC Services is the largest private collection agency in North America. Numerous private sector entities, including money-center banks, credit card companies, and telecommunications giants rely on GC Services' proven expertise in maximizing revenues from delinquent receivables. The same holds true for governmental entities, including federal, state, and numerous municipal governments.

That's why we're the nation's leader in:

- Debt collection
- Collection technology
- Collection letters
- Skiptracing
- Diligence processes and reporting

*business*
## process
p a r t n e r s h i p s

*Your partner since 19*

A - 6



GC SE     ES LIMITED PARTNERSHIP
COLLECTION AGENCY DIVISION
6330 GULFTON, HOUSTON, TX. 77081

**YOU OWE**
**MCI**

$28.61

**ACCOUNT NUMBER**
7GG01067

PO BOX 2667 (078)
HOUSTON TX 77252-2667
RETURN SERVICE REQUESTED
APRIL 18, 2005
**BALANCE DUE STATEMENT**

0478105103025516-0151-01
ANDREW THOMASSON

4567 STRATFORD CIR
OCEANSIDE CA 92056-4905

PO BOX 7850
BALDWIN PARK CA 91706

(800) 811-0626

PLEASE DETACH AND RETURN UPPER PORTION OF STATEMENT WITH PAYMENT.

Dear Andrew Thomasson:
          Avoid further collections.
          Forward your overdue payment.

    DELINQUENT ACCOUNT PLACED IN COLLECTIONS

Due to the seriously overdue status of your account, our
client, MCI, has placed your name with us
for collection activity. As a national collection agency, we
intend to pursue resolution of this debt with you.

The balance listed above is the current amount due and
includes a collection fee of $.00  added by
MCI in accordance MCI's
Tariff No. 1, Sec B7.09, filed with the Federal
Communications Commission.
This is a serious matter.

Resolve this issue by following these steps:
1). Write a check or money order payable to GC Services
     for $28.61 .
2). Enclose your payment with the top part of this letter.
3). Mail it.
If you do not make full payment or call us at
(800) 811-0626, we will continue with scheduled collection
efforts per our obligation to MCI. It is in
your best interest to forward your payment.
                              Jess Moran
                              Collection Manager


P.S. We intend to continue with collection efforts until
     this matter is handled. Fulfill your obligation and
     forward your payment.

B-1

GC SERVICES LIMITED PARTNERSHIP

CALIFORNIA RESIDENTS:
THE STATE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AND THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT REQUIRE THAT, EXCEPT UNDER UNUSUAL CIRCUMSTANCES, COLLECTORS MAY NOT CONTACT YOU BEFORE 8 A.M. OR AFTER 9 P.M. THEY MAY NOT HARASS YOU BY USING THREATS OF VIOLENCE OR ARREST OR BY USING OBSCENE LANGUAGE. COLLECTORS MAY NOT USE FALSE OR MISLEADING STATEMENTS OR CALL YOU AT WORK IF THEY KNOW OR HAVE REASON TO KNOW THAT YOU MAY NOT RECEIVE PERSONAL CALLS AT WORK. FOR THE MOST PART, COLLECTORS MAY NOT TELL ANOTHER PERSON, OTHER THAN YOUR ATTORNEY OR SPOUSE, ABOUT YOUR DEBT. COLLECTORS MAY CONTACT ANOTHER PERSON TO CONFIRM YOUR LOCATION OR ENFORCE A JUDGMENT. FOR MORE INFORMATION ABOUT DEBT COLLECTION ACTIVITIES, YOU MAY CONTACT THE FEDERAL TRADE COMMISSION AT 1-877-FTC-HELP OR WWW.FTC.GOV.

★ ★ ★ ★ ★ ★ ★ ★ ★ ★ ★ ★ ★ ★ ★ ★ ★ ★ ★ ★ ★ ★ ★ ★ ★ ★ ★ ★ ★ ★ ★ ★ ★ ★ ★ ★ ★ ★ ★ ★

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.
CONSUMER INFORMATION:
UNLESS YOU, WITHIN THIRTY (30) DAYS AFTER YOUR RECEIPT OF GC SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT, DISPUTE THE VALIDITY OF THE DEBT, OR ANY PORTION THEREOF, THE DEBT WILL BE ASSUMED TO BE VALID BY GC SERVICES. IF YOU NOTIFY GC SERVICES IN WRITING WITHIN THE ABOVE DESCRIBED THIRTY (30) DAY PERIOD THAT THE DEBT, OR ANY PORTION THEREOF, IS DISPUTED, GC SERVICES WILL OBTAIN VERIFICATION OF THE DEBT OR A COPY OF A JUDGMENT AGAINST YOU AND A COPY OF SUCH VERIFICATION OR JUDGMENT WILL BE MAILED TO YOU BY GC SERVICES. UPON YOUR WRITTEN REQUEST WITHIN THE ABOVE DESCRIBED THIRTY (30) DAY PERIOD, GC SERVICES WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

