


# USDC SCAN INDEX SHEET










CAG    10/18/05    14:17

3:05-CV-00940   THOMASSON V. GC SERVICES LTD PRT

*12*

*ANS.*

COLLIER SHANNON SCOTT, PLLC
Thomas E. Gilbertsen (Pro Hac Vice)
3050 K Street, N.W., Suite 400
Washington, D.C. 20007-5108
Telephone: (202) 342-8400
Facsimile: (202) 342-8451

WRIGHT & L'ESTRANGE
A Partnership Including
Professional Corporations
 John H. L'Estrange, Jr. (SBN 049594)
San Diego, California 92101
Telephone: (619) 231-4844
Facsimile: (619) 231-6710

FILED
05 OCT 17 PM 3:47
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

Attorneys for Defendant GC Services Limited Partnership

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW T. THOMASSON, and MARY JO MIAL, On Behalf of Themselves and All Others Similarly Situated,<br><br>　　　　Plaintiffs,<br>v.<br><br>GC SERVICES LIMITED PARTNERSHIP, and DOES 1 through 25, inclusive,<br><br>　　　　Defendants. | CASE NO. 3:05cv940 LAB (BLM)<br><br>**ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT** |

　　　　Defendant GC Services L.P. ("GC Services"), as and for its Answer and Affirmative Defenses to the First Amended Complaint, states as follows:

## PRELIMINARY STATEMENT

　　　　1.　　GC Services denies that the named plaintiffs may proceed on their own behalf or on behalf of the alleged class they seek to represent, and further denies that any illegal practices are alleged or have taken place.

　　　　2.　　GC Services denies that plaintiffs have alleged violations of any state's laws, and

deny any violation of the Fair Debt Collection Practices Act ("FDCPA").  GC Services denies that plaintiffs are entitled to statutory damages or any other relief requested.

## JURISDICTION

3. Paragraph 3 of the First Amended Complaint contains legal conclusions to which GC Services is not obligated to respond, and therefore denies same.

## PARTIES

4. GC Services is without knowledge or information sufficient to admit or deny the allegations of Paragraph 4 of the First Amended Complaint, and therefore denies same.

5. GC Services is without knowledge or information sufficient to admit or deny the allegations of Paragraph 5 of the First Amended Complaint, and therefore denies same.

6. GC Services admits that it is a limited partnership formed under the laws of the State of Delaware, that it maintains a principal place of business in Houston, Texas, and that it is engaged in the interstate business of providing call center management and debt collection services, among other things, to commercial and governmental clients.  GC Services denies all remaining allegations of Paragraph 6 of the First Amended Complaint.

7. Paragraph 7 of the First Amended Complaint contains no allegations directed to GC Services, and they are therefore denied.  To the extent an answer is required, GC Services denies the existence of any unnamed DOE defendants, denies that any other persons or entities control GC Services' practices, denies that any other persons or entities engaged in the conduct alleged, denies that any illegal telephone monitoring or recording is alleged, denies that any telephone conversations with the plaintiffs were monitored or recorded, and denies that any telephone conversations were recorded with the alleged class.

8. GC Services admits that it acquired telephone equipment, but denies all allegations as to DOES 1 through 25 and all remaining factual allegations of Paragraph 8 of the First Amended Complaint.

## FACTUAL ALLEGATIONS

9. GC Services lacks sufficient information to admit or deny the allegations in Paragraph 9 of the First Amended Complaint, and it is therefore denied.

2

1  10.  GC Services lacks sufficient information to admit or deny the allegations in Paragraph 9 of the First Amended Complaint, and it is therefore denied.

3  11.  Denied.

4  12.  GC Services admits that the referenced newspaper article was published by the San Diego Tribune on or about January 13, 2005, which document speaks for itself. All remaining allegations are denied.

7  13.  Denied.

8  14.  Admit.

9  15.  GC Services denies that it actively monitors third party calls, but admits the remaining allegations of Paragraph 15 of the First Amended Complaint.

11  16.  GC Services denies that it monitors third party calls, but admits the remaining allegations of Paragraph 16 of the First Amended Complaint.

13  17.  GC Services denies that it records any telephone conversations, but admits the remaining allegations of Paragraph 17 of the First Amended Complaint.

15  18.  Admit.

16  19.  GC Services admits that it maintains calling centers within the State of California, including in San Diego and Irwindale, but denies the remaining allegations of the First Amended Complaint.

19  20.  Denied.

**FACTS REGARDING PLAINTIFF ANDREW T. THOMASSON**

21  21.  GC Services admits that plaintiff ANDREW T. THOMASSON incurred a debt to MCI Corp., but lacks information sufficient to admit or deny whether said debt was personal.

23  22.  Paragraph 22 of the First Amended Complaint states a legal conclusion to which no answer is required, and it is therefore denied.

25  23.  Admit.

26  24.  GC Services admits that plaintiff ANDREW T. THOMASSON telephoned defendant on or about April 26, 2005, but denies that the call was taken at a Baldwin Park, California call center.

1  25. GC Services lacks information sufficient to admit or deny the allegations of
2  Paragraph 25 of the First Amended Complaint, and they are therefore denied.
3  26. GC Services admits that plaintiff ANDREW T. THOMASSON was advised that
4  his call may be monitored for quality control purposes, but lacks information sufficient to admit
5  or deny the remaining allegations of Paragraph 26 of the First Amended Complaint, and they are
6  therefore denied.
7  27. GC Services admits that plaintiff ANDREW T. THOMASSON was advised that
8  his call may be monitored for quality control purposes, but lacks information sufficient to admit
9  or deny the remaining allegations of Paragraph 27 of the First Amended Complaint, and they are
10 therefore denied.
11 28. Denied.

### FACTS REGARDING PLAINTIFF REBECCA J. THOMASSON

13 29. Admit.
14 30. Denied.
15 31. Denied.

### FACTS REGARDING PLAINTIFF MACDONALD P. TAYLOR, JR.

17 32. Admit.
18 33. Admit.
19 34. Admit that the plaintiff was contacted during the alleged period, and deny all
20 remaining allegations of paragraph 34 of the First Amended Complaint.
21 35. Denied.
22 36. Denied.

### FACTS REGARDING PLAINTIFF CHENOA R. TAYLOR

24 37. Denied.
25 38. Denied.
26 39. Denied.

### POLICIES AND PRACTICES COMPLAINED OF

28 40. Denied.

4

## CLASS ALLEGATIONS

41. GC Services denies that this action may be maintained as a class action and denies that the alleged class actually exists.

42. Paragraph 42 of the First Amended Complaint contains legal conclusions to which no answer is required, and is therefore denied.

43. Paragraph 43 of the First Amended Complaint contains legal conclusions to which no answer is required, and is therefore denied. GC Services specifically denies that the alleged class is ascertainable or satisfies the numerosity element of Fed. R. Civ. P. 23.

44. Paragraph 44 of the First Amended Complaint contains legal conclusions to which no answer is required, and is therefore denied. GC Services specifically denies that common questions of fact and law predominate over individual issues presented, and denies that the alleged questions of law and fact are common to the alleged class.

45. Paragraph 45 of the First Amended Complaint contains legal conclusions to which no answer is required, and is therefore denied. GC Services specifically denies that the named plaintiffs' claims are "typical" of any other person's claims.

46. GC Services lacks information sufficient to admit or deny the allegations of Paragraph 46, and they are therefore denied.

47. Paragraph 47 of the First Amended Complaint contains legal conclusions to which no answer is required, and it is therefore denied.

## CLASS CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

**(Fair Debt Collection Practices Act)**

48. GC Services reasserts and incorporates herein by reference its answers to the allegations set forth in Paragraphs 1 through 47, as set forth above.

49. Denied.

### SECOND CAUSE OF ACTION

**(State Law Recording Claims)**

50. GC Services reasserts and incorporates herein by reference its answers to the

allegations set forth in Paragraphs 1 through 49, as set forth above.

51. Admit.

52. Denied.

53. Paragraph 53 of the First Amended Complaint contains legal conclusions to which no answer is required, and is therefore denied.

54. Denied.

55. Paragraph 55 of the First Amended Complaint contains legal conclusions to which no answer is required, and is therefore denied.

56. Paragraph 56 of the First Amended Complaint contains legal conclusions to which no answer is required, and is therefore denied.

### THIRD CAUSE OF ACTION

**(State Law Monitoring Claims)**

57. GC Services reasserts and incorporates herein by reference its answers to the allegations set forth in Paragraphs 1 through 56, as set forth above.

58. GC Services admits that in the ordinary course of its business, GC Services periodically monitors its own telephone conversations with debtors, for quality control purposes, and denies all remaining allegations of Paragraph 58 of the First Amended Complaint.

59. Denied.

60. Paragraph 60 of the First Amended Complaint contains only legal conclusions to which no answer is required, and it is therefore denied.

61. Denied.

62. Paragraph 62 of the First Amended Complaint contains only legal conclusions to which no answer is required, and it is therefore denied.

63. Denied.

### AFFIRMATIVE DEFENSES

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

The First Amended Complaint fails to state a claim for relief against GC Services.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

The First Amended Complaints asserts individual or putative class claims that are beyond the applicable statutes of limitation.

## THIRD AFFIRMATIVE DEFENSE

### (Ordinary Course of Business Exemption)

The First Amended Complaint alleges conduct that falls within the ordinary course of business exemptions of applicable state and federal law.

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel/Waiver)

The First Amended Complaint alleges conduct to which the named plaintiffs and certain putative class members consented, and/or which arose from the acts and omissions on the part of plaintiffs and certain putative class members, and plaintiffs and/or certain putative class members thereby stopped and waived any right to assert related claims against GC Services.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Join Indispensable Parties)

The First Amended Complaint asserts claims for relief that are barred for failure to join one or more indispensable parties in this action.

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The First Amended Complaint asserts claims for equitable relief that are barred, in whole or part, by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

### (Bona Fide Error)

The claims are barred, in whole or part, because GC Services maintains adequate procedures to avoid violating the law, and any conduct found to contradict those procedures was based on a *bona fide* error.

## EIGHTH AFFIRMATIVE DEFENSE

### (Due Process)

Certification of the alleged class on the basis of statutory damages alone, where no other injuries or economic losses were sustained, violates GC Services constitutional right to due process of law.

## NINTH AFFIRMATIVE DEFENSE

### (Preemption)

The asserted claims are barred under the Supremacy Clause of the United States Constitution, principles of federalism and general preemption, in whole or part, because Title III of the Omnibus Crime Control and Safe Streets Act (18 U.S.C. § 2510 *et seq.*) expressly exempts business monitoring conducted in the ordinary course of business, and preempts all state laws to the contrary.

## TENTH AFFIRMATIVE DEFENSE

### (Primary Jurisdiction)

The Federal Communications Commission has primary jurisdiction over the Second and Third Causes of Action.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Interstate and Foreign Commerce)

The claims are barred, in whole or part, by the Commerce Clause of the United States Constitution, to the extent they seek to discriminate against interstate and foreign commerce by imposing impermissible burdens on same and regulating matters occurring in states wholly outside of California.

## TWELFTH AFFIRMATIVE DEFENSE

### (Abstention)

The claims for relief set forth in the First Amended Complaint should be denied, in whole or part, under the equitable doctrine of abstention because such relief would unreasonably encroach upon federal administrative prerogatives and/or the administrative prerogatives of states other than California.

## PRAYER FOR RELIEF

WHEREFORE, defendant GC Services denies that the plaintiffs are entitled to certification of any class, denies that plaintiffs or the class are entitled to any of the statutory or equitable relief, including costs and attorney's fees, requested in the First Amended Complaint's Prayer for Relief, and respectfully requests that the Court enter judgment in defendant's favor, together with costs and such other relief as the Court may deem just and appropriate.

COLLIER SHANNON SCOTT, PLLC

-AND-

WRIGHT & L'ESTRANGE
Attorneys for defendant GC Services Limited Partnership

Dated: October 17, 2005

By: _____
John H. L'Estrange, Jr.

<u>Thomasson, et al. v. GC Services Limited Partnership</u>
U.S. District Court, Southern District, Case No. 05cv940 LAB (rlr)

**PROOF OF SERVICE BY U.S. MAIL**

I, the undersigned, declare:

I am over the age of eighteen years and not a party to the cause; I am employed in, or am a resident of, the County of San Diego, California, where the mailing occurs; and my business address is: 701 B Street, Suite 1550, San Diego, California 92101.

On October 17, 2005, I caused to be served the following document(s):

**ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT**

by placing a copy of each document in an envelope addressed to the addressee as follows:

Robert L. Arleo
Law Offices of Robert L. Arleo
225 E. 79th Street, Suite 2B
New York, New York 10021

Christopher K. Monelt
Law Offices of Christopher K. Monelt
2044 First Avenue, Suite 200
San Diego, CA 92101

Robert E. Schroth, Sr.
Robert E. Schroth, Jr.
Schroth & Schroth
2044 First Ave., #200
San Diego, CA 92101

I sealed the documents in an envelope and, with the postage thereon fully prepaid, I placed it for deposit in the United States Postal Service, this same day, at my business address shown above, following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on October 17, 2005 at San Diego, California.

_____
Michelle Schmidt