USDC SCAN INDEX SHEET

















RYC    2/7/06    16:21

3:05-CV-00940    THOMASSON V. GC SERVICES LTD PRT

*25*

*P/A.*

**ORIGINAL**



FILED

FEB - 6 2006

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____DEPUTY

1   ROBERT L. ARLEO, ESQ. (RA 7506)
2   **LAW OFFICES OF ROBERT L. ARLEO**
    1375 Broadway, Third Floor
3   New York, New York 10018
    Telephone: (646) 278-5648
4   E-Mail: r.arleo@verizon.net

5   ROBERT E. SCHROTH, SR, ESQ. (SBN 103063)
    ROBERT E. SCHROTH, JR, ESQ. (SBN 212936)
6   **SCHROTH & SCHROTH, LLC**
    2044 First Avenue, Suite 200
7   San Diego, CA 92101-2079
    Telephone: (619) 233-7521
8   Facsimile: (619) 233-4516

9
    CHRISTOPHER K. MONELT, ESQ. (SBN 224478)
10  **LAW OFFICES OF CHRISTOPHER K. MONELT**
    2044 First Avenue, Suite 200
11  San Diego, CA 92101-2079
    Telephone: (619) 233-8034
12  Facsimile: (619) 233-4516

13

14  Attorneys for Plaintiffs, ANDREW T.
    THOMASSON, REBECCA J. THOMASSON,
15  MACDONALD P. TAYLOR JR., CHENOA R.
    TAYLOR, and all others similarly situated

16

17                  **UNITED STATES DISTRICT COURT**

18                  **SOUTHERN DISTRICT OF CALIFORNIA**

19

20  ANDREW T. THOMASSON, REBECCA J.      )   CASE NO.  05cv940 LAB (CAB)
    THOMASSON, MACDONALD P. TAYLOR       )
21  JR., and CHENOA R. TAYLOR on behalf of )
    themselves and all others similarly situated, )   **PLAINTIFFS' MEMORANDUM OF**
22                                        )   **POINTS AND AUTHORITIES IN**
                  Plaintiffs,            )   **SUPPORT OF FED. R. CIV. P. 12(f)**
23                                        )   **MOTION TO STRIKE DEFENDANT GC**
          vs.                           )   **SERVICES'S AFFIRMATIVE DEFENSES**
24                                        )
    GC SERVICES LIMITED PARTNERSHIP,     )   HON. LARRY ALAN BURNS
25  and DOES 1 through 25 inclusive,     )   Dept.: Courtroom 9, Second Floor
                                         )   Hearing Date: April 24, 2006
26                Defendants.            )   Hearing Time: 10:30 a.m.
                                         )
27                                       )   Complaint Filed:  May 4, 2005
                                         )
28                                       )

-1-



# I.

## PROCEDURAL HISTORY

On May 4, 2005, Plaintiffs, ANDREW T. THOMASSON and MARY JO MIAL, individually and on behalf of all others similarly situated, filed their original complaint in this case against Defendant GC SERVICES LIMITED PARTNERSHIP (hereinafter referred to as "Defendant" or "GC SERVICES"). In that complaint, Plaintiffs alleged the following three causes of action against GC SERVICES: 1) violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692, *et seq.*; 2) violations of wiretapping/recording statutes for various states including, but not limited to, California, Connecticut, Florida, Illinois, Maryland, Massachusetts, Michigan, Montana, Nevada, New Hampshire, Pennsylvania, Washington, and Puerto Rico; and 3) violations of monitoring/eavesdropping statutes for various states including, but not limited to, California, Connecticut, Florida, Illinois, Maryland, Massachusetts, Michigan, Montana, Nevada, New Hampshire, Pennsylvania, Washington, and Puerto Rico.

On August 17, 2005, Plaintiff, ANDREW T. THOMASSON, filed a First Amended Complaint ("FAC"), which terminated Plaintiff MIAL, and which added Plaintiffs REBECCA J. THOMASSON, MACDONALD P. TAYLOR JR., and CHENOA R. TAYLOR (collectively referred to as "Plaintiffs"). All of the causes of action alleged in the original complaint remained in Plaintiffs' FAC, which seeks statutory damages for themselves and the class, costs, attorneys fees under the FDCPA, and under the statutory schemes of the various states, commonwealths, and territories. Plaintiffs' FAC further seeks injunctive relief pursuant to the applicable laws of the various states, commonwealths, and territories.

Defendant GC SERVICES filed its Answer to Plaintiffs' FAC on October 17, 2005. In its Answer, the Defendant insufficiently pleaded numerous affirmative defenses.

On November 23, 2005, GC SERVICES filed a Fed. R. Civ. P. 12(c) Motion for Judgment on the Pleadings as to the second and third causes of action (i.e. the wiretapping violations) contained in Plaintiffs' FAC. Defendant's Motion for Judgment on the Pleadings essentially raises the Ninth (Preemption) and Tenth Affirmative Defenses (Primary Jurisdiction) as set forth in its Answer to the Plaintiffs' FAC. Plaintiffs timely filed their opposition to GC

1   SERVICES'S Motion for Judgment on the Pleadings on January 3, 2006, and Defendant GC

2   SERVICES filed its reply on January 10, 2006.  The Court subsequently took the hearing on

3   Defendant's Motion for Judgment on the Pleadings off calendar and the matter presently

4   remains under submission by the Court.

5           On January 23, 2006, Robert E. Schroth, Jr., Esq., one of the attorneys of record for

6   Plaintiffs, sent a letter to the attorneys for Defendant GC SERVICES requesting that they either

7   amend their answer to cure their defectively pleaded affirmative defenses, or to informally

8   provide the Plaintiffs with some facts to support said affirmative defenses.  Attached hereto as

9   Exhibit "A" is a true and correct copy of the foregoing letter sent by Robert E. Schroth, Jr. Esq.

10  to counsel for Defendant GC SERVICES.  To date, Defendant GC SERVICES has refused to

11  respond to Plaintiffs' foregoing letter or to otherwise informally provide the factual information

12  concerning its subject affirmative defenses as requested by Plaintiffs.

13                                         **II.**

14                                **LEGAL ARGUMENT**

15          A party may move to strike an answer of a defendant within 20 days after service of the

16  pleading upon the party, or upon the court's own initiative.  Fed. R. Civ. P. 12(f).  "[T]he court

17  may order stricken from any pleading any insufficient defense or any redundant, immaterial,

18  impertinent, or scandalous matter."  *Id.*  The sufficiency of one or more of an answer's

19  affirmative defenses may be tested by way of a motion to strike.  *California v. United States*,

20  512 F.Supp. 36, 38 (N.D. Cal. 1981) and *United States v. Palmer*, 28 F.Supp. 936, 937

21  (S.D.N.Y. 1931).  Affirmative defenses should be stricken where they are insufficient as a

22  matter of law.  *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 577 F.2d

23  1045, 1057 (5th Cir. 1982).

24          "Irrelevant" matter should be stricken from an answer where it "...could have no

25  possible bearing on the subject matter of the litigation." *LeDuc v. Kentucky Central Life Ins.*

26  *Co.*, 814 F.Supp. 820, 830 (N.D. Cal. 1992).  "Immaterial" matter should be stricken where it

27  has no bearing on the controversy before the court. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524,

28  1527 (9th Cir. 1993), reversed on other grounds by 510 U.S. 517, 534-535 (1994).  When

                                            -3-

1   testing the legal sufficiency of a claimed affirmative defense, the court need not provide any

2   notice or opportunity to be heard as extrinsic facts and evidence may not be weighed. *United*

3   *States v. 416.81 Acres of Land*, 514 F.2d 627, 630 (7th Cir. 1975).  The moving party need not

4   show prejudice for the court to utilize its discretion in granting a motion to strike aimed at one

5   or more affirmative defenses. *Fantasy, Inc.*, 984 F.2d at 1528.  This is particularly true where

6   litigating factually or legally insufficient affirmative defenses would result in a waste of time

7   and money for the court or the litigants. *Id.*

8        Affirmative defenses are subject to the general pleading requirements of Fed. R. Civ. P.

9   8(a), which "generally requires only a short and plain statement" of the defense asserted.  Fed.

10   R. Civ. P. 8 and 9.  Like complaints, affirmative defenses must give plaintiff "fair notice" of the

11   defense being advanced. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979).

12   Although an answer does not need to include a detailed statement of the allegedly applicable

13   affirmative defenses, a defendant is required to state more than mere conclusory allegations.

14   *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294-95 (7th Cir. 1989).

15   Accordingly, when an affirmative defense is comprised of no more than "conclusory"

16   allegations, it must be stricken. *Fleet Bus. Credit Corp. v. National City Leasing Corp.*, 191

17   F.R.D. 568, 570 (N.D. Ill. 1999).

18        Federal pleading rules were promulgated to assure an opposing party was provided "fair

19   notice" of claims, including affirmative defenses.  5 Wright & Miller, *Federal Practice and*

20   *Procedure* § 1274, (1990).  It is insufficient for a party to plead affirmative defenses merely

21   declaring that a particular is claim barred, in whole or part, "by the doctrine of laches" and "by

22   the doctrines of waiver and estoppel...." *Fleet Bus. Credit Corp.*, 191 F.R.D. at 569-570.

23                                          **A.**

24   **SEVERAL OF GC SERVICE'S AFFIRMATIVE DEFENSES SHOULD BE STRICKEN**
     **BECAUSE THEY ARE DEFECTIVELY PLEADED UNDER FED. R. CIV. P. 8 & 9**
25

26        The following affirmative defenses found in GC Services' Answer to Plaintiffs' First

27   Amended Complaint in this case are defective for failure to provide a concise statement

28   sufficient to place the Plaintiffs on notice of the claimed defense:

                                          -4-

1

2

### THIRD AFFIRMATIVE DEFENSE
### (Ordinary Course of Business Exemption)

3

4

The First Amended Complaint alleges conduct that falls within the ordinary course of business exemptions of applicable state and federal law.

5

6

### FOURTH AFFIRMATIVE DEFENSE
### (Estoppel/Waiver)

7

8

9

10

The First Amended Complaint alleges conduct to which the named plaintiffs and certain putative class members consented, and/or which arose from the acts and omissions on the part of plaintiffs and certain putative class members, and plaintiffs and/or and certain putative class members thereby stopped and waived any right to assert related claims against GC Services.

11

12

### FIFTH AFFIRMATIVE DEFENSE
### (Failure to Join Indispensable Parties)

13

14

15

The First Amended Complaint asserts claims for relief that are barred for failure to join one or more indispensable parties in this action.

16

17

### SIXTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

18

19

The First Amended Complaint asserts claims for equitable relief that are barred, in whole or part, by the doctrine of unclean hands.

20

### SEVENTH AFFIRMATIVE DEFENSE
### (Bona Fide Error)

21

22

23

The claims are barred, in whole or part, because GC Services maintains adequate procedures to avoid violating the law, and any conduct found to contradict those procedures was based on a *bona fide* error.

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

-5-

1

1.    **GC SERVICES'S Third Affirmative Defense of "Ordinary Course of Business Exemption" Fails to Relate Any Facts Thereby Rendering the Entire Defense Immaterial and Irrelevant**

2

3

4

In its third affirmative defense, GC SERVICES states that the Plaintiffs' FAC alleges

5

some facts giving rise to the "Ordinary Course of Business Exemption of applicable state and

federal law."  [Answer, 7:7-8].   However, Defendant has utterly failed state to which of

6

Plaintiffs' particular claim(s) for relief this affirmative defense applies.   Nor has Defendant

7

alleged the particular portions of "applicable state or federal law" from which this "defense"

8

arises, or which facts alleged in the FAC give rise to this "defense."   Without more, the

9

Plaintiffs are simply left to guess as to the applicability of this particular affirmative defense.

10

Accordingly, Plaintiffs do not have fair notice as to the factual or legal basis for this

11

alleged defense and will be greatly prejudiced not only in law and motion and trial preparation,

12

but also in testing the sufficiency of the Defendant's Fed. R. Civ. P. 26 discovery disclosures.

13

Indeed, Defendant GC SERVICES failed to provide Plaintiffs any information related this

14

affirmative defense in its Rule 26 disclosures, and then subsequently refused the Plaintiffs'

15

informal request for this information; thus, precipitating the need for Plaintiffs' instant motion

16

to strike.   In light of the Defendant's failures of pleading, conduct, and the prejudice to the

17

Plaintiffs resulting therefrom, the Defendant's third affirmative defense should be stricken

18

without leave to amend.

19

2.    **GC SERVICES'S Fourth Affirmative Defense of "Estoppel/Waiver" Fails to Relate Any Facts Thereby Rendering the Entire Defense Immaterial and Irrelevant**

20

21

22

In its fourth affirmative defense, GC SERVICES states that the Plaintiffs and members

23

of the putative class have alleged conduct in their FAC, or have acted or failed to act in *some*

24

manner, which precludes them from stating the claims for relief as set forth in the FAC.

25

[Answer, 7:11-14].   A reference to a doctrine, like a reference to statutory provisions, is

26

insufficient to provide "fair notice" to a plaintiff. *Qarbon.com, Inc. v. eHelp Corp.*, 315

27

F.Supp.2d 1046, 1049-1050 (N.D. Cal. 2004).  [holding that merely alleging the doctrines of

28

waiver, estoppel, and unclean hands as an affirmative defense without any factual averments or

-6-

1    setting forth the elements does not provide a plaintiff with "fair notice" of the basis of the

2    defense]. *See also, Sun Microsystems, Inc. v. Dataram Corp.*, 1997 U.S. Dist. LEXIS 4557

3    (N.D. Cal. 2004).   [holding that a defendant has provided plaintiff with "fair notice" by

4    sufficiently setting forth the elements of the estoppel defense].

5         Here, GC SERVICES simply refers to the doctrines of estoppel and waiver without

6    either:  1) stating which type -- or several types -- of estoppel it seeks to assert; or 2) alleging

7    even a single essential element required supporting such a defense.  Furthermore, the Defendant

8    has again failed state to which of Plaintiffs' particular claim(s) for relief this affirmative defense

9    applies, to specify the particular conduct to which it refers, or to otherwise state in any

10   meaningful manner the way in which such conduct, if any, actually estopps the Plaintiffs and

11   the putative class from brining such claims.

12        Without more, these "bare-bones" conclusions fail to provide the Plaintiffs with "fair

13   notice" of Defendant's actually claimed affirmative defenses and cause prejudice to the

14   Plaintiffs' preparation for discovery and trial.  Defendant GC SERVICES failed to provide

15   Plaintiffs any information related this affirmative defense in its Rule 26 disclosures, and then

16   subsequently refused the Plaintiffs' informal request for this information; thus, precipitating the

17   need for Plaintiffs' instant motion to strike.  Accordingly, the Defendant's fourth affirmative

18   defense should likewise be stricken.

19
         **3.      GC SERVICES'S Fifth Affirmative Defense of "Failure to Join**
20                 **Indispensable Parties" Fails to Relate Any Facts Thereby Rendering the**
21                 **Entire Defense Immaterial and Irrelevant**

22        In its fifth affirmative defense, Defendant GC SERVICES has stated that Plaintiffs failed

23   to join an indispensable party.  However, GC SERVICES has not identified the party, stated

24   how such a party, if any, is indispensable, and has further failed to identify the cause of action,

25   if any, to which this defense applies.  Moreover, GC SERVICES failed to provide Plaintiffs any

26   information related this affirmative defense in its Rule 26 disclosures, and then subsequently

27   refused the Plaintiffs' informal request for this information; thus, precipitating the need for

28   Plaintiffs' instant motion to strike.

1   In the absence of additional information, this defense is also a mere "bare bones"

2   conclusion without any demonstrated relevance or materiality to these claims.  The pleading

3   defects and failure of relevance and materiality are fatal to this defense and it should, therefore,

4   be stricken without leave to amend.

5      **4.    GC SERVICES'S Sixth Affirmative Defense of "Unclean Hands" Fails to**

6         **Relate Any Facts Thereby Rendering the Entire Defense Immaterial and**

7         **Irrelevant**

8   With this affirmative defense, GC SERVICES has stated that the Plaintiffs and the

9   putative class have "unclean hands" and should thus be unable to recover on the claims set forth

10   in their FAC.  Simply put, it is insufficient for a party to plead affirmative defenses merely

11   declaring that a particular is claim barred, in whole or part, "by the doctrine of laches" and "by

12   the doctrines of waiver and estoppel...."  *Fleet Bus. Credit Corp.*, 191 F.R.D. at 569-570;

13   *Qarbon.com, Inc. v. eHelp Corp.*, 315 F.Supp.2d at 1049-1050.  This logic equally applies to

14   the doctrine of "unclean hands" because it too requires some statement of facts -- no matter how

15   concise -- to support the affirmative defense and provide "fair notice" to the plaintiff.

16   GC SERVICES failure to properly plead this affirmative defense makes it both

17   irrelevant and immaterial in that GC has once again failed to demonstrate how this particular

18   defense might actually apply to the instant lawsuit.  GC SERVICES failed to provide Plaintiffs

19   any information related this affirmative defense in its Rule 26 disclosures, and then

20   subsequently refused the Plaintiffs' informal request for this information; thus, precipitating the

21   need for Plaintiffs' instant motion to strike.

22   In the absence of such information, the Plaintiffs are again at a tremendous disadvantage

23   in terms of preparation for law and motion and trial, including prejudice, which would result

24   during discovery, given GC SERVICES'S failure and refusal to notify the Plaintiffs promptly of

25   how this claimed defense relates to this case, if at all.  Without more, as was done in *Fleet Bus.*

26   *Credit Corp.*, this affirmative defense should be stricken and this Court should not provide leave

27   to Defendant to amend its answer.

28   / / /

-8-

**B.**

## GC SERVICES'S NINTH AND TENTH AFFIRMATIVE DEFENSES OF PREEMPTION AND PRIMARY JURISDICTION FAIL AS A MATTER OF LAW

In its ninth and tenth affirmative defenses, GC SERVICES states:

### NINTH AFFIRMATIVE DEFENSE
**(Preemption)**

> The asserted claims are barred under the Supremacy Clause of the United States Constitution, principles of federalism and general preemption, in whole or part, because Title III of the Omnibus Crime Control and Safe Streets Act (18 U.S.C. § 2510 *et* seq.) expressly exempts business monitoring conducted in the ordinary course of business, and preempts all state laws to the contrary.

### TENTH AFFIRMATIVE DEFENSE
**(Primary Jurisdiction)**

> The Federal Communications Commission has primary jurisdiction over the Second and Third Causes of Action.

Plaintiffs respectfully request that the Court also strike Defendant GC SERVICES'S ninth and tenth affirmative defenses in the event it denies Defendant's Fed. R. Civ. P. 12(c) Motion for Judgment on the Pleadings on the basis that Plaintiffs' state law claims, as set forth in the second and third causes of action in Plaintiffs' FAC, are not preempted by federal law.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

-9-

## III.

## CONCLUSION

**WHEREFORE**, Plaintiffs individually, and on behalf of all others similarly situated, prays that the Court grant their Fed. R. Civ. P. 12(c) Motion to Strike Defendant GC SERVICES'S third, fourth, fifth, sixth, seventh, ninth, and tenth affirmative defenses contained in the Defendant's Answer to Plaintiffs' FAC or, in the alternative, to such affirmative defenses of GC SERVICES as the Court deems just and proper, without leave to amend.

DATED:  February 6, 2006       **LAW OFFICES OF ROBERT L. ARLEO**

            - AND -

      **LAW OFFICES OF CHRISTOPHER MONELT**

            - AND -

      **SCHROTH & SCHROTH**

By: _____
      ROBERT E. SCHROTH, JR, ESQ.

      Attorneys for Plaintiffs, ANDREW T.
      THOMASSON, REBECCA J. THOMASSON,
      MACDONALD P. TAYLOR JR., CHENOA R.
      TAYLOR, and all others similarly situated

-10-

# EXHIBIT "A"

# SCHROTH & SCHROTH, LLC

*Attorneys At Law*

Robert E. Schroth Sr.

Robert E. Schroth Jr.

*2044 First Avenue*
*Suite 200*
*San Diego, California 92101*

*610 West Broadway*
*P.O. Box 8827*
*Jackson Hole, Wyoming 83001*

(619) 233-7521
*Fax* (619) 233-4516
www.schrothandschroth.com

(307) 733-5610
*Fax* (307) 733-1058

January 23, 2006

      Also Sent via Facsimile to (619) 231-6710

Mr. John H. L'Estrange, Esq.
Wright & L'Estrange
701 B Street, Suite 1550
San Diego, CA 92101

       RE:  Thomasson, et al. v. GC Services LP, et al.
          Case No. 05cv940 (BLH) (cab)

Dear Mr. L'Estrange:

      This letter is in response to your telephone call earlier this afternoon, and Mr. Gilbertsen's correspondence dated January 11, 2006, in which each of you have requested that I sign a protective order to govern the treatment and disclosure of confidential information disclosed during discovery of the above-entitled action.. Please be advised that I have discussed your request with my clients and, for a variety of reasons, they have instructed me not to sign your proposed protective order at this time. My clients have further instructed me to immediately commence discovery of their case.

      Mr. Arleo and I are presently in the process of preparing our initial discovery requests in this matter. It is our hope to streamline discovery in this action. In an effort to accomplish this feat, we request that your client stipulate to allow Plaintiffs to conduct additional discovery of their case beyond that which is allowed under the Federal rules. We also request that your client stipulate to allow the use of videotaped depositions, which we anticipate will commence sometime in late February or early March 2006. Please let me know by January 25, 2006, if your client is willing to agree to our foregoing proposed stipulations concerning discovery. Otherwise, we will have no other alternative except file a motion for leave court to conduct additional discovery and conduct videotaped depositions.

      As an additional matter, I feel it is important to note that your client's filed Answer is replete with affirmative defenses that are insufficiently pleaded pursuant to Federal Rules 8 & 9. Specifically, the following affirmative defenses in GC Services' Answer to Plaintiffs' First Amended Complaint in this case are defective for failure to provide a concise statement sufficient to place the Plaintiffs on notice of the claimed defense: 1) Fourth Affirmative Defense ("Estoppel/Waiver"); 2) Fifth Affirmative Defense ("Failure to Join Indispensable Parties"); 3) Sixth Affirmative Defense ("Unclean Hands"); and 4) Seventh Affirmative Defense ("Bona Fide Error"). Please note that, like complaints affirmative defenses must give a plaintiff "fair notice" of the defense being advanced. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979).

John H. L'Estrange, Esq.
January 23, 2006
Page 2

Although an answer does not need to include a detailed statement of the allegedly applicable affirmative defenses, a defendant is required to state more than mere conclusory allegations. *Heller Financial, Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1294-95 (7th Cir. 1989). Federal pleading rules were promulgated in order to assure an opposing party was provided "fair notice" of claims, including affirmative defenses. 5 Wright & Miller, *Federal Practice and Procedure* § 1274, (1990).

At present time, the above defectively pleaded affirmative defenses have unfairly prejudiced the Plaintiffs' ability to conduct proper discovery of their case and your client's purported defenses. Initially, we thought that you would provide us with the factual bases supporting your client's defenses during our Rule 26 disclosures; however, you did not do so. Accordingly, we request that your client either file an amended answer to cure the above deficiencies or, alternatively, provide us with a statement of the facts to support these defenses. Of particular importance to us at this time, is an understanding as to the identity of the "indispensable parties" you allege the Plaintiffs failed to join in this action, which are presumably some of GC Services' business partners and clients.

The Plaintiffs are willing to stipulate to allowing your client additional time in which to file an amended answer. Please let me know by January 25, 2006, whether your client will voluntarily amend or provide us with some facts to support the above affirmative defenses. Otherwise, we will have no choice except to file a motion to strike these defenses.

Thank you in advance for your prompt attention to this matter. Please do not hesitate to contact me directly if you should have any questions or need additional information. In the meantime, I look forward to hearing from you in short order.

Sincerely,
SCHROTH & SCHROTH

Robert E. Schroth, Jr., Esq.

cc:    Thomas E. Gilbertsen, Esq.
       (VIA - FACSIMILE ONLY)

       Robert L. Arleo, Esq.
       (VIA – ELECTRONIC MAIL ONLY)

       Andrew T. Thomasson
       Rebecca J. Thomasson
       MacDonald P. Taylor
       Chenoa R. Taylor
       (VIA – U.S. MAIL ONLY)