USDC SCAN INDEX SHEET










```
KAJ      5/4/06      8:25
3:05-CV-00940    THOMASSON V. GC SERVICES LTD PRT
*42*
*DECL.*
```

ROBERT L. ARLEO, ESQ. (RA 7506)
**LAW OFFICES OF ROBERT L. ARLEO**
1375 Broadway, Third Floor
New York, New York 10018
Telephone: (646) 278-5648
E-Mail: r.arleo@verizon.net

ROBERT E. SCHROTH, SR, ESQ. (SBN 103063)
ROBERT E. SCHROTH, JR, ESQ. (SBN 212936)
**SCHROTH & SCHROTH**
2044 First Avenue, Suite 200
San Diego, CA 92101-2079
Telephone: (619) 233-7521
Facsimile: (619) 233-4516

Attorneys for Plaintiffs, ANDREW T. THOMASSON, REBECCA J. THOMASSON, MACDONALD P. TAYLOR JR., CHENOA R. TAYLOR and all others similarly situated

FILED
06 MAY -3 PM 4:34
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW T. THOMASSON, REBECCA J. THOMASSON, MACDONALD P. TAYLOR JR., and CHENOA R. TAYLOR on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GC SERVICES LIMITED PARTNERSHIP, and DOES 1 through 25 inclusive,<br><br>Defendants. | CASE NO. 05cv940 LAB (CAB)<br><br>**DECLARATION OF ROBERT L. ARLEO IN SUPPORT OF PLAINTIFFS'** *EX-PARTE* **APPLICATION FOR AN ORDER EXTENDING DATES SET BY COURT'S CMC ORDER** |

I, Robert L. Arleo, Esq., being duly sworn and deposed declare as follows:

1. I am an attorney duly licensed to practice law before all the courts of the State of New York, and I am presently appearing in this matter via *pro hac vice*. Together with my co-counsel in this matter, the law firm of Schroth & Schroth, we are attorneys of record for Plaintiff ANDREW T. THOMASSON. I am over 18 years of age and have personal first hand

-1-



1  knowledge of the facts contained herein and if called upon to do so, I could and would
2  competently and truthfully testify to the same under oath.

3      2.    This declaration is submitted in support of the *ex-parte* application brought by
4  Plaintiffs Rebecca Thomasson and Andrew Thomasson to extend the deadlines for (a) joining
5  other parties, amending pleadings, and/or to file additional pleadings; and (b) moving for class
6  certification.

7      3.    Since the entry of this Court's order dated March 1, 2006, which sets as May 3,
8  2006 as the deadline to take the above-referenced actions, Defendant GC Services has produced
9  documents to the Plaintiffs in compliance with the Plaintiffs' demand for the same. This
10 production occurred after entry of a protective order on those documents. Based upon the
11 contents of certain of those documents, the Plaintiffs assert that they have good cause for
12 extending the above-referenced deadlines.

13     4.    The Defendant has produced certain form documents entitled "GCS
14 TELEPHONE MONITOR REVIEW." Said documents were compiled by the Defendant during
15 the course of telephone conversations which occurred between certain debt collectors employed
16 by the Defendant and persons who were alleged to be indebted to the entities retained by the
17 Defendant for collection of debts. These documents confirm that numerous, *easily identifiable*
18 members of the putative class had their respective telephone conversations with the Defendant's
19 employees monitored by other, supervisory personnel employed by GC Services.

20     5.    Furthermore, the Defendant has admitted to monitoring at least 200 telephone
21 calls with debtors located within the State of California. However, in response to the allegations
22 set forth in the First Amended Complaint on file herein, the Defendant alleges: (a) that the
23 telephone conversations engaged in by the Thomasson plaintiffs were, allegedly, not monitored
24 and/or recorded by the Defendant; and (b) all persons who engage in such telephone
25 conversations with GC SERVICES-employed debt collectors are, again allegedly, duly advised
26 that such conversations may be monitored or recorded.

27     6.    Despite the claims and defenses raised by the Defendant, neither of the
28 Thomasson plaintiffs were ever advised that their telephone conversations with GC Services-

1  employed debt collectors may or would be monitored. *See* Declarations of Andrew Thomasson
2  and Rebecca Thomasson, contemporaneously filed with this declaration. Therefore, in order to
3  address the issues presented by this claim, and the claims and defenses raised by the Defendant,
4  it is imperative that the Plaintiffs be afforded the opportunity to interview each putative class
5  member whose telephone conversations were -- admittedly -- monitored by the Defendant.
6  These persons have vital information relevant to issues and defenses raised by the Defendant.

7      7.    It is a virtual certainty that some members of the putative class will request to be added to this action as additional class representatives, and that other persons employed by the Defendant will be added as Defendants based upon their engagement in the monitoring of telephone conversations.

    8.    Based upon the facts and law set forth in the accompanying memorandum of points and authorities, the Plaintiffs have an absolute right to interview each putative class member whose telephone conversations were monitored. The Defendant admits to having monitored such calls.

    9.    Accordingly, for the reasons set forth herein, and in the contemporaneously filed supporting documents, the deadlines for joining parties, amending pleadings and/or filing additional pleadings, and to file a motion for class certification, must be extended.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct. Executed on this 3rd day of May, 2006, at New York, New York.

*[signature]*
ROBERT L. ARLEO

Thomasson, et. al. v. GC Services
05cv940 LAB (CAB)