















KAJ    6/9/06    15:08
3:05-CV-00940    THOMASSON V. GC SERVICES LTD PRT
*55*
*M.*

MAY-24-06 WED 01:32 PM    ROBERT L ARLEO        FAX:5185895459            · PAGE  1

FILED

2006 JUN -8 PM 3: 08

·OUTHERN DISTICT OF CALIF...

BY_____DEPUTY

***ROBERT L. ARLEO, ESQ.***
1375 Broadway, Third Floor
New York, New York 10018

Telephone: (646) 278-5648

Email R.Arleo@verizon.net

May 24, 2006

Honorable Cathy Bencivengo
Magistrate Judge, United States District Court
Southern District of California
880 Front Street, Courtroom E
San Diego, CA  92101
via fax to: (619) 702-9991

Re: Thomasson et al. v. GC Services Limited Partnership
Case No. 05 cv 940 LAB (CAB)

Dear Magistrate Judge Bencivengo:

As Your Honor knows the Plaintiffs seek the names, addresses and telephone numbers of all those persons whose telephone conversations, with debt collectors employed by the Defendant GC Services, were monitored. At the initial telephone conference with Your Honor, which occurred on May 18, 2006, I referenced to the matter of Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 98 S.Ct. 2380 (1978). Therein the United States Supreme Court expressly recognized that discovery has often been used to focus on issues which a federal district court must consider in deciding whether a suit should proceed as a class action, including the issues of numerosity, commonality and adequacy of representation. Indeed, the Plaintiffs named in the above-entitled action will testify that neither were advised that their telephone conversations, with debt collectors employed by the Defendant GC Services, *may* be monitored. Therefore, those persons whose telephone conversations were monitored need to be contacted by the Plaintiffs herein for the purpose of determining whether each was advised that the telephone conversations may be monitored. This issue, at the heart of the herein action, relates directly to the class issues of typicality, commonality and adequacy of representation.

In Oppenheimer the Supreme Court stated:

"We do not hold that class members' names and addresses never can
be obtained under the discovery rules. There may be instances where
this information could be relevant to issues that arise under Rule 23....
or where a party has reasons to believe that *communicating with some
members of the class could yield information bearing on these and*

2

*other issues"* (italics added).

Federal case law further dictates that courts have allowed Plaintiffs in a putative class action to use discovery to obtain the identities of other class members in order to provide evidence of a policy and practice engaged in by a Defendant which relates to the legal issues at the center of the action. See Babbitt v. Albertson's Inc., 1992 U.S.Dist. LEXIS 19091 (N.D. Cal.). The Plaintiffs in a class action styled suit therein sought to compel the Defendant therein to provide the names, addresses, telephone numbers and social security numbers of members of the putative class as defined therein. In ordering the Defendant to provide this information the court based its rationale upon the fact that the requested information could lead to the discovery of admissible evidence relevant to the class certification issue.

Despite the foregoing authority, which clearly establishes that the Plaintiffs herein have an absolute right to the names, addresses and telephone numbers of those putative class members whose telephone conversations were monitored, my co-counsel and I agreed to Your Honor's desire to have a form questionnaire letter sent to the putative class members through a third-party entity. In accord with said desire, and in the attempt to expedite the questioning of the putative class members, I drafted and distributed a form questionnaire letter in conjunction with Your Honor's directive. However, at the telephone conference which occurred on May 22, 2006, Thomas Gilbertsen, counsel for the Defendant, vigorously objected to the inclusion of any reference to the above-entitled action and to the inclusion of other vital information designed to advise the recipient of the subject letter as to why the letter was sent. Furthermore, Mr. Gilbertsen continually advised Your Honor that he would object to any responses to the letter as "biased". He undertook these obstructive tactics after forwarding a letter dated May 22, 2006 ("the May 22nd letter") to Your Honor containing references to certain California case precedent. For the reasons set forth immediately below, said California case authority actually *supports* the Plaintiff's request to be provided with the names, addresses and telephone numbers of the putative class members

Paragraph One of the May 22nd letter is mostly surplusage and irrelevant to a determination of the issues presently before Your Honor. Hence, no response is warranted.

Paragraph Two of the May 22nd letter fails to reference an entire progeny of federal and state cases which hold that class counsel may have direct precertification communication with putative class members without court approval. See Parris v. Superior Court, (2003) 109 Cal. App. 4th at 296, 299-3900; relying on Bernard v. gulf Oil Co., 619 f.2d 459, 463 (5th Cir. 1980) aff'd on other grounds sub nom. Gulf Oil Co. v. Bernard, 452 U.S. 89, 99 (1981).

In his May 22nd letter Mr. Gilbertsen further failed to inform Your Honor that precertification communication with potential class members is speech protect by the First Amendment and Cal. Const. art. I sec. 2(a) and requires *no prior court approval*. Id. This law is well-settled in California. Judicial approval for such communications constitutes an impermissible prior restraint of protected speech and, absent specific evidence of abuse, an order prohibiting or

3

limiting communication with potential class members by the parties to a putative class action is an invalid prior restraint. Id.

Paragraph Three of the May 22nd letter contains inconsistent and unsupported legal conclusions, each of which is addressed in turn below.

As to Sub-Conclusion (1), Mr. Gilbertsen states that the Plaintiff's proposed letter misrepresents the status of the pending action, allegedly causing confusion and adverse effects upon the administration of justice by "informing the recipient that there is a lawsuit pending against GC Services." Nonsense. The Plaintiffs' statements concerning their pending lawsuit are *absolutely true and accurate*. Thus, there is no misrepresentation and it is, therefore, entirely unclear how Plaintiffs' proposed statements could cause confusion in any manner or affect the administration of justice. Mr. Gilbertsen's conclusion on this matter is simply unsupported by the facts.

Moreover, none of the cases cited in the May 22md letter support the proposition that it is an improper violation of neutrality for the letter to "inform recipients that there is a lawsuit pending against GC Services." In fact, the cases cited by Mr. Gilbertsen hold quite the opposite, i.e. that such a letter *must* inform the potential class members that there is a lawsuit pending and to explain the nature of the case and issues involved therein to class members. Reference is made to the Best Buy, Experian Information Solutions, and Howard Gunty Profit Sharing cases cited in the May 22nd letter. In short, Mr. Gilbertsen has mislead Your Honor regarding the *actual* holdings of these cases.

As to Sub-Construction(2). Again, Mr. Gilbertsen alleges the proposed letter misrepresents the status of the pending action and otherwise causes confusing and adverse effect by "inappropriately stating that GC Services 'improperly" monitored and/or recorded telephone conversations." Nonsense. These statements, *concerning the allegations contained in the pending lawsuit*, are true.

As to Sub-Conclusion(3), i.e. that "reciting the laws that GC Services allegedly violated" runs afoul of the "principals" cited", the Plaintiffs are again at a loss. The Plaintiffs' legal theories are a matter of *public record*. Beyond said fact, the legal theories are actually those promulgated by the Plaintiffs. As such, no misrepresentation has occurred.

The Best Buy case cited in the May 22md letter is of similar origin and equally distinguishable. Said case concerned the propriety of a claim advanced by a Plaintiff who was also serving as the sole class counsel therein. Furthermore, the trial court in said case had preliminarily denied class certification. The letter at issue in that case was retooled in light of the foregoing facts. However, the purpose in said case was to find a new class representative and to comply with ethical implications involved in same. Additionally, the privacy considerations involved in said case were simply different than those issues in this case. As stated above, the Plaintiffs herein do not seek any private or confidential information concerning the putative class

4

members. Consequently, the <u>Best Buy</u> case is inapposite to the facts of this case and, therefore, of no use to Your Honor.

   During the May 22nd telephone conference Mr. Gilbertsen continually stated that he will object to the form letter as "biased" and "non-neutral". In fact, it is clear that Mr. Gilbertsen is seeking to exploit our agreement to have a form letter sent through an administrator. However, based upon the actions of Mr. Gilbertsen, and upon the powerful case precedent referenced heretofore herein, the Plaintiffs now withdraw their acquiescence to the form letter sent by a third-party and respectfully request that Your Honor order the Defendants to immediately provide a list of the names, addresses and telephone numbers of those persons whose telephone conversations were monitored.

   As stated above, the Plaintiffs do not seek vital information, *which only the Defendant and its employees possess*, such as social security number, checking account number, date of birth, mother's maiden names, place of employment, etc. However, notwithstanding this fact, I take *strong* exception to the continued personal attacks upon me by defense counsel. Your Honor can rest assured that the privacy rights of those putative class members will be absolutely protected. I have represented consumers for over 15 years. I teach Consumer Law in my capacity as Adjunct Professor of Law at Thomas Jefferson School of Law. I previously taught Legal Ethics at New York University, School of Continuing Education, Department of Law and Taxation. In sum, there is absolutely no risk to the putative class members. In fact, the above-entitled action was commenced to *protect* important rights.

                                             Respectfully submitted,

                                             Robert L. Arleo

RLA:gra
enclosures
cc: Andrew T. Thomasson
    Rebecca J. Thomasson
    Robert E. Schroth, Jr.
    Christopher Saldana
    Thomas Gilbertsen, Esq. via fax to 202.342.8451
    John L'Estrange, Esq. via fax to 619.231.6710