USDC SCAN INDEX SHEET










```
KAJ     7/3/06     13:36
3:05-CV-00940    THOMASSON V. GC SERVICES LTD PRT
*84*
*M.*
```

ROBERT L. ARLEO, ESQ. (Pro Hac Vice)
**LAW OFFICES OF ROBERT L. ARLEO**
1375 Broadway, Third Floor
New York, NY 10018
Telephone: (646) 278-5648
E-Mail: r.arleo@verizon.net

ROBERT E. SCHROTH, SR, ESQ. (SBN 103063)
ROBERT E. SCHROTH, JR, ESQ. (SBN 212936)
**SCHROTH & SCHROTH**
2044 First Avenue, Suite 200
San Diego, CA 92101-2079
Telephone: (619) 233-7521
Facsimile: (619) 233-4516

Attorneys for Plaintiffs, ANDREW T.
THOMASSON, REBECCA J. THOMASSON,
and all others similarly situated

FILED
JUN 3 0 2006
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW T. THOMASSON, REBECCA J. THOMASSON, KENNETH GLASPIE, and ANNIE LEE GLASPIE on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GC SERVICES LIMITED PARTNERSHIP, and DOES 1 through 25 inclusive,<br><br>Defendants. | CASE NO. 05cv940 LAB (CAB)<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION PURSUANT TO FED. R. CIV. P. 23**<br><br>HON. LARRY ALAN BURNS<br>Dept.: Courtroom 9, Second Floor<br>Hearing Date: September 11, 2006<br>Hearing Time: 10:30 a.m. |

TO ALL PARTIES, AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 11, 2006, at 10:30 a.m., in the United States Courthouse located at 940 Front Street, San Diego, California 92101, Courtroom 9, Second Floor, Plaintiffs, ANDREW T. THOMASSON, REBECCA J. THOMASSON,

-1-

KENNETH GLASPIE, and ANNIE LEE GLASPIE (collectively referred to as "Plaintiffs"), on their own behalf and on behalf of the class they seek to represent, will and hereby do move this Court for an order pursuant to Federal Rule of Civil Procedure 23(g) certifying Plaintiff's first, second, and third causes of action for class treatment, appointing class counsel, and approving the named Plaintiffs as adequate class representatives of the classes defined below.

Specifically, the Plaintiffs move this Court for an order that:

1. Certifies this action as a class action on behalf of Plaintiffs, and all other persons similarly situated, as follows:

(a) <u>As to the First Cause of Action:</u> A subclass composed of Plaintiffs, ANDREW T. THOMASSON, REBECCA J. THOMASSON, KENNETH GLASPIE, and ANNIE LEE GLASPIE, and all other California residents who, at anytime between May 4, 2004, and the date of certification, were a party to at least one telephone communication with a debt collector employed by Defendant GC SERVICES (hereinafter "Defendant" or "GC SERVICES"), concerning the collection of a debt, alleged or otherwise, that was monitored or recorded by GC SERVICES without the consent of each party to the communication.

(b) <u>As to the First Cause of Action:</u> A subclass composed of Plaintiffs, ANDREW T. THOMASSON, REBECCA J. THOMASSON, KENNETH GLASPIE, and ANNIE LEE GLASPIE, and all other residents of the United States who, at anytime between May 4, 2004, and the date of certification, were a party to at least one telephone communication with a debt collector employed by Defendant GC SERVICES within the State of California, concerning the collection of a debt, alleged or otherwise, that was monitored or recorded by GC SERVICES without the consent of each party to the communication.

(c) <u>As to the Second Cause of Action:</u> A subclass composed of Plaintiffs, ANDREW T. THOMASSON, REBECCA J. THOMASSON, KENNETH GLASPIE, and ANNIE LEE GLASPIE, and all other California residents who, at anytime between May 4, 2004, and the date of certification, were a party to at least one telephone communication with an employee of Defendant GC Services concerning the payment of money, which conversation was monitored by Defendant GC SERVICES, without the consent of each party to the communication.

(d) <u>As to the Second Cause of Action:</u> A subclass composed of Plaintiffs, ANDREW T. THOMASSON, REBECCA J. THOMASSON, KENNETH GLASPIE, and ANNIE LEE GLASPIE, and all other persons, who at anytime between May 4, 2004, and the date of

-2-

certification, were a party to at least one telephone communication with an employee of Defendant GC SERVICES, located within the State of California, concerning the payment of money, that was monitored by Defendant GC SERVICES without the consent of each party to the communication.

(e) <u>As to the Third Cause of Action:</u>  A subclass composed of Plaintiffs, ANDREW T. THOMASSON, REBECCA J. THOMASSON, KENNETH GLASPIE, and ANNIE LEE GLASPIE, and all other California residents who, at anytime between May 4, 2004, and the date of certification, were a party to at least one telephone communication with an employee of GC SERVICES, concerning the payment of money, which conversation was recorded by Defendant GC SERVICES without the consent of each party to the communication.

(f) <u>As to the Third Cause of Action:</u>  A subclass composed of Plaintiffs, ANDREW T. THOMASSON, REBECCA J. THOMASSON, KENNETH GLASPIE, and ANNIE LEE GLASPIE, and all other residents of the United States who, at anytime between May 4, 2004, and the date of certification, were a party to at least one telephone communication with an employee of GC SERVICES located in the State of California, concerning the payment of money, which conversation was recorded by GC SERVICES without the consent of each party to the communication.

2. Appoints Robert L. Arleo, Esq., Robert E. Schroth Sr. Esq., and Robert E. Schroth Jr. Esq. as class counsel as provided by Federal Rule of Civil Procedure 23(g).

3. Directs that an appropriate notice of the certification of this class action be given to the members of class, as set forth above, pursuant to Federal Rule of Civil Procedure 23(c)(2)(A); directs that such notice be made by First Class U.S. Mail and the internet via a posting on GC SERVICES'S website; and approves the proposed form of notice attached to this motion as Exhibit "A".

The grounds for this motion are as follows:

1. The proposed class and subclasses, as set forth and described above, consists of at least two-hundred forty (240) members and, therefore, is so numerous that joinder of all members is impracticable.

-3-

2.  The issues of surreptitiously monitoring and recording the telephone communications of individuals by Defendant GC SERVICES, without the consent of each party to the subject communication, are common to all members of the proposed classes.

3.  The Plaintiffs' claims are typical of the claims of the other class members.

4.  The Plaintiffs will vigorously prosecute this action and will fairly and adequately represent the interests of the class.

5.  The common questions of law and fact predominate over the questions of law or fact affecting only individual members because this litigation involves claims that are based on a uniform and unvaried presentation to each of the class and subclass members. The presentation is either violative of the law to all members or it is not. There are neither individual issues of special knowledge nor any unique defenses for any class members. The damages for each cause of action are fixed by statute and, therefore, will apply uniformly to each affected class member.

6.  The class action form of litigation is superior to other available methods for the fair and efficient adjudication of the controversy because a single litigation will provide superior and more efficient relief for all the thousands of members of the class. Indeed, individual litigation involving relatively small amounts of money, with duplicate costs for thousands of individual investigations, repetitive formal discovery, and redundant trial preparation and trial will not be productive or efficient.

7.  The accompanying Application of Robert E. Schroth Sr., Esq., Robert E. Schroth Jr., Esq. to Serve as Class Counsel, and the Supporting Declarations, show that this Court has willing and qualified candidates for appointment as class counsel in this action in that each has:

   (a) spent considerable time investigating and researching class claims;

   (b) considerable experience in complex litigation, including class-action litigation;

   (c) committed, and is willing to commit, considerable resources to the prosecution of this action; and

   (d) fully and fairly represented the interests of the class in this action to date.

///
///

-4-

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, on the accompanying evidence which includes the Declarations of Robert L. Arleo, Esq., Robert E. Schroth Sr. Esq., Robert E. Schroth Jr., Esq. and the Declarations of Plaintiffs ANDREW T. THOMASSON and REBECCA J. THOMASSON, and the pleadings and papers already on file in this action.

DATED: June 30, 2006

SCHROTH & SCHROTH
- and -
LAW OFFICES OF ROBERT L. ARLEO

By: _____
ROBERT E. SCHROTH, JR, ESQ.

Attorneys for Plaintiffs, ANDREW T. THOMASSON, REBECCA J. THOMASSON, and all others similarly situated

-5-

Thomasson, et. al. v. GC Services
05cv940 LAB (CAB)

1  ROBERT L. ARLEO, ESQ. (Pro Hac Vice)
   **LAW OFFICES OF ROBERT L. ARLEO**
2  225 East 79th Street, Suite 2B
3  New York, NY 10021
   Telephone: (212) 517-9967
4  Facsimile: (212) 517-2919

5  ROBERT E. SCHROTH, SR, ESQ. (SBN 103063)
   ROBERT E. SCHROTH, JR, ESQ. (SBN 212936)
6  **SCHROTH & SCHROTH**
7  2044 First Avenue, Suite 200
   San Diego, CA 92101-2079
8  Telephone: (619) 233-7521
   Facsimile: (619) 233-4516
9

10 Attorneys for Plaintiffs, ANDREW T.
   THOMASSON, REBECCA J. THOMASSON,
11 and all others similarly situated

12

13                 UNITED STATES DISTRICT COURT

14                SOUTHERN DISTRICT OF CALIFORNIA

15
   | ANDREW T. THOMASSON, REBECCA J. | CASE NO. 05cv940 LAB (CAB) |
16 | THOMASSON, MACDONALD P. TAYLOR  |                             |
   | JR., and CHENOA R. TAYLOR on behalf of |                       |
17 | themselves and all others similarly situated, |                |
   |                                 | **PROOF OF SERVICE BY U.S. MAIL** |
18 |             Plaintiffs,         |                             |
19 |             vs.                 | HON. LARRY ALAN BURNS       |
   |                                 | Dept.: Courtroom 9, Second Floor |
20 | GC SERVICES LIMITED PARTNERSHIP, | Hearing Date: September 11, 2006 |
   | and DOES 1 through 25 inclusive, | Hearing Time: 10:30 a.m.   |
21 |                                 |                             |
   |             Defendants.         | Complaint Filed: May 4, 2005 |
22

23

24     I, Ian Schroth, declare as follows:

25     I am, and was at the time of service of the papers herein referred to, over the age of 18

26 years, and not a party to the action. I am employed in the County of San Diego, California,

27 within which county the subject service occurred. My business address is 2044 First Avenue,

28 Suite 200, San Diego, California 92101.

                                      - 6 -

On June 30, 2006, I served the following document(s):

1. **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION PURSUANT TO FED. R. CIV. P. 23**

2. **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR CLASS CERTIFICATION PURSUANT TO FED. R. CIV. P. 23**

3. **DECLARATION OF ROBERT E. SCHROTH, SR. IN SUPPORT**

4. **DECLARATION OF ROBERT E. SCHROTH, JR. IN SUPPORT**

5. **DECLARATION OF ROBERT L. ARLEO IN SUPPORT**

6. **DECLARATION OF ANDREW T. THOMASSON IN SUPPORT**

7. **DECLARATION OF REBECCA J. THOMASSON IN SUPPORT**

[ XX ]    BY MAIL as follows:

[XX]  By placing a copy thereof for delivery by FIRST CLASS MAIL in a separate envelope addressed to each addressee, respectively listed on the attached mailing list.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on the same day with postage thereon fully prepaid at San Diego, California, in the ordinary course of business. I am aware that, on motion of the party served, service is presumptively invalid if the postal cancellation date or postage meter date is more than once day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on this 30th day of June, 2006, at San Diego, California.

*[signature]*
Ian Schroth

**Andrew T. Thomasson, et. al. v. GC Services Limited Partnership**
**United States District Court, Southern District of California,**
**Case No. 05cv940 LAB (CAB)**

## SERVICE LIST

<u>Attorneys for Defendant</u>
<u>GC SERVICES LIMITED PARTNERS</u>

LEWIS, BRISBOIS, BISGAARD & SMITH, L.L.P.
Tim J. Vanden Heuvel, Esq.
R. Gaylord Smith, Esq.
550 West "C" Street, Suite 800
San Diego, CA 92101-3540

KELLEY DRYE & WARREN, L.L.P.
Thomas E. Gilbertsen, Esq.
3050 K Street, N.W., Suite 400
Washington, D.C. 20007-5108

WRIGHT & L'ESTRANGE
John H. L'Estrange, Jr., Esq.
701 B. Street, Suite 1550
San Diego, CA 92101