USDC SCAN INDEX SHEET

















```
KAJ     7/6/06     15:26
3:05-CV-00940    THOMASSON V. GC SERVICES LTD PRT
*91*
*P/A.*
```

ROBERT L. ARLEO, ESQ. (Pro Hac Vice)
**LAW OFFICES OF ROBERT L. ARLEO**
1375 Broadway, Third Floor
New York, New York 10018
Telephone: (646) 278-5648
E-Mail: r.arleo@verizon.net

ROBERT E. SCHROTH, SR, ESQ. (SBN 103063)
ROBERT E. SCHROTH, JR, ESQ. (SBN 212936)
**SCHROTH & SCHROTH**
2044 First Avenue, Suite 200
San Diego, CA 92101-2079
Telephone: (619) 233-7521
Facsimile: (619) 233-4516

Attorneys for Plaintiffs, ANDREW T. THOMASSON, REBECCA J. THOMASSON, and all others similarly situated

FILED
2006 JUL -5 PM 4:30

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW T. THOMASSON, REBECCA J. THOMASSON, MACDONALD P. TAYLOR JR., and CHENOA R. TAYLOR on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GC SERVICES LIMITED PARTNERSHIP, and DOES 1 through 25 inclusive,<br><br>Defendants. | CASE NO. 05cv940 LAB (CAB)<br><br>**POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>HON. LARRY ALAN BURNS<br>Dept.: Courtroom 9, Second Floor<br>Hearing Date: September 11, 2006<br>Hearing Time: 10:30 a.m. |

### POINTS AND AUTHORITIES IN SUPPORT

This Court set a deadline of June 30, 2006 as the last date the parties may move to file amended pleadings or to supplement pleadings with additional parties. (Doc. No. 41). As this Court is undoubtedly aware, the parties have become mired in a highly contentious struggle over discovery matters. This struggle has led to the filing of multiple motions to compel and myriad informal discussions concerning disputed issues. As a result, the Plaintiffs have been

unable until now to ascertain all information necessary to file a complete second amended complaint.

The proposed second amended complaint ("SAC") essentially makes four changes:

(1) The proposed SAC adds party defendants previously fictitiously named DOE defendants. Specifically, the SAC adds the constituent partners of existing Defendant GC SERVICES LIMITED PARTNERSHIP;

(2) The proposed SAC adds as party defendants all managers of the Defendant that were identifiable through discovery who undertook the actions complained of in the SAC;

(3) The proposed SAC adds two representative plaintiffs who are willing and eager to serve the interests of the class; and

(4) The SAC pares down the scope of the previously defined class concerning the non-Fair Debt Collection Practices Act claims. Specifically, the new proposed class definition (concerning the California Invasion of Privacy Act claims only) includes all California residents affected by the Defendant's conduct and all non-California residents affected by conduct of GC SERVICES employees working for the company in California.

These amendments to the first amended complaint were possible only after the Plaintiffs received in discovery the names of some of the managers involved in the alleged unlawful conduct and the names of some of the individuals affected by the facts set forth in the first amended complaint. As to the latter, the Plaintiffs only received said information within the last few weeks. Accordingly, the Plaintiffs bring this motion to amend their first amended complaint on the strength of newly discovered information.

**ARGUMENT**

Fed. R. Civ. P. 15(a) provides, in pertinent part: "...a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Established case law holds that leave to amend a complaint should be freely granted in the absence of bad faith, prejudice, delay, futility or

1 stalling tactics. Granting of the opportunity to a Plaintiff to amend a complaint is within the discretion of the federal District Court. *Foman v. Davis*, 371 U.S. 178 (1962).

A plaintiff may amend to include matters that would properly have been brought in initial complaint. *Martinez v Safeway Stores, Inc.*, 66 F.R.D. 446 (N.D. Cal. 1975). This Court's scheduling order concerning deadlines for amended pleadings effectively sets the deadline for amendments under Rule 15. *Jackson v Laureate, Inc.*, 186 F.R.D. 605 (E.D. Cal. 1999). Even when adding parties, which typically also implicates Rules 20 and 21, the analysis is the same as under Rule 15. *Adams v. Quattlebaum*, 219 F.R.D. 195, 197 (D. D. C. 2004).

In this case, no stipulation between the parties was undertaken; it is thus solely within this Court's discretion to allow the amendment requested. All matters stated in the SAC were also included in the first amended complaint. The only substantive differences actually make the case less complicated and potentially expose the Defendants to less liability, than under the first amended complaint. The "new" defendants, really are not new at all. Each was previously a fictitiously named defendant prior to this proposed amendment. Thus, each is properly included in this action. Defendant GC Services is the only entity which knows for certain the identities of all persons who could conceivably become plaintiffs or members of the class. Thus, there is no prejudice in adding representative plaintiffs of which Defendant GC Services was (at least) constructively aware.

As more fully set forth in the accompanying declaration of Robert E. Schroth, Jr., this amendment was not proposed for any bad faith purpose, prejudice, or delay. As stated above, with this amendment, this case becomes less complicated which should be a welcome development to all involved. The "new" defendants are previously named DOE defendants, so there is no prejudice. And, finally, the new representative plaintiffs were – at a minimum – known to Defendant GC Services as persons affected by its conduct. These amendments were all proposed by the deadline set by this Court's scheduling order. Hence, there is no prejudice to any Defendant.

## CONCLUSION

For all these reasons, the Plaintiffs respectfully request that leave be granted them to file their proposed Second Amended Complaint.

DATED: July 7, 2006

SCHROTH & SCHROTH
- and -
LAW OFFICES OF ROBERT L. ARLEO

By: *[signature]*
ROBERT E. SCHROTH, JR, ESQ.

Attorneys for Plaintiffs, ANDREW T. THOMASSON, REBECCA J. THOMASSON, and all others similarly situated