USDC SCAN INDEX SHEET

















KAJ    8/18/06    9:18

3:05-CV-00940    THOMASSON V. GC SERVICES LTD PRT

*113*

*P/A.*

ROBERT L. ARLEO, ESQ. (Pro Hac Vice)
**LAW OFFICES OF ROBERT L. ARLEO**
1375 Broadway, Third Floor
New York, NY 10018
Telephone: (646) 278-5648
E-Mail: r.arleo@verizon.net

ROBERT E. SCHROTH, SR, ESQ. (SBN 103063)
ROBERT E. SCHROTH, JR, ESQ. (SBN 212936)
*SCHROTH & SCHROTH*
2044 First Avenue, Suite 200
San Diego, CA 92101-2079
Telephone: (619) 233-7521
Facsimile:  (619) 233-4516

Attorneys for Plaintiffs, ANDREW T.
THOMASSON, REBECCA J. THOMASSON,
and all others similarly situated

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW T. THOMASSON, REBECCA J. THOMASSON, MACDONALD P. TAYLOR JR., and CHENOA R. TAYLOR on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> GC SERVICES LIMITED PARTNERSHIP, and DOES 1 through 25 inclusive, <br><br> Defendants. | CASE NO.  05cv940 LAB (CAB) <br><br> **PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EX-PARTE* APPLICATION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR CLASS CERTIFICATION PURSUANT TO FED. R. CIV. P. 23(c)** <br><br> <u>Class Certification Hearing</u> <br> Judge: Hon. Larry Alan Burns <br> Dept.: Courtroom 9, Second Floor <br> Hearing Date:  September 11, 2006 <br> Hearing Time:  10:30 a.m. |

The  Plaintiffs,  ANDREW  T.  THOMASSON  and  REBECCA  J.  THOMASSON

(collectively the "Plaintiffs" or the "Thomassons"), by and through their attorneys of record in

this matter, submit this memorandum of points and authorities in support of their *ex-parte*

application for leave of this Court to file a supplemental memorandum of points and authorities

-1-

in support of their pending motion for class certification.   The Plaintiffs' application is supported by three distinct arguments:

1. Defense counsel has stated that the Defendant plans to discuss *Kearney v. Salomon Smith Barney*, Inc., 2006 Cal. LEXIS 8362, No. S124739 (Cal. July 13, 2006) in its opposition memorandum and therefore is not prejudiced by the filing of this supplemental mmemorandum;

2. New decisional law affects the outcome of the pending motion for class certification and should be considered by the Court prior to its ruling on the motion; and

3. New facts developed by the Plaintiffs bear upon the factors set forth in Fed. R. Civ. P. 23 and, therefore, should also be considered by the Court prior to ruling on the pending motion for class certification.

Each contention is treated separately below.

## A.   THE DEFENDANT SUFFERS NO PREJUDICE FROM HAVING TO RESPOND TO POINTS AND A SOLE PERSUASIVE AUTHORITY GIVEN ITS INTENTION OF DOING SO IN ITS OWN PAPERS

During Plaintiffs' counsel's meet and confer with defense counsel, John H. L'Estrange, Jr., Mr. L'Estrange balked at the suggestion of the parties submitting to the Court a jointly authored brief on the implications of *Kearney* to this case.  Instead, defense counsel stated the Defendant intended to discuss the *Kearney* decision in its opposition memorandum in response to Plaintiffs' motion for class certification.  Given that the Defendant has no interest in submitting a joint memorandum, and that the Defendant is already planning to discuss *Kearney* in its own papers, no prejudice arises from the Court allowing the Plaintiffs to file the proposed supplemental memorandum in support of class certification.

Even if prejudice were evident, which it is not, the Court may still enlarge the time for a response where cause is shown.  *See generally* Fed. R. Civ. P. 6(b).  Because the Defendant waited until forced to comply with an order to compel before providing discoverable information on the identities of putative class members, the Plaintiffs were unable to collate the factual information included in the supplemental brief.  This information was necessary to fully explain the relevance of the *Kearney* decision to the claims for which Plaintiffs request class

1    certification. None of this information was immediately available because Plaintiffs were

2    required to send letters to putative class members since many of their telephone numbers were

3    no longer operative. Thus, it was impossible for Plaintiffs to properly brief these issues until

4    after *Kearney* and after they had received responsive correspondence from putative class

5    members. Accordingly, the Plaintiffs could not conceivably filed this application and proposed

6    brief and sooner than now.

7    **B.    NEW DECISIONAL LAW SHOULD BE CONSIDERED PRIOR TO RULING**

8    **ON THE PENDING MOTION FOR CLASS CERTIFICATION**

9    The Plaintiffs filed their initial moving papers for class certification on June 30, 2006,

10    consistent with this Court's scheduling order. On July 13, 2006, the California Supreme Court

11    rendered and published its landmark decision in the case of *Kearney v. Salomon Smith Barney*,

12    Inc., 2006 Cal. LEXIS 8362, No. S124739 (Cal. July 13, 2006).

13    The *Kearney* decision clarifies with great force the state of the law regarding claims

14    under the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code §§630, *et seq..*

15    *Kearney* must therefore be considered by the Court with respect to any determination made

16    concerning the putative class's claims under CIPA as it is the ultimate pronouncement from

17    California's highest court on issues related to those claims. Indeed, there are a number of

18    reasons the California Supreme Court's decision in *Kearney* is important to the ultimate

19    determination of this case on the merits.

20    First, *Kearney* unequivocally states that each of the Plaintiffs' theories of recovery

21    pursuant to the California Invasion of Privacy Act (as pled both in the First Amended Complaint

22    and the proposed Second Amended Complaint) are viable as a matter of law. Specifically:

23    1.    The Plaintiffs may recover statutory damages for all offending calls placed by

24    GC Services from its California offices to other individuals, whether the recipients of said calls

25    were located in California or *any other state*. Stated another way, persons calling from

26    California are required to follow California law, irrespective of whom they call, whether those

27    call recipients are located within California or elsewhere. *Kearney*, 2006 Cal. LEXIS 8362 at

28    *4-*5, *50, *67-*68. This point is directly responsive to the Defendant's repeated claims that

this can only be a California-specific case.        -3-

2.      The Plaintiffs may recover statutory damages for all offending calls placed to a GC Services office in California by individuals located in California, or any other place. *Kearney*, 2006 Cal. LEXIS 8362 at *4-5, *50, *67-*68.  Again, GC Services is required to follow the law in California when it is operating within the State.

3.      The Plaintiffs are absolutely allowed to recover statutory damages for all offending calls made by GC Services from *any other state* into the State of California, so long as the calls occurred on or after July 13, 2006.  *Kearney*, 2006 Cal. LEXIS 8362 at *78-*79. The Plaintiffs may pursue injunctive relief on such calls occurring prior to July 13, 2006 in order to force the Defendant to cease its illegal activity.   The Plaintiffs may also recover statutory damages on calls occurring prior to July 13, 2006 to the extent GC Services did not act in reasonable reliance on the laws of another state when making these types of calls.[1]  This too directly answers GC Services claim that this area of law is unsettled and that a nationwide class action cannot be maintained as alleged in the SAC. The Plaintiffs' class definitions are entirely consistent with the post-*Kearney* state of the law.

4.      The California Supreme Court also made clear in its landmark decision that an objective test is used to determine whether "confidential communications" have been eavesdropped upon.  *Kearney*, 2006 Cal. LEXIS 8362 at *47, citing with approval *Flanagan v. Flanagan*, 27 Cal.4th 766, 772-777 (Cal. 2002).  This test was announced by the California Supreme Court to mean the actual content of the conversation is irrelevant.  One can speak about any subject at all.  So long as any reasonable caller would expect to be notified at the inception of the phone call that he or she could be monitored or recorded, the conversation contains a confidential communication.   Hence, no particularized or individual proof is necessary to prove that claim and the subjective knowledge or belief of the actual caller is irrelevant.

---

[1] It remains to be seen whether GC Services can make such an argument as it is not explicitly set forth as an affirmative defense in GC Services' answer.  (*See* Doc. No. 12). Nevertheless, it is at worst a question to be resolved on the facts of this case, assuming *arguendo* that GC Services is allowed to raise the defense at all at this late stage. *Kearney*, 2006 Cal. LEXIS 8362 at *78-79.

This is important because the Defendant is expected to argue that the Thomassons "should have known" they were being monitored, due to previous contact with collection companies. This argument now fails as a matter of law. Indeed, the *Kearney* Court even stated that "confidential communications" are particularly easy to find in the contexts such as this because all those dealing with California customers, or California collectors dealing with others, are required to follow California law. Hence, when such an affected individual is not provided the advisement prior to monitoring or recording, a CIPA violation has occurred as a matter of law.

For each of the foregoing reasons, the Plaintiffs find it important to alert of Court of the *Kearney* decision and to submit arguments concerning the same.

## C.   NEWLY DISCOVERED FACTS AFFECT THE PENDING MOTION FOR CLASS CERTIFICATION

Subsequent to the filing deadline for Plaintiffs' class-certification motion, additional facts were uncovered from additional persons who appear to be putative class members. Specifically, the Plaintiffs received pursuant to Magistrate Bencivengo's Order to Compel a list of persons the Defendant admits it has monitored. (*See* Doc. No. 58). The Plaintiffs communicated in writing with those individuals and received copious amounts of information relevant to the motion for class certification.[2] This information includes, but is not limited to:

(1)    None of the affected individuals recall having been advised prior to being monitored or recorded;

(2)    All considered their communications private and confidential;

(3)    All of the affected individuals were asked to supply private contact and financial information in order to "identify" themselves for GC Services; and

---

[2] It should also be noted that the Plaintiffs have been contacted by other individuals who have suffered the same injuries, but who were not listed in the Defendant's response to the Court's Order to Compel.                                              -5-

1              (4)              Most suffered harassment at the hands of GC Services' collectors.

2          Each of these facts amounts to a showing regarding the pattern and practice of the

3    Company regarding the business practices sued upon.  The additional facts yield a veritable

4    treasure trove of information confirming the Plaintiffs' allegations that no advisement is

5    provided prior to monitoring or recording by GC Services.  This pattern and practice is relevant

6    to the motion for class certification because it demonstrates that no individualized or

7    particularized showing is necessary at trial as the putative class members have suffered common

8    injuries stemming from repetitive actions.

9          The additional pattern of harassment suffered by putative class members, and resulting

10   motivation to prosecute this case, confirms the identity of interests between the chosen class

11   representatives and those class members who have not appeared in the action.  In short, the Fed.

12   R. Civ. P. 23 requirements are now met even more clearly than previously stated in the

13   Plaintiffs' opening papers.  If this information had been available before the initial papers were

14   filed, it would have been included.  It should now be considered by the Court to ensure a full

15   and robust record for determination of the merits of the motion.  Accordingly, the Plaintiffs

16   request that this application be granted and that the Clerk of Court be ordered to file "Exhibit A"

17   to the Declaration of Robert E. Schroth, Jr. as the Plaintiffs' supplemental brief in support of

18   their pending motion for class certification.

19   DATED: August 17, 2006                        **SCHROTH & SCHROTH**
                                                                    - and -
20                                                         **LAW OFFICES OF ROBERT L. ARLEO**

21

22                                                    By:_____

23                                                         ROBERT E. SCHROTH JR., ESQ.
                                                         Attorneys for Plaintiffs
24

25

26

27

28

-6-

1   ROBERT L. ARLEO, ESQ. (Pro Hac Vice)
    **LAW OFFICES OF ROBERT L. ARLEO**
2   225 East 79th Street, Suite 2B
    New York, NY 10021
3   Telephone: (212) 517-9967
4   Facsimile: (212) 517-2919

5   ROBERT E. SCHROTH, SR, ESQ. (SBN 103063)
    ROBERT E. SCHROTH, JR, ESQ. (SBN 212936)
6   SCHROTH & SCHROTH
7   2044 First Avenue, Suite 200
    San Diego, CA 92101-2079
8   Telephone: (619) 233-7521
    Facsimile: (619) 233-4516
9

10  Attorneys for Plaintiffs, ANDREW T.
    THOMASSON, REBECCA J. THOMASSON,
11  and all others similarly situated

12

13                  **UNITED STATES DISTRICT COURT**

14                 **SOUTHERN DISTRICT OF CALIFORNIA**

15  ANDREW T. THOMASSON, REBECCA J.       ) CASE NO.  05cv940 LAB (CAB)
    THOMASSON, MACDONALD P. TAYLOR        )
16  JR., and CHENOA R. TAYLOR on behalf of )
17  themselves and all others similarly situated, )
                                          ) **PROOF OF SERVICE BY U.S. MAIL**
18              Plaintiffs,               )
                                          )
19         vs.                            ) **Class Certification Hearing**
                                          ) Judge:  Hon. Larry Alan Burns
20  GC SERVICES LIMITED PARTNERSHIP, and ) Date:    September 11, 2006
    DOES 1 through 25 inclusive,          ) Time:    10:30 a.m.
21                                        ) Place:   Courtroom 9, Second Floor
                Defendants.               )
22  _____)

23

24         I, Ian Schroth, declare as follows:

25         I am, and was at the time of service of the papers herein referred to, over the age of 18 years,

26  and not a party to the action.  I am employed in the County of San Diego, California, within which

27  county the subject service occurred.    My business address is 2044 First Avenue, Suite 200, San

28  Diego, California 92101.

                                    - 1 -

On August 17, 2006, I served the following document(s):

1. **PLAINTIFFS' ,MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EX-PARTE* APPLICATION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR CLASS CERTIFICATION PURSUANT TO FED. R. CIV. P. 23(e);**

2. **DECLARATION OF ROBERT E. SCHROTH, JR. IN SUPPORT OF PLAINTIFFS' *EX-PARTE* APPLICATION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR CLASS CERTIFICATION;**

3. **NOTICE OF LODGMENT OF FOREIGN AUTHORITIES IN SUPPORT OF PLAINTIFFS' *EX-PARTE APPLICATION* FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR CLASS CERTIFICATION.**

[ XX ] BY MAIL as follows:

[XX]   By placing a copy thereof for delivery by FIRST CLASS MAIL in a separate envelope addressed to each addressee, respectively listed on the attached mailing list.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on the same day with postage thereon fully prepaid at San Diego, California, in the ordinary course of business. I am aware that, on motion of the party served, service is presumptively invalid if the postal cancellation date or postage meter date is more than once day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on this 17th day of August, 2006, at San Diego, California.

Ian Schroth

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Andrew T. Thomasson, _et. al._ v. GC Services Limited Partnership**
**_United States District Court, Southern District of California,_**
**Case No. 05cv940 LAB (CAB)**

**SERVICE LIST**

Attorneys for Defendant
GC SERVICES LIMITED PARTNERS

LEWIS, BRISBOIS, BISGAARD & SMITH, L.L.P.
Tim J. Vanden Heuvel, Esq.
R. Gaylord Smith, Esq.
550 West "C" Street, Suite 800
San Diego, CA 92101-3540

KELLEY DRYE & WARREN, L.L.P.
Thomas E. Gilbertsen, Esq.
Dawn Murphy-Johnson, Esq.
Daniel S. Blynn, Esq.
3050 K Street, N.W., Suite 400
Washington, D.C. 20007-5108

WRIGHT & L'ESTRANGE
John H. L'Estrange Jr., Esq.
701 B. Street, Suite 1550
San Diego, CA 92101

- 3 -