UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW T. THOMASSON; and REBECCA J. THOMASSON, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GC SERVICES LIMITED PARTNERSHIP; and DOES 1 through 25, inclusive,<br><br>Defendants. | Civil No.   05cv0940-LAB (CAB)<br><br>**ORDER REGARDING DEPOSITION OF KENNETH ALLENDER AND MARLON SHELL** |

On August 30, 2006, the Court issued an Order compelling Defendant GC Services to produce eight managers in Defendant's Los Angeles office for deposition no later than September 15, 2006. [Doc. No. 126.] The managers had been noticed for deposition months earlier and were not produced. The Court ordered their depositions go forward and set a deadline for completion of the depositions, but the September 15, 2006 deadline given by the Court was not cross-referenced with the availability of the witnesses.

The depositions were then scheduled to take place, four witnesses a day, on September 14 and 15, 2006. According to his declaration, defense counsel Thomas Gilbertsen, Esq., contacted GC Services' in-house counsel on September 5, 2006 to advise him that the Court had ordered the depositions go forward no later than September 15, 2006. On September 8, 2006, Mr. Gilbertson confirmed with his client and Plaintiff's counsel that the eight managers would be available on the

scheduled dates. On September 13, 2006, however, Mr. Gilbertsen learned that two of the noticed deponents, Mr. Kenneth Allender and Mr. Marlon Shell were in fact not available for deposition.

Mr. Allender was terminated by Defendant prior to the issuance of the Court's Order compelling his deposition. Consequently, on the day of the deposition, GC Services was no longer in a position to produce Mr. Allender as he is no longer an employee and under Defendant's control. Moreover, Mr. Allender is reportedly in custody on charges unrelated to this lawsuit. The Court's Order compelling GC Services to produce Mr. Allender for deposition is hereby RESCINDED. If Plaintiff wishes to depose Mr. Allender, Plaintiff will have to subpoena him, when he is available.

Mr. Shell was unavailable due to a previously scheduled vacation. As the Court did not consult with counsel about the availability of the witnesses when it issued its August 31, 2006 Order, Mr. Shell's unavailability is excused. There is no indication that Mr. Shell's absence was the result of anything other than a scheduling conflict. Plaintiff scheduled eight depositions for a two-day period. Six of the eight depositions took place, and there is no indication that Mr. Shell's unavailability in any way obstructed Plaintiffs' ability to proceed with the other depositions. Mr. Shell is now available for deposition, and Defendant will produce him in San Diego, or some other mutually agreed upon location, for deposition at the first available date.

**IT IS SO ORDERED.**

DATED: October 3, 2006

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge