UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW T. THOMASSON; and REBECCA J. THOMASSON, on behalf of themselves and others similarly situated,<br><br>                        Plaintiffs,<br><br>      v.<br><br>GC SERVICES LIMITED PARTNERSHIP; and DOES 1 through 25, inclusive,<br><br>                       Defendants. | Civil No.     05cv0940-LAB (CAB)<br><br><br>**ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION TO COMPEL FURTHER DEPOSITION TESTIMONY OF PLAINTIFF ANDREW THOMASSON** |

Before the Court is Defendant GC Services' Motion to Compel Deposition Answers of Plaintiff Andrew Thomasson, submitted directly to chambers on August 11, 2006.  Plaintiff submitted his opposition on September 12, 2006.  Defendant submitted a reply on September 19, 2006.  The Court finds this motion suitable for determination on the papers submitted and without oral argument in accordance with Civil Local Rule 7.1(d)(1).

## I.  Background

On August 17, 2005, Plaintiffs filed a First Amended Class Action Complaint against Defendant GC Services, alleging that Defendant, a debt collection agency, violated the Fair Debt Collection Practices Act and certain state laws, by monitoring and/or recording conversations between its employees and debtors or alleged debtors and not informing the debtor or alleged debtor that the call might be monitored or recorded.  Defendant filed an answer on October 17, 2005 denying the allegations of the complaint.

On July 18, 2006, Defendant took the deposition of Plaintiff Andrew Thomasson.  During the course of his deposition, Mr. Thomasson was instructed by his counsel, Robert Schroth, Sr., Esq., not to answer a number of questions on the basis of attorney-client privilege and attorney work product protection.  Defendant contends the instruction was improper and moves the Court for an order reconvening Mr. Thomasson's deposition and compelling Mr. Thomasson to answer certain of those questions.[1]  Defendant also seeks as sanctions the costs of bringing this motion and the costs of the renewed deposition.

## II.  Discussion

Defendant moves for responses to three deposition questions that Mr. Thomasson was instructed not to answer.  In each instance, Defendant contends it was seeking to discover facts supporting the allegations of the complaint, and Mr.Thomasson was instructed not to answer because he learned the supporting facts from his counsel.  Defendant argues the instruction was improper and it is entitled to the factual information known to Mr. Thomasson regardless of whether he learned the facts from his counsel.

Plaintiff argues that Mr. Thomasson fully and completely answered each of the questions at issue based on his own personal knowledge and withheld only that information that was learned by his attorneys and their staff through their own investigation of the case and disclosed to him during confidential communications.  (Pl.'s Opp. 5.)  Plaintiff, however, could not properly withhold relevant factual information based on privilege.

A party may not withhold relevant facts from disclosure simply because they were communicated to, or learned from, the party's counsel.  The privilege does not protect facts that an attorney conveys to his client.  *Kansas Wastewater, Inc. v. Alliant Techsystems, Inc.*, 217 F.R.D. 525, 528 (D. Kan. 2003).  The attorney-client privilege does not extend to facts known to a party that are central to that party's claims, even if such facts came to be known through communications with counsel who had obtained knowledge of those facts through an investigation into the underlying dispute.  *B.C.F. Oil Refining, Inc., v. Consol. Edison Co. of N.Y., Inc.*, 168 F.R.D. 161, 165 (S.D.N.Y. 1996).  Facts gathered by counsel in

---

[1]  Defendant also seeks the production of Mr. Thomasson's fee agreement in this matter; however, the Court already addressed that issue in a separate discovery order and will not address it again in this Order.

05cv0940

the course of investigating a claim or preparing for trial are not privileged and must be divulged if requested in the course of proper discovery.  Opposing counsel is entitled to obtain through discovery the names of witnesses, facts underlying the cause of action, technical data, the results of studies, investigations and testing to be used at trial, and other factual information.  *Andritz Sprout-Bauer, Inc., v. Beazer East, Inc.*, 174 F.R.D. 609, 632 (M.D. Pa. 1997).

Therefore, as to those questions for which Mr. Thomasson indicated he was in possession of responsive factual information, but refused to answer based on instruction of his counsel, Defendant is entitled to obtain the information.

The first question at issue arose during inquiry about the preparation of the First Amended Complaint.  Counsel for Defendant, Thomas Gilbertsen, Esq., inquired:

> Q:     Did you help in the drafting of the First Amended Complaint in any way?
> A:     No, other than to verify the facts.
> Q:     Okay.  So you verified the facts that are alleged in the complaint?
> MR. SCHROTH:     I interpose an objection.  Misstates his testimony. He said some facts.
> Q:     Okay.  Did you verify some facts that are alleged in the First Amended Complaint?
> A:     Yes.
> Q:     Which facts?
> MR. SCHROTH:     I interpose an objection that that seeks to invade the attorney-client privilege and violates the attorney work product privilege and instruct him not to answer.
> MR. GILBERTSON:     I'm not sure I agree with that, Mr. Schroth, but it's been instructed not to answer on grounds of privilege a few times this morning.  I just want to – I don't want anybody to be mistaken that I'll preserve my rights to seek a motion to compel on those responses.
> Q:     To the best of your knowledge, are the facts alleged in the First Amended Complaint true and correct?
> A:     To the best of my knowledge, yes.

(Thomasson Dep. 37:20-38:20, July 18, 2006.)

According to the deposition transcript, Mr. Thomasson initially testified without qualification that he verified *the* facts in the First Amended Complaint.  He further testified that he believes the facts alleged in the First Amended Complaint to be true and correct.  Fundamentally, Mr. Thomasson answered the inquiry—he testified he verified the alleged facts and believes them to be true and correct. Counsel for Defendant could follow up with regard to any specific factual allegation and make further inquiry regarding the facts Mr. Thomasson has to support the allegation.

3

1   Mr. Thomasson's counsel complicated this inquiry by first arguing in the form of an objection

2   that Mr. Thomasson testified that he only verified *some* of the facts in the complaint and then refusing to

3   allow defense counsel to inquire as to which facts.  The objection was misplaced as it was Mr.

4   Thomasson's testimony that he verified *the facts*, not some of the facts.  More importantly, the

5   subsequent instruction not to answer as to which facts was improper.  An inquiry as to which facts Mr.

6   Thomasson verified does not invade the attorney-client privilege or attorney work product doctrine.

7   That notwithstanding, Mr. Thomasson testified he believes the facts alleged in the First Amended

8   Complaint are true and correct.  With regard to some of those facts, his belief is based on his personal

9   knowledge; with regard to others, it is based on information provided by his counsel.  Mr. Thomasson

10   did not represent that he only believed some of the facts to be true and correct.  Had he done so, counsel

11   for Defendant would be entitled to inquire as to which facts Mr. Thomasson did not believe to be true

12   and correct.  Under the circumstances, however, it appears the question was answered.  Mr. Thomasson,

13   based on his own knowledge or on what he was told, testified that he believes the factual allegations of

14   the First Amended Complaint to be true and correct.  There appears to be no need to reconvene Mr.

15   Thomasson's deposition on this point.

16   The second question at issue involves specific factual allegations in the complaint.  Mr

17   Gilbertsen inquired:

18       Q.    Let me direct your attention, if I could, please, to Page 5 of the
    Exhibit -- Thomasson Exhibit 2.[2]  There's a section entitled "Facts

19       Regarding Plaintiff Andrew T. Thomasson."  Do you see that?
    A.    I do.

20       Q.    Did you review those facts for accuracy before this complaint was
    filed?

21       A.    I believe so, yes.

22       Q.    Okay.  In Paragraph 24, the second sentence says, "Said telephone
    number is answered at the Baldwin Park, California call center maintained
    by Defendant GC Services," end quote.  Do you see that statement?

23       A.    Yes.
    Q.    What is your basis for alleging that in the complaint?

24       MR. SCHROTH:    Let me interpose an objection that that violates the
    attorney-client privilege, seeks information protected by the attorney-client

25       privilege and attorney work product privilege.
    MR. GILBERTSEN:  Are you directing the witness not to answer the

26       question?
    MR. SCHROTH:    I'm -- yes.

27       MR. GILBERTSEN:  Well, just to get around to your objection here

28

---

[2]  This exhibit was the First Amended Complaint in this case.

briefly, I'm simply asking him what the basis is for a factual allegation in the complaint, and your objection is that that's privileged and invading the work product?

MR. SCHROTH:       Well, I can tell you that's information he learned from counsel.

Q.       Do you -- do you know -- let me just ask you, just yes or no, do you know what the basis for that allegation is?

A.       I think so.

Q.       Okay. What? What is it?

MR. SCHROTH:       And I would interpose the same objection.

MR. GILBERTSEN:  And also direct him not to answer; am I correct?

MR. SCHROTH:       Well, I don't want to get into a blanket waiver of the attorney-client privilege.  In order to move forward here, I'm telling you that he had learned that from counsel, and if you want to – and I've let him confirm that.  Without any further waiver of the attorney-client privilege as far as communications and information, if you agree to it for those purposes, I'll let him answer that.

MR. GILBERTSEN:  If I will agree that he's not waiving any attorney-client privileged communications by telling me what the basis for that allegation is, you'll let him answer?

MR. SCHROTH:       Essentially, yeah.

MR. GILBERTSEN:  Okay.  I will agree to that.

MR. SCHROTH:       Okay.  Go ahead.

MR. THOMASSON: So I can answer?  I learned from my attorney.

Q.       Do you know -- I understand that your attorney told you this, but do you understand what the basis is or how that fact was determined?

MR. SCHROTH:       Same -- same objection.

MR. GILBERTSEN:  Same instruction?

MR. SCHROTH:       I don't -- I think now you're getting into how -- you want to ask him to tell you how the attorney learned it, and I'm not going to let him answer that.

MR. GILBERTSEN:  But the result, then, is allegations of fact in the complaint, and I'm unable to discover what their basis is.

MR. SCHROTH:       Well, I think you can send an interrogatory and ask that question and get an answer.

MR. GILBERTSEN:  Well, I believe I may have done that already, but let's move on.  I understand that you're instructing him not to answer.

MR. SCHROTH:       Correct.

(Thomasson Dep. 40:16-43:15.)

In this instance, Mr. Thomasson testified that he believes a certain factual allegation of the complaint, specifically that a particular telephone number is answered at the Baldwin Park, California call center maintained by Defendant GC Services, to be true.  When asked the factual basis for that allegation, Mr. Thomasson testified that he learned that fact from his attorney.  When asked for further factual information regarding the allegation, Mr. Thomasson was instructed not to answer, although his counsel stated the information could be obtained by service of an interrogatory.

Counsel for Defendant was entitled to inquire into what facts Mr. Thomasson's attorney told Mr.

1   Thomasson to support this allegation of the complaint.  The facts are not privileged—a point counsel for

2   Plaintiff implicitly concedes by stating the information could be obtained through an interrogatory

3   request.  Plaintiff does not get to dictate the methods by which Defendant may obtain relevant discovery.

4   *See Robbins & Myers, Inc. v. J.M. Huber Corp.*, 2003 WL 21384304 (W.D.N.Y. 2003).  The question

5   was properly posed in the deposition when Mr. Gilbertsen asked Mr. Thomasson if he knew the basis for

6   the allegation.  If Mr. Thomasson's counsel told him any facts supporting the allegation, Mr. Thomasson

7   should have disclosed them.  The instruction not to answer was improper.

8         The third question at issue also involves specific facts alleged in the case.  Mr. Thomasson was

9   asked what information he has that support the allegation that the Defendant monitors every telephone

10  conversation it conducts with alleged debtors.  (Thomasson Dep. 47:5-18.)  Mr. Thomasson testified that

11  the testimony of GC Services employee Dennis Wojcicki and his personal conversation with a person

12  named Ashley support his allegation.  (*Id.* at 48:11-50:4.)  Mr. Thomasson was instructed, however, not

13  to provide any additional information supporting that allegation if it is information he learned from

14  counsel.  (*Id.* at 49:13-19.)

15        It is unclear from the record that Mr. Thomasson is in possession of any additional facts beyond

16  those he identified that support the allegation that Defendant monitors every telephone conversation it

17  conducts with alleged debtors.  The instruction of counsel that Mr. Thomasson not answer implies that

18  Mr. Thomasson has factual information supporting the allegation that he learned from counsel:

19                MR. SCHROTH:      I am going to assert the attorney-client privilege as I
             previously stated, and to the extent that it -- the question calls for
20           information protected, I would instruct the witness not to answer, which
             means if you have information other than what you've learned through --
21           directly through attorneys, you can state that.

22  (*Id.*)

23        By instructing Mr. Thomasson not to testify as to facts that support the allegations of the

24  complaint, Mr. Schroth improperly prevented defense counsel from discovering information he was

25  entitled to obtain.  Facts do not become privileged because they are learned by counsel and

26  communicated to a party.  Mr. Thomasson appears to have been in possession of factual information he

27  believes support the allegations of his complaint, and he should have provided that testimony.

28  ///

### III.  Conclusion

Based upon the foregoing discussion, Defendant's motion to compel is DENIED with regard to the first question and is GRANTED with regard to the second and third questions.  Mr. Thomasson shall make himself available for a continuation of his deposition to testify as to whatever facts are in his possession, that support the allegations that:

1)     a particular telephone number is answered at the Baldwin Park, California call center maintained by Defendant GC Services; and

2)     Defendant monitors every telephone conversation it conducts with alleged debtors.

Because the Court finds no proper basis for the instructions not to answer these inquiries, Plaintiff shall pay the costs (court reporter and video recorder) to reconvene the deposition to complete this inquiry.

**IT IS SO ORDERED.**

DATED:  October 11, 2006

_____

**CATHY ANN BENCIVENGO**
United States Magistrate Judge

7