1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                         SOUTHERN DISTRICT OF CALIFORNIA

10

11   ANDREW T. THOMASSON; and REBECCA J.          Civil No.    05cv0940-LAB (CAB)
     THOMASSON, on behalf of themselves and
12   others similarly situated,

13                                  Plaintiffs,

                                                  **ORDER FOLLOWING 11/1/06**
14              v.                                **DISCOVERY CONFERENCE**

     GC SERVICES LIMITED PARTNERSHIP; and
15   DOES 1 through 25, inclusive,

16                                  Defendants.

17        On November 1, 2006, the Court held a discovery conference.  Robert Arleo, Esq., Robert

18   Schroth, Esq., Steve Shewry Esq., and Michell Van Dyke, Esq., appeared telephonically for Plaintiffs.

19   John L'Estrange, Esq., appeared in chambers, and Thomas Gilbertsen, Esq., Tim Vanden Heuvel, Esq.,

20   and Dan Blynn, Esq., appeared telephonically for Defendant.

21        On August 31, 2006, the Court ordered Defendant GC Services to supplement certain discovery

22   responses no later than September 15, 2006.  [Doc. No. 126.]  GC Services supplemented the responses

23   as ordered, but Plaintiffs contend that the responses are still not adequate. Both parties submitted letter

24   briefs to directly to Chambers. Subsequent to the telephonic hearing, the parties made additional

25   submissions in light of the Court's telephonic ruling.  Having considered the arguments of counsel and

26   the papers submitted before and after the discovery conference, IT IS HEREBY ORDERED:

27        1.      Plaintiffs' motion to compel further responses to Interrogatory Nos. 14 and 15 is

28                DENIED.

05cv0940

2.  No later than **November 10, 2006**, GC Services shall supplement its response to Interrogatory No. 22 and provide the last known address and <u>phone number</u>, if available and not previously provided, for each employee identified in GC Services' September 15, 2006 supplemental response.

3.  No later than **November 10, 2006**, GC Services shall supplement its response to Interrogatory No. 27 and identify the managers employed in the GC Services California debt collection operations in San Diego and Irwindale from January 2003 to the present, including the dates of their employment as managers at these locations.  Plaintiffs may notice the deposition of one individual from each location, who was employed as a manager between January 2003 and the present.  If the individual is no longer employed by GC Services, Plaintiffs may subpoena the individual to deposition.[1]

4.  Plaintiffs' motion to compel further response to Interrogatory No. 32 is DENIED without prejudice.

5.  Based on GC Services' representations that it is admitting Plaintiffs' Requests for Admission Nos. 1-3, GC Services, if it has not already done so, shall provide written admissions to Plaintiffs' Requests for Admission Nos. 1-3, no later than **November 10, 2006**.

6.  Plaintiff Rebecca Thomasson's Second Set of Interrogatories and Plaintiffs' Second Set of Requests for Production of Documents were not served timely.  GC Services' objection is SUSTAINED and no further responses are required.

7.  Plaintiffs have identified a document generated by GC Services entitled "Debtor Detail Listing" and seek production of any such documents generated in conjunction with GC Services' contacts with 66 individuals identified in Plaintiffs' Request for Documents No. 26.  GC Services objected to the production in part on the grounds that 15 U.S.C. § 1692c(b) prohibits a debt collector from communicating in connection with the collection of a debt with any person, other than those specified in the statute, without the prior

---

[1] The belated allowance of these depositions does not, however, constitute good cause to continue the pending summary judgment motion.  This Court finds Plaintiffs have not been diligent in pursuing discovery in this case.

1    consent of the consumer.  The production of the "Debtor Detail Listing" to Plaintiffs'

2    counsel would be a third party communication, but it would not be a communication in

3    connection with the collection of the consumers' debt.  Therefore, on its face, section

4    1692c(b) would not appear to apply.  However, the documents may contain private

5    information of consumers who are presently not parties to this action and may not want

6    their private financial information produced to others.  The purpose of section 1692c(b) is

7    to protect the consumer from embarrassment and an invasion of his or her privacy.

8    Accordingly, GC Services shall produce the Debtor Detail Listing, if any, for each of the

9    66 identified individuals, but shall redact all information/communications regarding the

10   debt and collection of the debt, unless the consumers provide express consent to the

11   release of the information to Plaintiffs' counsel.[2]  Redacted Debtor Detail Listing for each

12   of the 66 individuals shall be produced no later than **November 10, 2006**.

13

14   DATED:  November 7, 2006

15

16   _____
     **CATHY ANN BENCIVENGO**
17   United States Magistrate Judge

18

19

20

21

22

23

24

25   _____

26   [2] After the discovery conference, Plaintiffs' counsel provided authorizations for the disclosure of
     debt collection information from the following individuals:  Donna Helwig, Stacy Gonzales, Ronald
27   Coleman, Tory Amici and Monica Rojas.  Additionally, Plaintiffs' counsel indicated he represents the
     following individuals:  Kenneth and Anne Glaspie, Bonnie Langdon, Jill Walton, Melissa Peppel,
28   Robert Christensen, Gary Beck, and Gabriel and Stacy Gonzales, allowing disclosure of the debt
     collection information for these individuals to him as well.  The Debtor Detail Listing for these
     individuals will be produced without redaction.

05cv0940