# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW T. THOMASSON, REBECCA J. THOMASSON, MACDONALD P. TAYLOR JR., and CHENOA R. TAYLOR, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GC SERVICES LIMITED PARTNERSHIP, and DOES 1 through 25, inclusive,<br><br>Defendants. | CASE NO. 05cv0940-LAB (CAB)<br><br>**ORDER DENYING PLAINTIFFS' *EX PARTE* APPLICATION TO FILE SUPPLEMENTAL POINTS AND AUTHORITIES AND EVIDENCE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>[Dkt No. 178] |

This matter is before the court on plaintiffs' *Ex Parte* Application For Leave To File Supplemental Memorandum Of Points And Authorities And Evidence In Support Of Opposition To Defendant's Motion For Summary Judgment ("Application"). Defendant's Motion For Summary Judgment ("Motion") in this putative class action -- alleging violations of the Fair Debt Collections Practices Act and state invasion of privacy laws -- was fully, contentiously, and voluminously briefed, then taken under submission for decision on the papers in late November 2006. The Application relies on the history of the parties' acrimonious discovery disputes, delays in obtaining material evidence allegedly due to the discovery disputes, and two depositions taken after the Motion briefing was completed to argue, on rather unextraordinary or inappropriate grounds, for the extraordinary relief.

In particular, plaintiffs seek leave: (1) to provide the court with selected portions of transcripts of the new depositions as additional evidentiary support for their Motion opposition; (2) to submit a supplemental memorandum of points and authorities explaining their analysis of "these newly discovered facts in light of the arguments made on summary judgment" (Appl. ¶ 5); (2) to have the court consider a November 2006 decision by a judge from this District Court, Capicchionio v. Americredit Fin. Servs., Case No. 06cv0014-IEG(NLS), Dkt No. 29, 2006 U.S. Dist. LEXIS 81778 (S.D.Cal. 2006), discussing the Kearney case also pertinent to this litigation which plaintiffs here would have this court interpret in the same fashion; (3) to permit them "to argue points consistent with *Capicchionio* in a supplemental memorandum in opposition to Defendant's motion for summary judgment" (Appl. ¶ 6); (4) to have the court consider a new Declaration purportedly providing "further evidence the Defendant still records telephone calls with unsuspecting individuals" (Appl. ¶ 7); and (5) in light of the conduct of this litigation, particularly as it relates to discovery disputes and the new evidence purportedly cinching defendant's liability, the court should "*sua sponte* enter judgment for plaintiffs" (P&As In Support Of *Ex Parte* Application 12:5-7).

In addition, counsel's Declaration in support of the Application indicates plaintiffs expect to approach the court "piece meal" with similar requests to update their opposition documentation and argument as long as the Motion remains under submission, in inexplicable disregard for the rules and procedures associated with motion practice in this court. Schroth Decl. ¶ 14 (providing an "alert" to the Court "there may be still more information belatedly provided by the Defendant which is relevant to the Plaintiff's opposition to summary judgment in this case," and as "[o]bviously, Plaintiffs are unable to include such information or documentation unless and until it has first been produced by the Defendant," and "[b]ecause that still has not yet occurred, Plaintiffs cannot say for certain that this will be the last time they are forced to apply to this Court for extraordinary relief"). "Relevant" evidence may still be evolving in this case, but it ought to be saved for the fact-finder, if this matter survives summary judgment under the analytical framework and standards applicable to summary adjudications. Motions for summary judgment do not entail any findings of fact.

GC Services opposes the Application on grounds it is procedurally improper, reopens old discovery disputes, represents another in a line of plaintiffs' alleged misuse of *ex parte* procedures in

1  this litigation, and plaintiffs fail to make any showing of necessity or emergency requiring the court's
2  immediate attention. In addition, GC Services contends the <u>Capicchioni</u> case became commercially
3  available through the Lexis-Nexis data base days prior to plaintiffs' deadline to file Opposition to the
4  pending Motion For Summary Judgment, defeating any suggestion it is authority only newly available.
5  Moreover, that opinion is not binding on this court, and the <u>Capicchioni</u> ruling, in any event, was
6  based on the issue of standing rather than the merits of any analogous claim alleged here. GC Services
7  argues plaintiffs' proposed new materials are "pointlessly cumulative of a record already established,"
8  and the docket reflects the court has twice found plaintiffs were not diligent in pursuing discovery or
9  in examining information in their possession. *See* Docket Nos. 162, 163.

10  The court finds plaintiffs have not made any showing adequate to warrant the extraordinary
11  relief requested or to reopen the briefing of a motion fully briefed and under submission in the normal
12  course on an already voluminous record. The Motion will be decided under the appropriate standards
13  of review applied to the extensive submissions as they existed when the matter was taken under
14  submission. The Application is **DENIED**.

15  Plaintiffs' *Ex Parte* Application has multiplied the proceedings unnecessarily, in a matter where
16  the parties have already demonstrated a pattern of unusual and disruptive recourse to the court to
17  advance (or delay) through interventions the prosecution or defense of this action. Defendant requests
18  recovery of its attorneys' fees incurred to oppose this Application. The court will consider a properly
19  supported Application for that relief.

20  Plaintiffs' accompanying *Ex Parte* Application To File Documents Under Seal and the parties'
21  Joint Motion To Allow Documents And Memoranda To Be File Under Seal are **DENIED AS MOOT**,
22  although the court has considered defendant's Points And Authorities presented in opposition to the
23  *Ex Parte* Application in arriving at this ruling. The parties shall delegate someone to make
24  arrangements to pick up the materials both sides presented to chambers under seal.

25  For the foregoing reasons, **IT IS HEREBY ORDERED**:

26  1. The briefing of defendant's pending Motion For Summary Judgment is definitively
27  closed, and no requests to reopen that briefing with supplemental argument, evidence, or other than
28  controlling and dispositive legal authority will be entertained.

2. Plaintiffs' *Ex Parte* Application to augment the Motion briefing at this late date is **DENIED**, and any future attempts to do so will be deemed a violation of court rules and this Order, with attendant consequences.

3. The parties' motions to file documents associated with this Application under seal are **DENIED AS MOOT**.

4. On or before *March 5, 2007*, defendant may submit a properly supported Application For Attorneys' Fees And Costs incurred to oppose this *Ex Parte* Application, not to exceed eight pages in *total* length. On or before *March 16, 2007*, plaintiffs may file a response to the Fee Application, not to exceed five pages in *total* length. There should be no need for requests to seal documents associated with the Fee Application or response. The court will take that matter under submission when the time for a response has passed, without further briefing or argument.

**IT IS SO ORDERED**.

DATED: February 21, 2007

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge