KELLEY DRYE & WARREN, LLP
Thomas E. Gilbertsen (*Pro Hac Vice*)
Daniel S. Blynn (*Pro Hac Vice*)
3050 K Street, N.W., Suite 400
Washington, D.C. 20007-5108
Telephone: (202) 342-8400
Facsimile: (202) 342-8451

WRIGHT & L'ESTRANGE
A Partnership Including
Professional Corporations
John H. L'Estrange, Jr. (SBN 049594)
401 West A Street, Suite 2250
San Diego, California 92101
Telephone: (619) 231-4844
Facsimile: (619) 231-6710

Attorneys for Defendant GC Services Limited Partnership

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW T. THOMASSON, et al., On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiffs,<br>v.<br><br>GC SERVICES LIMITED PARTNERSHIP,<br><br>Defendant. | CASE NO. 05cv940 LAB (CAB)<br><br>**DEFENDANT GC SERVICES LP'S OPPOSITION TO PLAINTIFFS'** ***EX PARTE*** **APPLICATION FOR LEAVE TO FILE AFTER JUDGMENT AND PURSUANT TO FRCP 59(e) A MOTION TO RECONSIDER ORDERS: (1) DENYING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT; (2) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; AND (3) DENYING AS MOOT PLAINTIFFS' MOTION TO CERTIFY CLASS**<br><br>JUDGE: Hon. Larry A. Burns<br>Courtroom 9<br><br>**[Docket No. 156]** |

Defendant GC Services LP ("GC Services") respectfully submits this Memorandum of Points and Authorities in opposition to plaintiffs' *ex parte* application for leave to file a Fed. R.

DC01/BLYND/303742.1

CASE NO. 05cv940 LAB (CAB)

Civ. P. 59(e) motion to reconsider this Court's previous orders (1) denying their motion for leave to file a second amended complaint (Docket No. 154); (2) granting GC Services' motion for summary judgment (Docket No. 192); and (3) denying as moot plaintiffs' motion for class certification (Docket Nos. 186, 192) ("Plaintiffs' *Ex Parte* Application," Docket No. 196).[1] GC Services also respectfully requests that this Court strike the declaration of plaintiffs' counsel, Robert Arleo, Docket No. 198, which was filed in support of Plaintiffs' *Ex Parte* Application, as it improperly presents legal argument beyond the five-page limit set forth in Your Honor's Standing Order No. 4(j) as opposed to factual matter.

Plaintiffs' latest *Ex Parte* Application – their seventh such application in this litigation, *see* Docket Nos. 41, 105, 109, 112, 178, 180, and 196 – is an attempt to circumvent the jurisdictional requirements of Fed. R. Civ. P. 59(e). Like their other *ex parte* applications, this one is untimely and seeks to reopen disputes that have long since been adjudicated. Accordingly, Plaintiffs' *Ex Parte* Application should be denied.

## ARGUMENT

### THE COURT IS WITHOUT JURISDICTION TO GRANT THE RELIEF PLAINTIFFS BELATEDLY SEEK

**A.     Plaintiffs Failed to Meet the Ten-Day Time Limit By When They Were Required to Move for Reconsideration, Pursuant to Fed. R. Civ. P. 59(e), of the July 16, 2007 Order and Judgment**

Rule 59(e) states that "[a]ny motion to alter or amend a judgment [*i.e.*, motion for reconsideration] shall be filed no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e). It is well-recognized that the ten-day "time period is jurisdictional and cannot be extended by the court." *Scott v. Younger*, 739 F.2d 1464, 1467 (9th Cir. 1984) (holding that the district court did not have jurisdiction to rule on plaintiff's motion for reconsideration); *Carter v. United States*, 973 F.2d 1479, 1488 (9th Cir. 1992) (the ten-day time period is jurisdictional and district courts have no discretion to consider a late Rule 59(e) motion); *Torres-Arroyo v. Rullán*, 436 F.3d 1, 6 (1st Cir. 2006) ("That time period is mandatory."). Even a motion to reconsider that is filed

---

[1]     Plaintiffs also apply for leave to file a motion to reconsider the Judgment, Docket No. 193, entered in this case.

mere days after the Rule 59(e) deadline expires is considered untimely and divests the court of jurisdiction to consider its merits. *See Tillman v. Ass'n of Apartment Owners of EWA Apartments*, 234 F.3d 1087, 1089 (9th Cir. 2000) (motion to reconsider filed three days late was untimely); *Roque v. City of Redlands*, 79 F.R.D. 433, 435 (C.D. Cal. 1978) (Rule 59(e) motion filed four days beyond ten-day period was denied as untimely); *Halicki v. Louisiana Casino Cruises, Inc.*, 151 F.3d 465, 467-70 (5th Cir. 1998) (Rule 59(e) motion filed two days beyond deadline was late); Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2812 (2d ed. 1995) ("The time limit on a [Rule 59(e)] motion is extremely important. The time cannot be enlarged by the court. ***An untimely motion must be denied . . .***") (emphasis added).

In this case, the Court issued its Order granting GC Services' Motion for Summary Judgment and corresponding Judgment, Docket Nos. 192 and 193, respectively, on July 13, 2007 and entered them on July 16, 2007. Excluding the intermediate Saturdays and Sundays, the deadline for plaintiffs' Rule 59(e) motion was July 30, 2007. On July 30th, however, plaintiffs filed only an *ex parte* application *for leave to file* a Rule 59(e) motion to reconsider various orders, not a Rule 59(e) motion itself. In other words, by their own admission, plaintiffs have not filed a timely motion to reconsider, but rather, at most, an impermissible placeholder for such motion to be filed later.[2] *See* Plaintiffs' *Ex Parte* Application at 5 ("Plaintiffs seek leave from this Court to file their Motion for Reconsideration of the Orders and Judgments referenced above."). Accordingly, because any Rule 59(e) motion that plaintiffs may wish to pursue necessarily will be filed beyond the ten-day time period, this Court is without jurisdiction to grant the relief plaintiffs seek. *See Jenkins v. Whittaker Corp.*, 785 F.2d 720, 722 n.2 (9th Cir. 1986)

---

[2] Your Honor's Standing Order No. 7(j) requires that a movant first file an *ex parte* application seeking leave to file a motion to reconsider. Civil Local Rule 7.1(i)(2), in turn, provides an outer limit of thirty days for the movant to file his motion to reconsider, ***except as required under Fed. R. Civ. P. Rule 59.*** CivLR 7.1(i)(2). As stated above, pursuant to Rule 59(e), the actual motion for reconsideration of a judgment must be filed within ten days of entry of that judgment. Fed. R. Civ. P. 59(e). Accordingly, in order for plaintiffs to comply with both this Court's and the Federal Rules' procedure and time requirements, they must have filed their *ex parte* application far enough in advance so that leave to file their Rule 59(e) motion for reconsideration could be granted and their actual motion for reconsideration could be filed within the ten-day time frame.

(explaining that "because the motion [to reconsider] was untimely under Rule 59(e) . . . the [district] court thus had no jurisdiction to entertain it"); *Garrett v. United States*, 195 F.3d 1032, 1033 (8th Cir. 1999) ("a district court has no jurisdiction over an untimely Rule 59(e) motion. '[A]ny ruling upon it becomes a nullity.'") (internal citation omitted).

If the Court determines that plaintiffs' current *ex parte* application constitutes a timely-filed, sufficient Fed. R. Civ. P. 59(e) motion for reconsideration, GC Services respectfully requests an opportunity to respond thereto.

**B.  Plaintiffs' Request to Reconsider the Orders Denying Their Motions (1) For Leave to File a Second Amended Complaint and (2) for Class Certification Are Untimely**

In their *Ex Parte* Application, Plaintiffs seek leave to file a motion to reconsider this Court's prior Orders denying both their motion for leave to file a second amended complaint ("SAC"), Docket No. 154, and motion to certify a class, Docket Nos. 186 and 192. Such application is untimely and should be denied.

This Court denied plaintiffs' motion for leave to file an SAC on November 2, 2006, and denied plaintiffs' class certification motion on March 16, 2007.[3] Pursuant to CivLR 7.1(i)(2), any motion to reconsider those non-dispositive rulings must have been made not more than thirty days after their respective entry. CivLR 7.1(i)(2). The motions to reconsider, which Plaintiffs' *Ex Parte* Application currently seeks leave to file, should have been made no later than early December 2006 to challenge the Court's order denying plaintiffs' motion for leave to file an SAC, and by mid-April 2007 with respect to their motion for class certification. Those deadlines have long since passed and plaintiffs should not now be permitted to present any new argument.

/ / /

/ / /

/ / /

/ / /

---

[3] The Court reiterated that it was denying plaintiffs' motion for class certification in its July 17, 2007 Order granting GC Services Motion for Summary Judgment. Docket No. 192 at 51. Any motion to reconsider that portion of the Court's Order must have been made by July 30, 2007, *see supra* at 2-3.

## CONCLUSION

For the reasons stated above, GC Services requests that the Court deny plaintiffs' *ex parte* application for leave to file a Fed. R. Civ. P. 59(e) motion to reconsider this Court's previous orders (1) denying their motion for leave to file a second amended complaint; (2) granting GC Services' motion for summary judgment; and (3) denying as moot plaintiffs' motion for class certification. In addition, GC Services requests that the Court strike Robert Arleo's declaration submitted in support thereof.

KELLEY, DRYE & WARREN
WRIGHT & L'ESTRANGE
-and-
LEWIS BRISBOIS BISGAARD & SMITH LLP
Attorneys for defendant GC Services
Limited Partnership

Dated: August 1, 2007

s/Daniel S. Blynn
Attorney for Defendant GC Services, LP
dblynn@Kellydrye.com

Additional Defense Counsel:
R. Gaylord Smith, (SBN 72726)
Tim J. Vanden Heuvel, (SBN 140731)
LEWIS BRISBOIS BISGAARD & SMITH LLP
550 West "C" Street, Suite 800
San Diego, California 92101
Telephone: (619) 233-1006
Facsimile: (619) 233-8627

DC01/BLYND/303742.1

CASE NO. 05cv940 LAB (CAB)

**Thomasson, et al. v. GC Services Limited Partnership**
U.S. District Court, Southern District, Case No. 05cv940 LAB (CAB)

**CERTIFICATE OF SERVICE OF NON E-FILERS**

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; my business address is 401 West A Street, Suite 2250, San Diego, California 92101; and that I served the below-named persons the following documents:

**DEFENDANT GC SERVICES LP'S OPPOSITION TO PLAINTIFFS' *EX PARTE* APPLICATION FOR LEAVE TO FILE AFTER JUDGMENT AND PURSUANT TO FRCP 59(e) A MOTION TO RECONSIDER ORDERS: (1) DENYING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT; (2) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; AND (3) DENYING AS MOOT PLAINTIFFS' MOTION TO CERTIFY CLASS**

in the following manner:

1. _____  By delivering copies to the person served via Knox Services. **(See below)**

2. _____  By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge.

3. _____  By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of his office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left.

4. _____  By placing a copy in a separate envelope, with postage fully prepaid, for each addressee named below and depositing each in the U.S. Mail at San Diego, California, on the date of this declaration. **(See below)**

5. _____  By placing a copy in a separate Federal Express envelope, addressed to the addressee(s) named below. I am readily familiar with the practice of this firm for collection and processing of correspondence for mailing by Federal Express. Pursuant to this practice, correspondence would be deposited in the Federal Express box located at 401 West A Street, Suite 2250, San Diego, California 92101, in the ordinary course of business on the date of this declaration.

6. \_\_\_\_X\_\_\_  By transmitting the document(s) via facsimile on the date of this declaration to the addressee(s) listed below and that the transmission was reported as complete and without error. The phone number of the transmitting facsimile machine is (619) 231-6710.

7. _____  By transmitting the document(s) via e-mail on the date of this declaration as indicated below.

1 | The addressee(s) is (are) as follows:

2 | Christopher K. Monelt, Esq.
LAW OFFICES OF CHRISTOPHER MONELT
3 | 2044 First Avenue, Suite 200
San Diego, CA  92101
4 | Fax:  (619) 233-4516
E-mail:  ckmoneltesq@sbcglobal.net

6 |     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on August 1, 2007, at San Diego, California.

*/s/ Jan Pragit*

CERTIFICATE OF SERVICE OF NON E-FILERS

05cv940 LAB (CAB)