1

2

3

4

5

6          **UNITED STATES DISTRICT COURT**

7          **SOUTHERN DISTRICT OF CALIFORNIA**

8

9    ANDREW T. THOMASSON, REBECCA J.              CASE NO. 05cv0940-LAB (CAB)
     THOMASSON, MACDONALD P.
10   TAYLOR JR., and CHENOA R. TAYLOR,            **NOTICE AND ORDER TO SHOW**
     on behalf of themselves and all others      **CAUSE RE RULE 11 SANCTIONS**
11   similarly situated,

12                            Plaintiffs,

13         vs.

14   GC SERVICES LIMITED PARTNERSHIP,
     and DOES 1 through 25, inclusive,
15
                             Defendants.
16
           In an Order filed concurrently herewith, the court denies  plaintiffs' *Ex Parte* Application For

17
     Leave To File Motions For Reconsideration ("Application").  In consideration of the gratuitous and

18
     unfounded accusations of misconduct by the undersigned District Judge in the Declaration of plaintiffs'

19
     *pro hac vice* counsel, Robert L. Arelo, Esq., filed in support of the Application, Mr. Arleo is hereby

20
     summoned to personally appear before the undersigned District Judge to show cause why he should

21
     not be monetarily sanctioned[1] for violations of FED.R.CIV.P. ("Rule") 11(b):

22
                         Representations to Court.  By presenting to the court (whether by
23                       signing, filing, submitting, or later advocating) a pleading, written
                         motion, or other paper, an attorney or unrepresented party is certifying
24                       that to the best of the person's knowledge, information, and belief,
                         formed after an inquiry reasonable under the circumstances, --
25                       . . .

26

27   _____

28        [1]   "Sanctions.  If, after notice and a reasonable opportunity to respond, the court determines that
     subdivision (b) has been violated, the court may . . . impose an appropriate sanction upon the attorneys, law
     firms, or parties that have violated subdivision (b) or are responsible for the violation." Rule 11(c). Court-
     initiated monetary sanctions are payable as a fine to the court.

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; . . .

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; . . .

"On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto." Rule 11(c)(1)(B). The court deems the following accusations in Mr. Arleo's July 30, 2007 Declaration to violate Rule 11(b)(1), (3). The representations are not only objectively unreasonable but also "akin to contempt of court," warranting the imposition of *sua sponte* Rule 11 sanctions. *See* United Nat'l Ins. Co. v. R&D Latex Corp., 242 F.3d 1102, 1118 (9th Cir. 2001); *see also* Barber v. Miller, 146 F.3d 707, 711 (9th Cir. 1998) ("Nothing in the Rule or the history of the 1993 amendments prevents the district court from taking this action after judgment").

Mr. Arleo purports to advance as "facts" in his sworn Declaration, among other things:

Importantly, I have appeared before some federal judges who simply view FDCPA Plaintiffs as deadbeats who should be paying their bills instead of burdening the federal courts with claims of violations of the FDCPA by debt collectors attempting to collect their debts. Based upon the contents of the Friday the 13th Order by this Court, I can confidently state that the Court herein quite unfortunately views my clients in that exact same manner.

Dkt No. 198, 2:15-19.

Obviously, the Court herein has referred in bold to these 3 telephone calls for the clear purpose of trivializing the herein action for its own convenience.

Dkt No. 198, 3:23-24.

To assert that the Plaintiffs herein allegedly invoked this strategy in order to impermissibly convert its opposition to its own motion for summary judgment is patently ridiculous and simply further clear and unmistakable evidence of the Court's consistent pattern of bias levied against the Plaintiffs.

Dkt No. 198, 6:16-19.

The refusal by this Court to consider the factual merits of the contents of these putative class members [*sic*] demonstrates a recklessness far beyond any alleged recklessness, which the Court accuses me of in certain portions of its Friday the 13th Order.

Dkt No. 198, 9:17-19.

> As set forth above, it is my contention that the Court herein is absolutely and undeniably biased against the Plaintiffs and views each as debtors who should simply shut up and pay up. Unfortunately, this is not the first time that I have experienced clear bias against FDCPA plaintiffs and a disdain for the FDPCA [*sic*] exhibited by a federal district court.

Dkt No. 198, 13:23-26.

The court further incorporates by reference the pertinent portions of its Order Denying *Ex Parte* Application alluding to Mr. Arleo's contemptuous representations in his July 30, 3007 Declaration.  Mr. Arleo is accordingly on notice of the conduct this court deems to be sanctionable and is ordered to show cause why he has not violated Rule 11 through his egregious representations and irresponsible *ad hominem* attack on this court's integrity.

For the foregoing reasons, **IT IS HEREBY ORDERED**:

1.       On September 4, 2007 at 10:30 a.m., Mr. Arleo shall personally appear in Courtroom 9 of the United States District Court for the Southern District of California, 940 Front Street, San Diego, California 92101 to show cause why the court should not impose monetary sanctions against him for the offending conduct described herein.

2.       Failure to personally appear as ordered will result in the issuance of a no-bail bench warrant for his arrest.

**IT IS SO ORDERED**.

DATED:  August 9, 2007

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**

- 3 -

05cv0940