ROBERT L. ARLEO, ESQ. (Pro Hac Vice)
**LAW OFFICES OF ROBERT L. ARLEO**
1375 Broadway, Third Floor
New York, NY 10018
Telephone: (646) 278-5648
E-Mail: r.arleo@verizon.net

ROBERT E. SCHROTH, SR, ESQ. (SBN 103063)
ROBERT E. SCHROTH, JR, ESQ. (SBN 212936)
**SCHROTH & SCHROTH**
2044 First Avenue, Suite 200
San Diego, CA 92101-2079
Telephone: (619) 233-7521
Facsimile: (619) 233-4516

[Additional Plaintiffs' counsel listed on last page]

Attorneys for Plaintiffs, ANDREW T. THOMASSON,
REBECCA J. THOMASSON, and all others similarly situated

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW T. THOMASSON, REBECCA J. THOMASSON, MACDONALD P. TAYLOR JR., and CHENOA R. TAYLOR on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GC SERVICES LIMITED PARTNERSHIP, and DOES 1 through 25 inclusive,<br><br>Defendants. | CASE NO. 05cv940 LAB (CAB)<br><br>**PLAINTIFFS' OBJECTIONS TO DEFENDANT GC SERVICES'S BILL OF COSTS** |

Plaintiffs, ANDREW T. THOMASSON and REBECCA J. THOMASSON, by and through their counsel of record, hereby submit their objections to the Bill of Costs submitted by Defendant GC GERVICES LIMITED PARTNERSHIP (hereinafter "Defendant" or "GC Services").

-1-

These objections are brought pursuant to Civil Local Rule 54.g.1, which provides as follows:

> At the time specified in the notice, the party objecting to any item of costs contained in said bill of costs shall present said objections in writing, specifying each item to which objection is made and the ground of the objection, and file any affidavit or present facts relied on which may be rebutted by the opposing party.

This motion is also brought pursuant to this Court's Notice, which was entered on July 27, 2007, and which provided, in pertinent part, that "[a]ny opposition to this Bill of Costs is to be filed by close of business on Friday, August 10, 2007." [Doc. 195].

Plaintiff objects to the following items in the proposed bill of costs filed in the above-entitled action by Defendant on July 24, 2007:

1. To costs of $307.00, requested for an expedited copy of a transcript of deposition of GC Services' own employee, Dennis Wojcicki, on the grounds that the costs claimed are excessive because an expedited transcript was unnecessary in that the Defendant did not file its motion for summary judgment until several months after the deposition.

2. To costs of $955.00, requested for the videotaping of the deposition of GC Services' own employee, Dennis Wojcicki, on the grounds that the costs claimed are unnecessary because as an employee Mr. Wojcicki was able to appear to provide testimony upon the Defendant's request. It was not necessary to procure a videotape of this deposition. As the Defendant procured judgment on summary judgment, the videotape was never used.

3. To costs of $768.65, requested for an original and one copy of a transcript of the deposition of Plaintiff Andrew Thomasson, on the grounds that the costs claimed are excessive for the length of the deposition.

4. To costs of $462.00, requested for the videotaping of the deposition of Plaintiff Andrew Thomasson, on the grounds that the costs claimed are excessive for a three-hour deposition and unreasonable in that had there been a trial, Plaintiff would have been required to testify in order to make a *prima facie* case. As such, the videotaping of this deposition was unnecessary.

5. To costs of $553.75, requested for a copy of a transcript of deposition of GC Services' own employee, Ricardo McFarlane, on the grounds that the costs claimed are excessive in view of the short length of the deposition and unreasonable since Mr. McFarlan could reasonably have been expected to testify at trial given his status as an employee.

6. To costs of $940.65, requested for a copy of the deposition of GC Services' own employees, Michael Swain, Hugo Andrade, and Jennifer Macdonald, on the grounds that the costs claimed are excessive in view of the relatively short length of each and unreasonable since each witness could reasonably have been expected to testify at trial given their status as employees.

7. To costs of $534.50, requested for a copy of a transcript of deposition of GC Services' own employees, Cassandra Stevens and Albert Macias, on the grounds that the costs claimed are excessive in view of the short length of the deposition and unreasonable since these employees could reasonably have been expected to testify at trial given their status as employees.

8. To costs of $1,373.32, requested for a copy of a transcript of deposition of GC Services' former employee, Jeffrey Bond, on the grounds that the costs claimed are excessive in view of the short length of the deposition. Moreover, the claimed costs are unreasonable in that the testimony of Mr. Bond, taken pursuant to a notice for deposition served by the Defendant, was objected to on summary judgment by the defense as irrelevant (as to those portions used by Plaintiff). For the same reason, therefore, Plaintiff also objects to the request for reimbursement of $48.00 for witness fees.

9. To costs of $493.13, requested for a copy of a transcript of deposition of GC Services' manager, Jason Swaney, on the grounds that the costs claimed are excessive in view of the length of the deposition and unreasonable in that briefing on the Defendant's motion for summary judgment was "closed" at the time the transcript was ordered. Since briefing was "closed," there was no opportunity to utilize the transcript until trial. The Defendant should have simply waited until the Court's decision on summary judgment prior to ordering this transcript.

10. To costs of $743.45, requested for a copy of a transcript of deposition of GC Services' manager, Bernadine Crisp, on the grounds that the costs claimed are excessive in view of the length of the deposition and unreasonable in that briefing on the Defendant's motion for summary judgment was "closed" at the time the transcript was ordered. Since briefing was "closed," there was no opportunity to utilize the transcript until trial. The Defendant should have simply waited until the Court's decision on summary judgment prior to ordering this transcript.

11. To costs of 103.24, requested for mileage reimbursement payable to Ms. Bernadine Crisp. As previous stated, Ms. Crisp is an employee of the Defendant. Ms. Crisp was produced for deposition pursuant to an order to compel. Plaintiff objects in light of these facts on the grounds it is unreasonable to charge Plaintiff for mileage GC Services *may* have paid to its own employee for testimony she gave on behalf of the company.

12. To all costs except the witness fee of Mr. Bond as they lack copies of any receipts for payment or cancelled checks.

13. To all costs claimed on the basis Plaintiffs are unable to pay. *Gordon v. Castle Oldsmobile and Honda, Inc.*, 157 F.R.D. 438 (N.D. Ill.1994). Plaintiffs in this case are a married couple who are raising three young children. The Plaintiffs are incapable, either individually or collectively, to raise the money necessary to pay this costs bill.

The Plaintiffs respectfully submit these objections and rely upon this document, the contemporaneously filed and served declaration of Robert E. Schroth, Jr. and any additional evidence or argument presented at the hearing on this matter.

DATED: August 10, 2007

SCHROTH & SCHROTH
LAW OFFICES OF ROBERT L. ARLEO
LAW OFFICES OF CHRISTOPHER MONELT
-and-
SHEWRY & VAN DYKE, LLP
Attorneys for Plaintiffs, ANDREW T. THOMASSON, REBECCA J. THOMASSON, and all others similarly situated

By: ___/s/ Robert E. Schroth Jr.___
ROBERT E. SCHROTH JR., ESQ.

-4-

**ADDITIONAL PLAINTIFFS COUNSEL:**

CHRISTOPHER K. MONELT, ESQ. (SBN 224478)
**LAW OFFICES OF CHRISTOPHER K. MONELT**
2044 First Avenue, Suite 200
San Diego, CA 92101-2079
Telephone: (619) 233-8034
Facsimile:  (619) 233-4516

STEVEN M. SHEWRY, ESQ. (SBN 106333)
MICHELLE L. VAN DYKE, ESQ. (SBN 171477)
**SHEWRY & VAN DYKE, LLP**
402 West Broadway, Suite 810
San Diego, CA 92101-8504
Telephone: (619) 233-8824
Facsimile:  (619) 233-1002

Thomasson, et al. v. GC Services
05cv940 LAB (CAB)