UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW T. THOMASSON, REBECCA J. THOMASSON, MACDONALD P. TAYLOR JR., and CHENOA R. TAYLOR, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>GC SERVICES LIMITED PARTNERSHIP, and DOES 1 through 25, inclusive,<br><br>Defendants. | CASE NO. 05cv0940-LAB (CAB)<br><br>**ORDER IMPOSING RULE 11 SANCTIONS**<br><br>[Dkt No. 202] |

On September 4, 2007, the court convened a scheduled hearing to afford *pro hac vice* counsel for plaintiffs in this action, Robert L. Arleo, Esq., the opportunity to show cause why FED.R.CIV.P. ("Rule") 11 monetary sanctions should not be imposed against him for making contemptuous and wholly unfounded accusations against the undersigned District Judge in his July 30, 2007 Declaration in support of a Motion For Reconsideration of the Order granting defendant's summary judgment motion. Mr. Arleo appeared telephonically at the hearing. Co-counsel for plaintiffs, Robert Shroth, Jr., Steven Shewry, Esq., and Michelle Van Dyke, Esq., and counsel for defendant, John H. L'Estrange, Jr., personally appeared.

In the Order To Show Cause ("OSC") summoning Mr. Arleo to appear, the court set forth the specific language presented as "facts" from the Arleo Declaration constituting, in the opinion of this court, contemptuous conduct:

> Importantly, I have appeared before some federal judges who simply view FDCPA Plaintiffs as deadbeats who should be paying their bills

1  |  instead of burdening the federal courts with claims of violations of the FDCPA by debt collectors attempting to collect their debts.  Based upon the contents of the Friday the 13th Order by this Court, I can confidently state that the Court herein quite unfortunately views my clients in that exact same manner.

Dkt No. 198, 2:15-19.

Obviously, the Court herein has referred in bold to these 3 telephone calls for the clear purpose of trivializing the herein action for its own convenience.

Dkt No. 198, 3:23-24.

To assert that the Plaintiffs herein allegedly invoked this strategy in order to impermissibly convert its opposition to its own motion for summary judgment is patently ridiculous and simply further clear and unmistakable evidence of the Court's consistent pattern of bias levied against the Plaintiffs.

Dkt No. 198, 6:16-19.

The refusal by this Court to consider the factual merits of the contents of these putative class members [*sic*] demonstrates a recklessness far beyond any alleged recklessness, which the Court accuses me of in certain portions of its Friday the 13th Order.

Dkt No. 198, 9:17-19.

As set forth above, it is my contention that the Court herein is absolutely and undeniably biased against the Plaintiffs and views each as debtors who should simply shut up and pay up.  Unfortunately, this is not the first time that I have experienced clear bias against FDCPA plaintiffs and a disdain for the FDPCA [*sic*] exhibited by a federal district court.

Dkt No. 198, 13:23-26.

Rule 11(b) provides, in pertinent part:

Representations to Court.  By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, --
. . .

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; . . .

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; . . .

"If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may . . . impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation." Rule 11(c). Court-initiated monetary sanctions are payable as a fine to the court. At the hearing, the court reviewed in detail the pertinent portions of the record and the reasons for considering Mr. Arleo's statements to constitute contempt of court. The court heard Mr. Arleo's responses and attempted justifications for his unfounded and personally offensive representations attacking the integrity of the undersigned District Judge. While the court has accepted Mr. Arleo's apology, for the reasons recited on the record, the court determined Mr. Arleo blatantly violated Rule 11(b) and should be sanctioned. Accordingly,

**IT IS HEREBY ORDERED**:

1. Mr. Arleo is sanctioned $5,000.00 pursuant to Rule 11(c) for advancing against this court in a filing in this case the contemptuous accusations identified in the OSC and above.

2. Mr. Arleo shall pay the $5,000.00 sanction to the Clerk of the United States District Court for the Southern District of California within seven (7) days. Failure to timely pay the sanction will result in a new OSC and further sanction proceedings.

3. From this date forward, and for an indefinite period, Mr. Arleo shall expressly inform any United States federal court in connection with any application he may make for *pro hac vice* status that he was sanctioned by the United States District Court for the Southern District of California pursuant to Rule 11(c) in the amount of $5,000.00 for making contemptuous statements in a pleading filed with this court.

**IT IS SO ORDERED**.

DATED: September 5, 2007

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

cc: USDC Finance