# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW T. THOMASSON, REBECCA J. THOMASSON, MACDONALD P. TAYLOR JR., and CHENOA R. TAYLOR, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GC SERVICES LIMITED PARTNERSHIP, and DOES 1 through 25, inclusive,<br><br>Defendants. | CASE NO. 05cv0940-LAB (CAB)<br><br>**ORDER DENYING MOTION TO RETAX COSTS AND AFFIRMING AWARD**<br><br>[Dkt No. 208] |

This matter is before the court on plaintiffs' Motion To Retax Costs ("Motion") awarded by the Clerk of Court to defendant as the prevailing party in this putative class action alleging unfair debt collection practices and privacy violations under federal and state law. Defendant filed Objections to the Motion. Pursuant to Civ. L. R. 7.1(d)(1), the court finds the issues appropriate for decision on the papers and without oral argument. For the reasons discussed below, the Motion is **DENIED**.

By Order entered July 16, 2007, this court granted defendant's summary judgment motion, terminating this action. Entry of judgment entitles the prevailing party to an award of costs. FED. R.CIV. P. ("Rule") 54(d) ("Except when express provision therefor is made either in a statute of the United States or in these rules, **costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs**. . . .") (emphasis added); *see* 28 U.S.C. § 1920; *see also* Civ. L.R. 54.1. Defendant submitted a Bill of Costs to the Clerk of Court requesting a costs award of $7,928.87 as the prevailing party in this action. Dkt No. 194. Plaintiffs filed Objections to the Bill of Costs. Dkt No. 203. In particular, they objected to: a claim of $307.00 in costs for an


1  expedited copy of the deposition transcript of one of defendant's employees, as excessive and
2  unnecessary; a claim of $955.00 for videotaping of the same deposition as unnecessary and never used;
3  a claim of $768.65 for the cost of an original and one copy of the deposition transcript of one of the
4  plaintiffs as excessive in consideration of the length of the deposition; a claim of $462.00 to videotape
5  that deposition as excessive in consideration of the length of the deposition and as unreasonable and
6  unnecessary because, had there been a trial, plaintiff would have testified; a claim of $553.75 for the
7  cost of a copy of a deposition transcript of another of defendant's employees on grounds the costs
8  claimed are excessive in consideration of the short length of the deposition and unreasonable because
9  the deponent "could reasonably have been expected to testify at trial;" a claim of $940.65 for copies
10 of the depositions of three other of defendants' employees on the same grounds; a claim of $534.50
11 for deposition transcript copies for two other of defendant's employees on the same grounds; a claim
12 of $1,373.32 for a deposition transcript of Jeffrey Bond, defendant's former employee plaintiffs had
13 identified as a witness, on grounds the costs claimed are excessive in consideration of the length of
14 the deposition and because defendant thereafter argued portions of the Bond testimony plaintiffs used
15 to oppose summary judgment were irrelevant; a $48.00 claim for Bond's witness fee as an unexplained
16 $8.00 higher than the statutory fee; a claim of $493.13 for the deposition transcript of a manager
17 employed by defendant on grounds defendants should have waited until the summary judgment motion
18 was decided before ordering the transcript; a claim of $743.45 for a copy of the deposition transcript
19 of another of defendant's managers as excessive in view of the length of the deposition and because
20 again defendant should have waited before ordering the transcript; and a claim of $103.24 to reimburse
21 mileage expenses for one of defendant's employee deponents.

22      Plaintiffs also asserted a blanket objection "to all costs except the [$48.00] witness fee of Mr.
23 Bond as they lack copies of any receipts for payment or cancelled checks." Dkt No. 203, ¶ 12. Finally,
24 they objected to "all costs claimed on the basis Plaintiffs are unable to pay," citing Gordon v Castle
25 Oldsmobile and Honda, Inc., 157 F.R.D. 438 (N.D. Ill. 1994). Dkt No. 203, ¶13.

26      On August 14, 2007, the Clerk's office held a telephonic hearing on the Bill of Costs, then
27 entered an Order taxing costs in favor of defendant in the amount of $6,035.04, reducing by $1,893.83
28 the costs defendant claimed, with an explanation for each deduction and for each allowance. In

particular, the Clerk deducted $1,831.35 from the court reporter fees category of costs and the entire $62.48 claim in the category of exemplification and copy costs. Defendant has not challenged any of the Clerk's deductions from its claimed costs.

Plaintiffs timely filed the instant Motion To Retax Costs. They argue the Federal Fair Debt Collections Practices Act ("FDCPA"), requires that the court make a finding of bad faith and a harassing purpose underlying the bringing of the action before it may tax costs against a losing plaintiff proceeding under the FDCPA. Mot. 3:22-24. "That is, 15 U.S.C. § 1692k(a)(3) supplants, not supplements, Rule 54. . . .." Mot. 3:24-25. However, the authority they cite for that proposition, Gwin v. American River Transp. Co., 482 F.3d 969, 974 (7th Cir. 2007) is distinguishable. The seaman's statute provision at issue in Gwin expressly conditioned any award of *either* costs *or* attorneys' fees to a prevailing defendant on a finding of a frivolous or bad faith filing of the complaint. In those circumstances, a statute may supersede a prevailing plaintiff's Rule 54(d) entitlement to a costs award.

In this court's view, plaintiffs' contention no costs may be taxed against a losing FDCPA plaintiff absent a finding the action was brought in bad faith and for purposes of harassment is simply mistaken. The FDCPA provision provides, in pertinent part:

> [A debt collector who fails to comply with FDCPA provisions] with respect to any person is liable to such person in an amount equal to the sum of [damages] . . . and (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorneys fee as determined by the court. **On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment,** *the court may award to the defendant attorney's fees* **reasonable in relation to the work expended and costs**.

15 U.S.C. § 1692k(a) (emphasis added).

Plaintiffs would have the court read the last quoted sentence as requiring a finding of bad faith and harassment before it may award *either* attorneys' fees *or* costs. The court rejects plaintiff's attempt to read the FDCPA provision in the same manner as the statute at issue in Gwin.[1] This court instead

---

[1] Title 46 U.S.C. § 2114(b)(4) provides, in pertinent part (emphasis added), for "an award of **costs *and* reasonable attorneys' fees to a prevailing employer [defendant] not exceeding $1,000 if** the court finds that a complaint filed under this section is frivolous or has been brought in bad faith." Gwin, 482 F.3d at 974. In contrast, the FDCPA provides for an award "to the defendant" in a case where the court has found plaintiffs brought the action "in bad faith and for the purpose of harassment" of "**attorneys' fees reasonable *in relation to* the work expended and costs**" incurred. 15 U.S.C. § 1692k(a)(3) (emphasis added).

construes that provision as instructing the court to determine the "reasonableness" of any *attorneys' fees* to be awarded to a prevailing defendant, after a finding of bad faith and harassment on plaintiff's part, *in consideration of* the work counsel expended and the costs incurred to defend the action. In that light, it has no effect on a prevailing defendant's Rule 54 costs recovery entitlement.

Rule 54(d)(1) creates a "strong presumption in favor of awarding costs to the prevailing party," even if the Rule accords discretion to the court to direct otherwise. Miles v. California, 320 F.3d 986, 988 (9th Cir. 2003). Recoverable costs are enumerated in 28 U.S.C. § 1920.[2] Section 1920 "defines the term 'costs' as used in Rule 54(d)" and "enumerates expenses that a federal court may tax as costs under the discretionary authority found in Rule 54(d)." Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987) (Rule 54(d) discretion is a power to decline to tax as costs the items enumerated in § 1920). Plaintiffs' objection that the Clerk was without authority to tax costs under Rule 54 and Section 1920 in reliance on their reading of the FDCPA provision is **OVERRULED**.

Alternatively, plaintiffs argue even if the Clerk had the authority to tax costs in the absence of a finding of bad faith and harassment, the Clerk erred in the amounts taxed. Id. 6:7-8. They argue the Bill of Costs form defendant provided, with attachments and supported by an affidavit of counsel as required under Civ. L. R. 54.1(a), is insufficient to support the costs awarded for failure to attach an "itemization" and "supporting documentation" for certain of the claimed costs. Mot. 6:12-13. In particular, they contend the $48.00 witness fee for one of the depositions should not have been awarded for failure to account for the extra $8.00 above the $40.00 per day witness fee authorized by 28 U.S.C. § 1821(b) because defendant does not substantiate whether the excess amount was for "mileage or as a separate subsistence or common carrier travel cost." Mot. 7:1-8. They also argue defendant's claimed $103.24 mileage reimbursement to one of their employee deponents should be deducted for failure to provide a cancelled check or the like to prove defendant actually paid that cost. Mot. 7:9-20. Plaintiffs also object to the $1,373.32 total witness and transcript fee claimed for the

---

[2] "A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1982 if this title. [¶] A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree." 28 U.S.C. § 1920.

Bond deposition the Magistrate Judge assigned to this case ordered be conducted after a hearing on the issue.[3] The court rejects plaintiffs' argument the Clerk erred in taxing those particular costs.

As required by Civ. L.R. 54.1(a), defendant's costs bill itemized the costs claimed and "was supported by a memorandum of costs and an affidavit of counsel. . . ." Attorney Daniel S. Blynn, Esq. executed the Bill of Costs under penalty of perjury attesting that the claimed costs were correct, necessarily incurred in this litigation, and that the services for which fees were charged were actually and necessarily performed. Dkt No. 194. The scope of that attestation encompassed the $103.24 mileage reimbursement cost item. In addition, counsel attached to the Bill of Costs copies of court reporter invoices in support of those claimed costs, as well as the cancelled check for the $48.00 paid to deponent Jeffrey Bond. No additional supporting detail plaintiffs would have the court require is mandated by any authority plaintiffs cite nor by court rules.

The court also rejects plaintiffs' contention defendant's objection to portions of the Bond testimony plaintiffs relied on in support of their opposition to the summary judgment motion (but not to other portions) somehow proves that deposition was "unnecessary," warranting a striking of that cost item. Plaintiffs themselves relied on Bond's deposition testimony in opposing summary judgment, and the court expressly considered portions of that testimony in deciding that motion. *See* <u>Brown v. Inter-Ocean Ins. Co.</u>, 438 F.Supp. 951, 956 (D.C.Ga. 1977) (where court relied on deposition in reaching decision defendant was entitled to summary judgment, the deposition was "necessarily obtained" within the meaning of 28 U.S.C. § 1920).

Finally, plaintiffs seek relief from their obligation on grounds they cannot afford to pay the $6,035.04 award. They represent they are a couple with three young children currently living on the husband's monthly income of $3,000. They acknowledge, however, the husband's "immediate plans . . . to pass the Texas Bar Exam and practice law in Texas," where the couple had moved from California "during the pendency of this lawsuit in order to take advantage of the lower cost of living in Texas." A. Thomassson Decl. ¶¶ 3-7. A court may consider a plaintiff's financial situation in

---

[3] Plaintiffs additionally request that *all* costs awarded be retaxed for failure to provide "cancelled checks []or the declarations of any individual with sufficient personal knowledge of payment procedures upon which to substantiate the claimed costs" as fatal to any foundation for a costs award. Mot. 8:20-24. The court rejects that argument as unsupported by any authority and as contrary to the procedures authorized under the rules of this court.

1  considering whether to reduce an award of costs to a prevailing defendant, but it need not do so, and
2  absent "substantial documentation of a true inability to pay" now, as well as a likelihood of inability
3  to pay the costs in the future, the court will not disturb a properly awarded bill of costs.  *See* Moore
4  v. Hughes Helicopters, Inc., 708 F.2d 475, 486 (9th Cir. 1983); Stanley v. Univ. of So. California, 178
5  F.3d 1069, 1079-80 (9th Cir. 1999) (remanding to district court to reconsider award of $46,710.97
6  where unemployed basketball coach would be rendered indigent if forced to pay); Chapman v. AI
7  Transport, 229 F.3d 1012, 1039 (11th Cir. 2000) (holding a non-prevailing party's financial status is
8  a factor a district court may, but need not consider, in its award of costs pursuant to Rule 54(d)).

9   The court finds plaintiffs' showing is inadequate to prove indigence or to warrant relief from
10 their obligation to pay prevailing defendant's litigation costs.[4]  *See* McGill v. Faulkner, 18 F.3d 456,
11 459 (7th Cir. 1994) (if a district court chooses to consider the non-prevailing party's financial status
12 in determining the amount of costs to award, it should require substantial documentation of a true
13 inability to pay).[5]  As observed in their own cited authority in support of this argument, "unsuccessful
14 indigent litigants are not automatically shielded from the imposition of cost as against them," but rather
15 must "establish [they are] incapable of paying court-imposed costs at this time *or in the future*."
16 Gordon, 157 F.R.D. at 440 (emphasis added).  Plaintiffs' objection to the costs award on grounds of
17 their alleged inability to pay is **OVERRULED**, especially in consideration of Mr. Thomasson's
18 anticipated imminent entry into a professional field likely to substantially increase his income.

19  For all the forgoing reasons, **IT IS HEREBY ORDERED** plaintiffs' objections to the costs
20 award are **OVERRULED**, their Motion To Retax Costs is **DENIED**, and the costs award is affirmed.

21  **IT IS SO ORDERED**.

22 DATED: October 26, 2007

23                                                          **HONORABLE LARRY ALAN BURNS**
                                                            United States District Judge

---

[4]  In objecting to this theory, defendant observes plaintiffs "represented themselves as adequate and capable representatives to pursue litigation on behalf of a nationwide class of debtors that had telephone calls monitored or recorded by GC Services, putting defendant to significant expense in the defense of this matter." Opp. 7:6-8.  Moreover, defendant observes "plaintiffs are pursuing an appeal of ten (10) separate orders of the court in this action."  Opp. 7:10-12.

[5]  Defendant argues even if this court were to accept plaintiffs' invitation to review *in camera* their bank statements, those would not provide a complete picture of their ability to pay the awarded costs.