UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 14 2009

MOLLY C. DWYER, CLERK OF COURT
U.S. COURT OF APPEALS

| ANDREW T. THOMASSON; REBECCA J. THOMASSON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs - Appellants,<br><br>v.<br><br>GC SERVICES LIMITED PARTNERSHIP,<br><br>Defendant - Appellee. | No. 07-56215<br>D.C. No. CV-05-00940-JAH<br>Southern District of California, San Diego<br><br>MANDATE |



FILED
MAY 18 2009
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

The judgment of this Court, entered 11/07/08, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

FOR THE COURT:

Molly C. Dwyer
Clerk of Court

By: Rhonda Roberts
Deputy Clerk

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 07 2008

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANDREW T. THOMASSON; REBECCA J. THOMASSON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs - Appellants,<br><br>v.<br><br>GC SERVICES LIMITED PARTNERSHIP,<br><br>Defendant - Appellee. | No. 07-56215<br><br>D.C. No. CV-05-00940-LAB<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted October 23, 2008
Pasadena, California

Before:  W. FLETCHER and PAEZ, Circuit Judges, and DUFFY,** Senior District Judge.

---

   *   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

   **   The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

Andrew and Rebecca Thomasson ("the Thomassons") appeal the district court's grant of summary judgment to GC Services on their Fair Debt Collection Practices Act ("FDCPA") and California Information Privacy Act ("CIPA") claims. The Thomassons also appeal the district court's denial of their motion to assess costs. Robert Arleo ("Arleo"), one of the Thomassons' attorneys, appeals the district court's imposition of sanctions against him. We reverse the grant of summary judgment on the FDCPA claim, affirm the grant of summary judgment on the CIPA claim, and reverse the sanctions order against Arleo. We do not reach the question whether the district court properly denied the Thomassons' costs motion.

The district court held that the Thomassons did not present sufficient evidence to raise a genuine issue of material fact about whether their calls were monitored, whether they failed to receive notice of this alleged monitoring, and whether unrecorded monitoring constituted a deceptive practice in violation of the FDCPA.[1] We disagree. The Thomassons presented deposition testimony and affidavits from both Andrew and Rebecca Thomasson with evidence that GC Services monitored the Thomassons' calls without notification. The Thomassons

---

[1] At the district court, the Thomassons also claimed that their calls were recorded. They dropped this claim on appeal.

also presented affidavits from eighteen other individuals whose calls had been monitored by GC Services, but who stated that they had not been notified of this monitoring.

The Thomassons also produced evidence supporting their claim that GC Services' failure to reveal that a call may be monitored is a deceptive practice in violation of the FDCPA. The statute provides, "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. One such means is "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). The Thomassons presented evidence that GC Services knew that consumers were more likely to discontinue their telephone calls with GC Services before revealing information about themselves and their debts if they were notified that their calls were being, or could be, monitored. From their evidence, the Thomassons argue that GC Services purposefully failed to notify debtors that their calls were being, or could be, monitored in order to "obtain information concerning a consumer." Taking the evidence in the light most favorable to the Thomassons, we conclude that they have raised a factual dispute as to whether GC Services violated § 1692e.

The Thomassons have not stated a cause of action under CIPA. California Penal Code § 632(a) provides:

> Every person who, intentionally and without the consent of all parties to a confidential communication, by means of any electronic amplifying or recording device, eavesdrops upon or records the confidential communication, whether the communication is carried on among the parties in the presence of one another or by means of a . . . telephone . . . shall be punished . . . .

California courts interpret "eavesdrop," as used in § 632, to refer to a third party secretly listening to a conversation between two other parties. *Ribas v. Clark*, 38 Cal. 3d 355, 363 (Cal. 1985); *Robers v. Ulrich*, 52 Cal. App. 3d 894, 899 (Cal. App. 1975). "Person" is defined as "an individual, business association, partnership, corporation, limited liability company, or other legal entity . . . ." CAL. PENAL CODE § 632(b).

There were only two parties to the telephone calls in this case: the Thomassons and GC Services. GC Services is one "person" under § 632. No third party listened in on the conversations between the Thomassons and GC Services. Therefore, GC Services' alleged call monitoring cannot constitute eavesdropping, and cannot violate CIPA as a matter of law. *See also* California Public Utilities Commission, Re Monitoring of Telephone Conversations Rulemaking, 11 CPUC

4

2d 692 (1983) ("[M]onitoring is lawful, unlike wiretapping and certain classifications of conduct covered by Penal Code §§ 630 et seq.").

The district court imposed sanctions against Arleo for the affidavit he filed in support of the Thomassons' *Ex Parte* Application for Leave to File a Rule 59e Motion ("*Ex Parte* Application"). We construe the *Ex Parte* Application, and Arleo's accompanying affidavit, as a motion for disqualification and for assignment to a different judge under 28 U.S.C. § 144. We vacate the district court's sanctions against Arleo. Some of the words employed by Arleo in his affidavit were ill-chosen, but his conduct was not sanctionable in the context of a disqualification motion.

In light of our disposition, the Thomassons' challenge to the award of costs is moot.

REVERSED in part, AFFIRMED in part. Each party to bear its own costs.