ROBERT E. SCHROTH SR, ESQ. (SBN 103063)
ROBERT E. SCHROTH JR, ESQ. (SBN 212936)
**SCHROTH & SCHROTH**
2044 First Avenue, Suite 200
San Diego, CA 92101-2079
Telephone: (619) 233-7521
Facsimile:  (619) 233-4516

ROBERT L. ARLEO, ESQ. (*Pro Hac Vice*)
**LAW OFFICES OF ROBERT L. ARLEO**
1375 Broadway, Third Floor
New York, New York 10018
Telephone:  (646) 278-5648
E-Mail: r.arleo@verizon.net

[Additional Plaintiffs' counsel listed on last page]

Attorneys for Plaintiffs, ANDREW T. THOMASSON, REBECCA J. THOMASSON, and all others similarly situated

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANDREW T. THOMASSON, *et al.*,<br><br>    Plaintiffs,<br><br>    vs.<br><br>GC SERVICES LIMITED PARTNERSHIP, a Delaware Limited Partnership,<br><br>    Defendant. | CASE NO.  05cv940 JAH (CAB)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>HON. JOHN A. HOUSTON<br>Dept.: Courtroom 11, Second Floor<br>Hearing Date: September 14, 2009<br>Hearing Time:  2:30 p.m. |

On June 3, 2009, at the Case Management Conference with Magistrate Judge Bencivengo, the Plaintiffs' informed the Court that they wished to file a Motion for Leave to File a Second Amended Complaint. [Doc. 247]. Judge Bencivengo gave the Plaintiffs until June 19, 2009, to file their motion with the District Court Judge. This Motion is made in compliance with the Court's directive.

- 1 -

The proposed Second Amended Complaint ("Amended Complaint") essentially makes the following substantive changes:

    (a)    It adds no Plaintiffs.

    (b)    Dismisses all DOE Defendants and names GC SERVICES as the sole defendant;

    (c)    Clarified and shortened the facts concerning the parties to those learned through discovery.

    (d)    Tailored the Class Allegations to the information gleaned in discovery. Specifically the class has been limited to only those consumers who had their conversations *monitored* (as opposed to recorded) by GC SERVICES's California offices.

    (e)    Seeks declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202.

    (f)    Removed all claims under the California Invasion of Privacy Act, Cal. Pen. Code §§ 632, *et seq.* ("CIPA").

    (g)    Clarified and limited the cause of action for violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA") to two claims. Those claims are under 15 U.S.C. §§ 1692e and 1692e(10).

    (h)    Adds a second cause of action for a single claim under the California Rosenthal Act, Cal. Civ. Code §§ 1788, *et seq.*("RFDCPA"). That claim is for Cal. Civ. Code § 1788.17, which simply states that any violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* is also a violation of the FDCPA.

GC SERVICES has indicated to Your Honor and Magistrate Judge Bencivengo that it vehemently opposes the Plaintiffs' desire to add any claim under the RFDCPA. Accordingly, Plaintiffs' brief in support of the Amended Complaint addresses this lone issue.

Plaintiffs have good cause for amending their complaint at this stage of the litigation and the Defendant will not be prejudiced by the proposed amendment. In sum, the sole proposed claim under the RFDCPA is for a violation of Cal. Civ. Code § 1788.17, which simply states that any violation of the FDCPA is also a violation of the RFDCPA.

At the time Plaintiffs initiated their lawsuit, there was no decisional authority that addressed the issue of whether class relief was appropriate or even permitted under the RFDCPA. Additionally, Plaintiffs' counsel believed that adding a class claim under the RFDCPA would yield very little economic benefit to the class as a whole if it resulted in tying up the litigation in appeals with respect to the RFDCPA class issues, especially given that the Plaintiffs had already alleged California specific claims under CIPA.

Since the filing of Plaintiffs complaint, however, there has been a bevy of cases finding that class claims under the RFDCPA are both permissible and permit cumulative recovery when brought in conjunction with FDCPA class claims. Furthermore, Plaintiffs have decided to limit their claims to California, which is precisely what the Defendant has sought throughout the course of this litigation. Finally, the proposed RFDCPA claim will not result in prejudice to the Defendant and is necessary to maximize the recovery of the Plaintiffs and the proposed class.

Consequently, Plaintiffs believe that justice requires that the Court permit them to amend their complaint.

## ARGUMENT

Fed. R. Civ. P. 15(a) provides, in pertinent part: "…a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  Established case law holds that leave to amend a complaint should be freely granted in the absence of bad faith, prejudice, delay, futility or stalling tactics. Granting of the opportunity to a Plaintiff to amend a complaint is within the discretion of the federal District Court and will be reversed only for abuse of discretion. *Foman v. Davis*, 371 U.S. 178 (1962).  *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996).

Thus, while "leave to amend should not be granted automatically," the circumstances under which Rule 15(a) "permits denial of leave to amend are limited." *Ynclan v. Department of Air Force*, (5th Cir. 1991) 943 F2d 1388, 1391.  This policy is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051. (9th Cir. 2003). The party seeking leave to amend need only establish the reason why amendment is required

- 3 -

1  ("justice" so requires). The burden is then on the party opposing the motion to convince the
2  court that "justice" requires denial. *Shipner v. Eastern Air Lines, Inc.* 868 F.2d 401, 406–407
3  (11th Cir. 1989).

4  An "outright refusal" of leave to amend "without any justifying reason appearing for the
5  denial is not an exercise of discretion." *Foman v. Davis,* supra, 371 US at 182; *Fuller v.*
6  *Secretary of Defense*, 30 F3d 86, 88 (8th Cir. 1994); see also, *Eminence Capital, LLC v. Aspeon,*
7  *Inc.*, supra, 316 F.3d at 1052. A plaintiff may amend to include matters that would properly
8  have been brought in initial complaint. *Martinez v Safeway Stores, Inc*., 66 F.R.D. 446 (N.D.
9  Cal. 1975).

10  In this case, no stipulation between the parties was undertaken; it is, therefore, solely
11  within this Court's discretion to allow the amendment requested. To be clear, Plaintiffs do not
12  seek to add a "different" claim. Rather, the RFDCPA claim sought to be added simply states
13  that Plaintiffs can establish liability under the RFDCPA if they prove a single violation of the
14  FDCPA. The Plaintiffs have already alleged a claim under the FDCPA. Hence, no discovery is
15  needed by either side as the success of a claim under the RFDCPA is automatic upon the
16  outcome of the Plaintiffs' already pending FDCPA claim.

17  Since the filing of Plaintiffs' complaint this action, there have been several court
18  decisions, which have held that class action lawsuits are permissible under the RFDCPA, and
19  which have held that the remedies under the FDCPA and the RFDCPA are cumulative and
20  penalties may be awarded under both statutes. See e.g., *Gonzales v. Arrow Fin. Servs. LLC*, 489
21  F. Supp. 2d 1140 (S.D. Cal. 2007); *Palmer v. Stassinos*, 233 F.R.D. 546, 547-48 (N.D. Cal.
22  2006); see also, *Abels v. JBC Legal Group*, 227 F.R.D. 541, 547-48 (N.D. Cal. 2005);
23  *McDonald v. Bonded Collectors, L.L.C.*, 233 F.R.D. 576, 2005 U.S. Dist. Lexis 17365 (S.D.
24  Cal. 2005). *Owens v. Brachfeld*, 2008 U.S. Dist. Lexis 63701 (N.D. Cal. 2008); *Mejia v.*
25  *Marauder Corp.*, 2007 U.S. Dist. Lexis 21313, *31-32 (N.D. Cal. 2007).
26  / / /
27  / / /
28  / / /

1   Moreover, counsel for GC SERVICES has recently informed the Plaintiffs that GC SERVICES intends to argue that it has a limited worth as a means to defeat class action. The Plaintiffs have not received any discovery on this issue; however, adding a class claim under the RFDCPA would ensure the *maximum* economic benefit possible to the class proposed in the Plaintiffs' Amended Complaint.

Finally, GC SERVICES has thus far refused to provide Plaintiffs with discovery on its facilities outside of California. These discovery issues are still pending before the Magistrate Judge Bencivengo. That said, Plaintiffs believe it would be more expedient and efficient to acquiesce to GC SERVICES's desires and limit their claims only to the actions of its California facilities thereby quashing the pending discovery issues. By doing this, the Parties can put aside their discovery disputes and immediately move this case forward to resolution.

As more fully set forth in the accompanying declaration of Robert E. Schroth, Jr., the Amended Complaint was not proposed for any bad faith purpose, prejudice, or delay. As stated above, with this amendment, the case becomes less complicated and should be a welcome development to all involved. Counsel has a duty to the putative class to bring all viable claims.

### A.  NO PREJUDICE TO DEFENDANT AS NO ADDITIONAL DISCOVERY IS NEEDED

Prejudice to opposing party is by far the most important and most common reason for denying leave to amend: "Prejudice is the touchstone of the inquiry under rule 15(a)." *Eminence Capital, LLC v. Aspeon, Inc.*, supra, 316 F.3d 1048 at 1052 (internal quotes omitted); *Lone Star Ladies Invest. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001); *Missouri Housing Develop. Comm'n v. Brice*, 919 F.2d 1306, 1316 (8th Cir. 1990). Indeed, absent prejudice, or a strong showing of any of the remaining reasons for denying leave to amend, "there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC*, supra, 316 F.3d at 1052 (emphasis in original). However, to justify denial of leave to amend, the prejudice must be substantial. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

/ / /

1    Given that the Amended Complaint presents no new legal issues and requires no new
2  discovery, it is difficult to understand how GC SERVICES can claim "substantial prejudice" if
3  the Plaintiffs are granted leave to file the Amended Complaint.

### B.   A VIOLATION OF FDCPA IS A VIOLATION OF THE RFDCPA

In *Gonzalez v. Arrow Financial Services LLC*, 489 F. Supp. 2d 1140, Your Honor ruled that the Plaintiff was entitled to judgment as a matter of law on the issue of Defendant's liability under the RFDCPA because the Defendant had violated 15 U.S.C. §1692e(10). *Gonzalez v. Arrow Financial Services LLC*, 489 F. Supp. 2d 1140, 1153. This is the identical claim sought to be added by the Plaintiffs in this action. The reasoning was that Cal. Civ. Code § 1788.17 incorporates Section 1692k of the FDCPA. *Id*. at 1153. The *Gonzalez* case recently proceeded to trial on a class action basis whereupon the jury awarded, and the Court permitted, cumulative damages to be awarded to both the Plaintiff and the class under the FDCPA and RFDCPA.

Accordingly, if the Plaintiffs prevail on their FDCPA claims they will necessarily prevail on the lone RFDCPA claim. The two claims are not "different", but identical. Success under the RFDCPA provides for cummulative damages to the class members, thereby maximizing the benefit to the Plaintiffs and the class members.

### CONCLUSION

For all these reasons, the Plaintiffs respectfully request this Honorable Court grant their request for leave to file their proposed Amended Complaint.

**SCHROTH & SCHROTH**
**LAW OFFICES OF ROBERT L. ARLEO**
-and-
**LAW OFFICES OF CHRISTOPHER MONELT**
Attorneys for Plaintiffs, ANDREW T. THOMASSON, REBECCA J. THOMASSON, and all others similarly situated

DATED: June 19, 2009

By: *s/ Robert E. Schroth, Jr.*
ROBERT E. SCHROTH, JR, ESQ.

1  ADDITIONAL PLAINTIFFS COUNSEL:

2  CHRISTOPHER K. MONELT, ESQ. (SBN 224478)
3  **LAW OFFICES OF CHRISTOPHER K. MONELT**
   2044 First Avenue, Suite 200
4  San Diego, CA 92101-2079
   Telephone: (619) 233-8034
5  Facsimile:  (619) 233-4516

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28