THE DEMANDS FOR PAYMENT IN THIS LETTER DO NOT REDUCE YOUR RIGHTS TO DISPUTE THIS DEBT, OR ANY PORTION THEREOF, AND/OR TO REQUEST VERIFICATION WITHIN THE THIRTY (30) DAY PERIOD AS SET FORTH ABOVE.

★ ★ ★ ★ ★ ★ ★ ★ ★ ★ ★ ★ ★ ★ ★ ★ ★ ★ ★ ★ ★ ★ ★ ★ ★ ★ ★ ★ ★ ★ ★ ★ ★ ★ ★ ★ ★ ★ ★ ★

ESTE ES UN INTENTO PARA COBRAR UNA DEUDA Y CUALQUIER INFORMACION OBTENIDA SERA USADA CON ESE PROPOSITO.
INFORMACION AL CONSUMIDOR:
A MENOS QUE USTED, DENTRO DE LOS TREINTA (30) DIAS DE RECIBIR NOTIFICACION ESCRITA INICIAL RELATIVA A ESTA DEUDA, DISPUTE LA VALIDEZ DE LA DEUDA, O CUALQUIER PARTE DE LA MISMA, LA DEUDA SERA ASUMIDA COMO VALIDA POR GC SERVICES. SI USTED NOTIFICA A GC SERVICES POR ESCRITO DENTRO DEL ANTES MENCIONADO PERIODO DE TREINTA (30) DIAS, QUE LA DEUDA, O CUALQUIER PORCION DE LA MISMA, ES CUESTIONADA, GC SERVICES OBTENDRA VERIFICACION DE LA DEUDA O UNA COPIA DE DICHA VERIFICACION O DICTAMEN. SI USTED LO SOLICITA POR ESCRITO DENTRO DEL ANTES MENCIONADO PERIODO DE TREINTA (30) DIAS, GC SERVICES LE COMUNICARA EL NOMBRE Y DIRECCION DEL ACREEDOR ORIGINAL, SI FUERA DISTINTO DEL ACREEDOR ACTUAL.

LAS DEMANDAS DE PAGO DE ESTA CARTA NO REDUCEN SUS DERECHOS DE DISPUTAR ESTA DEUDA, O CUALQUIER PORCION DE LA MISMA, Y/O A SOLICITAR VERIFICACION DENTRO DEL PERIODO DE TREINTA (30) DIAS ANTES MENCIONADO.

B-2

**JS 44** (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

ANDREW T. THOMASSON and MARY JO MIAL. on Behalf of Themselves and All Others Similarly Situated

## DEFENDANTS

GC SERVICES LIMITED PARTNERSHIP, and DOES 1 through 25, inclusive

**(b)** County of Residence of First Listed Plaintiff    San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**'05 CV 0940    LAB (JFS)**

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
See Attached.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. sec. 1692 et seq.
Brief description of cause:
Defendant has violated the Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:

☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):    JUDGE _____    DOCKET NUMBER _____

DATE    05/04/2005

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 113474    AMOUNT 250—    APPLYING IFP MS    JUDGE _____    MAG. JUDGE _____

SERVICE LIST
*Thomasson and Mial v GC Services Limited Partnership*
*Southern District of California*
No.

ATTORNEYS FOR PLAINTIFF:

Elizabeth J. Arleo
LAW OFFICE OF ELIZABETH J. ARLEO
10085 Carroll Canyon Road, Suite 210A
San Diego, CA 92131
Telephone: 858/547-9800
858/547-9880 (fax)

Steven A. Wickman
LAW OFFICES OF STEVEN A. WICKMAN
591 Camino de La Reina, Suite 800
San Diego, CA 92124
Telephone:    619/291-7778
619/278-0765 (fax)

Robert L. Arleo, Esq.
225 East 79th Street, Suite 2B
New York, NY 10021
Telephone:    212/517-9967
212/517-2919 (fax)

ATTORNEYS FOR DEFENSE: