ROBERT E. SCHROTH SR, ESQ. (SBN 103063)
ROBERT E. SCHROTH JR, ESQ. (SBN 212936)
**SCHROTH & SCHROTH**
2044 First Avenue, Suite 200
San Diego, CA 92101-2079
Telephone: (619) 233-7521
Facsimile:  (619) 233-4516

ROBERT L. ARLEO, ESQ. (*Pro Hac Vice*)
**LAW OFFICES OF ROBERT L. ARLEO**
1375 Broadway, Third Floor
New York, New York 10018
Telephone:  (646) 278-5648
E-Mail: r.arleo@verizon.net

[Additional Plaintiffs' counsel listed on last page]

Attorneys for Plaintiffs, ANDREW T.
THOMASSON, REBECCA J. THOMASSON,
and all others similarly situated

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW T. THOMASSON, *et al.*,<br><br>                Plaintiffs,<br><br>        vs.<br><br>GC SERVICES LIMITED PARTNERSHIP, a<br>Delaware Limited Partnership ,<br><br>                Defendant. | CASE NO.  05cv940 JAH (CAB)<br><br>**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>HON. JOHN A. HOUSTON<br>Dept.: Courtroom 11, Second Floor<br>Hearing Date: September 14, 2009<br>Hearing Time:  2:30 p.m. |

        Plaintiffs ANDREW T. THOMASSON and REBECCA J. THOMASSON on behalf of themselves and the putative class they seek to represent, respectfully submit the following reply brief in further support of their motion for leave to file a second amended complaint in this action.

/ / /

- 1 -

**A.**   **Fed R. Civ. P. 15(a) Applies Because the Court Modified Its Scheduling Order At The Case Management Conference**

On June 3, 2009, the Court held a Case Management Conference to "establish a new scheduling order for this putative class action following a Mandate Hearing before the District Judge on May 18, 2009." [Doc. 247, 1:17-19]. At the Case Management Conference, the Plaintiffs requested leave of Court to file an amended complaint, stating that the proposed amendment would not require new or additional discovery. [Doc. 247, 1:28-28]. In response to Plaintiffs' request, Magistrate Judge Bencivengo altered the scheduling order in this case and directed Plaintiffs to file their motion to amend with the District Judge no later than June 19, 2009. [Doc. 247, 2:1-2]. Plaintiffs complied with Magistrate Judge Bencivengo's modified scheduling order. [Doc. 249].

The Court has wide discretion to schedule dates, even in response to an oral request. The Court did just that at the Case Management Conference held on June 3, 2009. Thus Fed. R. Civ. P. 15(a) -- not Fed. R. Civ. P. 16 -- applies to Plaintiffs' request for leave to file an amended complaint.

**B.**   **Good Cause Exists Under Fed. R. Civ. P. 16 and No Prejudice Will Result to Defendant by Permitting Plaintiffs Leave to Amend Their Complaint**

Should the Court find that Fed. R. Civ. P. 16 applies, good cause exists for granting the Plaintiffs' proposed amendment. As set forth in Plaintiffs' moving papers, Plaintiffs seek only to add one additional cause of action for a violation of Cal. Civ Code § 1788.17, which simply requires a violation of the FDCPA to establish liability.

Since the inception of this lawsuit, Plaintiffs have alleged that the Defendant violated the FDCPA. In its memorandum opinion, the Ninth Circuit Court of Appeals held that the Plaintiffs "produced evidence supporting their claim that GC Services' failure to reveal that a call may be monitored is a deceptive practice in violation of the FDCPA." *Thomasson v. GC Servs. Ltd. P'ship.*, 321 Fed. Appx. 557, 559 (9th Cir. 2008). The Ninth Circuit further held that "[t]aking the evidence in the light most favorable to the Thomassons, we conclude that they have raised a factual dispute as to whether GC Services violated § 1692e." *Id.*

- 2 -

1    The Defendant has defended itself against Plaintiffs' FDCPA claims since the inception

2    of this lawsuit. If the Plaintiffs can establish that Defendant violated the FDCPA, then they have

3    also established -- as a matter of law -- that the Defendant violated Cal. Civ Code § 1788.17.

4    The converse is also true -- if Defendant can establish that it did not violate the FDCPA, then it

5    has also established it did not violate Cal. Civ Code § 1788.17.

6    The Plaintiffs and Defendant have represented to the Court that "no new discovery needs

7    to be propounded in this matter." [Doc. 247, 1:22]. In other words, the Parties agree that no new

8    discovery is needed to prove or defend Plaintiffs' existing FDCPA allegations. Thus, there is no

9    need for additional discovery by either side or any cause to delay this case further. The

10   Defendant will not be prejudiced in any manner if the Plaintiffs are allowed to leave to amend.

11   By contrast, however, the Plaintiffs and the putative class members they seek to represent will

12   be greatly disadvantaged if they are denied an opportunity to recover the full range of damages

13   available to them from the Defendant's violations of state and federal law.

14   Finally, permitting Plaintiffs' leave to amend will not result in undue delay of the case.

15   One of the main reasons stated in the case law for denying a Rule 16 motion is to avoid

16   unreasonable delay of the case. No unreasonable delay will result here because Magistrate

17   Judge Bencivengo has already stayed the deadline for filing a Motion for Class Certification

18   until Plaintiffs' Motion for Leave to Amend is resolved.  [Doc. 247, 2:2-5].

19   As such, good cause exists to permit the amended pleading and no prejudice or undue

20   delay will result to the Defendant by permitting the amendment.

21   **C.    Fed. R. Civ. P. 8 - Notice Pleading Standard**

22   Pursuant to Fed. R. Civ. P. 8, the concise plain statement of "facts," notice pleading

23   standard, applies in this case -- not the state court standard as Defendants have argued.   In

24   *Greenbaum v. Islamic Republic of Iran*, 451 F.Supp.2d 90, 95 (D.D.C. 2006) the District Court

25   stated, "(t)his Court finds that plaintiffs need not file an amended complaint in order to raise

26   their state law claims." *Id*. at 95.   The *Greenbaum* case holds that as long as analogous state

27   claims state claims arise ***from the same set of facts***, it need not even be pleaded in order to

28   pursue the relief afforded by the state claim at trial. *Id*. at 95. Thus, no amendment would

- 3 -

1   ordinarily be necessary because the facts provide all the notice required under Rule 8 of the

2   Federal Rules Civil Procedure. Such is the case at here, where the Plaintiffs' state law claims

3   (i.e. Cal. Civ. Code § 1788.17) rise or fall on the success of their FDCPA claims.

4          That said, Plaintiffs believe it is necessary to amend their complaint here because this is

5   a putative class action case and the Court needs to formally certify or deny a request under Fed.

6   R. Civ. P. 23 as to all claims sought for certification. Because the Defendant's prior Motion for

7   Summary Judgment was granted and Plaintiffs' class certification motion was denied as moot at

8   the same time (pre-appeal), and because the issues were preserved on appeal, the Plaintiffs'

9   motion must deal with all claims for relief presented by the facts. Once the Ninth Circuit

10  determined Plaintiffs had enough facts to raise a triable issue of fact sufficient to establish that

11  Defendant violated the FDCPA, it necessarily provided the basis for the Plaintiffs to establish a

12  claim for relief pursuant to Cal. Civ. Code § 1788.17.

13         Thus, if this were an individual claim, no amendment would be necessary. (Relying on

14  *Greenbaum v. Islamic Republic of Iran*., *supra*) . However, because the amendment is made

15  only to clarify the Rule 23 motion and any notice required if certified, the Court should allow

16  the amendment lest the Defendant claim it has been prejudiced at trial by lack of notice. As set

17  forth above, Defendant has been on notice of Plaintiffs' FDCPA claims since the inception of

18  this lawsuit and, therefore, it has also been on notice of Plaintiffs' claim under Cal. Civ. Code §

19  1788.17. Thus, Defendant had enough "notice" under Rule 8's "notice pleading" standard

20  because it had available all facts upon which liability -- federal or state -- would be based.

21         Additionally, because the Statute of Limitations for all claims available under the facts

22  of this case are tolled for all putative class members until the case is resolved, the putative class

23  members can simply file a second lawsuit alleging a claim under pursuant to Cal. Civ. Code §

24  1788.17 and then seek to consolidate the cases if this motion is denied. Good cause exists for

25  joinder because the putative class members have a right to have all their claims fully and

26  effectively heard, and the same facts form the basis of both claims. If good cause exists for

27  joinder, then it should exist for amendment as well. If amendment is allowed rather than

28

- 4 -

1   requiring joinder, judicial and litigant economy would be served, which is "good cause" in and

2   of itself -- particularly in light of the protracted procedural history of this lawsuit.

3          Following the reasoning of Fed. R. Civ. P. 8 and the rational of *Greenbaum v. Islamic*

4   *Republic of Iran*, Plaintiffs respectfully request that the Court permit them to present their claim

5   under Cal. Civ. Code § 1788.17 on class certification in the event the Court determines that their

6   Motion for Leave to Amend should be denied. Plaintiffs believe this is appropriate given that

7   Defendant was provided all the pleading notice required to establish a claim under Cal. Civ.

8   Code § 1788.17. Moreover, in such an event, Plaintiffs further request leave to present their

9   claims under Cal. Civ. Code § 1788.17 at trial on the same basis.

10         Plaintiffs submit to the Court that a determination that an amended pleading is

11  unnecessary is not the same as a determination that a legal claim for relief cannot proceed.

12  Additionally, the Plaintiffs' claim under Cal. Civ. Code § 1788.17 ***is entirely derivative of their***

13  ***FDCPA claims*** and the "law of the case" is that Plaintiffs' <u>present</u> FDCPA claims are in fact

14  viable. Thus, not only is additional discovery unnecessary just as the Defendant has represented

15  to the Court [Doc. 247, 1:22], but no motion for summary judgment on those claims by the

16  Defendant is even possible. Given the obvious notice provided both by the facts of the operative

17  complaint, the motion itself, and an order of Court allowing the claim to proceed even in the

18  absence of an amendment, the Defendant could not possibly be surprised by Plaintiffs' moving

19  for class certification and liability at trial their claim under Cal. Civ. Code § 1788.17.

20  **D.      <u>Defendant's Improper Attacks on the Plaintiffs</u>**

21         Throughout the course of this litigation, the Defendant has repeatedly attempted to

22  attack and besmirch the character and credibility of Plaintiffs' and their counsel before this

23  Court. The Defendant takes yet another opportunity to do so in its opposition to Plaintiffs'

24  instant motion. These are the same tactics which have exhausted the Magistrate Judge assigned

25  and the prior District Judge assigned herein. Plaintiffs' counsels are loathe to burden this Court

26  with a lengthy discussion on this topic; however, they equally believe they would be remiss to

27  not protect themselves and their clients from this continued type of unwarranted, unnecessary,

28  and tiresome harassment.

1    In short, Defendant asserts that the Plaintiffs cannot convey a consistent set of facts.
2    This is simply not the case. To be clear, the proposed amended complaint is not sworn
3    testimony given and drafted by the Plaintiffs. Rather, in drafting the proposed amended
4    complaint, Plaintiffs' counsel reviewed the scores of deposition transcripts and written
5    discovery responses taken/exchanged by both sides during the years of this protracted litigation.
6    Plaintiffs' counsel used this information gleaned through discovery to craft the proposed
7    amended complaint now before this Court.
8    The facts of this case have developed extensively since the inception of this lawsuit,
9    through the discovery phase, to present date. It is these facts, which are alleged in the proposed
10   amended complaint. The factual averments of the proposed amended complaint are both truthful
11   and accurate. One day a trier of fact will have an opportunity to confirm whether or not these
12   facts are accurate and whether they constitute a violation of the FDCPA and Rosenthal Acts.
13   Until that day comes, however, any discussion (or attack) of the Plaintiffs' character,
14   credibility, or veracity of the allegations in the proposed amended complaint, is improper fodder
15   best suited for carnival sideshows and hair salons. Indeed, the factual averments of Plaintiffs'
16   proposed amended complaint have nothing to do with whether or not the Plaintiffs can make a
17   showing to the Court sufficient to permit them leave to file an amended complaint.

18   ## CONCLUSION

19   For all these reasons, the Plaintiffs respectfully request this Honorable Court grant their
20   request for leave to file the proposed Second Amended Complaint.

21   **SCHROTH & SCHROTH**
     **LAW OFFICES OF ROBERT L. ARLEO**
22   -and-
23   **LAW OFFICES OF CHRISTOPHER MONELT**
     Attorneys for Plaintiffs, ANDREW T.
24   THOMASSON, REBECCA J. THOMASSON,
     and all others similarly situated
25
26   DATED: September 4, 2009          By:   *s/ Robert E. Schroth, Jr.*
                                             ROBERT E. SCHROTH, JR, ESQ.
27
28

- 6 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>ADDITIONAL PLAINTIFFS COUNSEL:</u>

CHRISTOPHER K. MONELT, ESQ. (SBN 224478)
**LAW OFFICES OF CHRISTOPHER K. MONELT**
2044 First Avenue, Suite 200
San Diego, CA 92101-2079
Telephone: (619) 233-8034
Facsimile:  (619) 233-4516

- 7 -

ROBERT E. SCHROTH SR, ESQ. (SBN 103063)
ROBERT E. SCHROTH JR, ESQ. (SBN 212936)
**SCHROTH & SCHROTH**
2044 First Avenue, Suite 200
San Diego, CA 92101-2079
Telephone: (619) 233-7521
Facsimile:  (619) 233-4516

ROBERT L. ARLEO, ESQ. (*Pro Hac Vice*)
**LAW OFFICES OF ROBERT L. ARLEO**
1375 Broadway, Third Floor
New York, New York 10018
Telephone:  (646) 278-5648
E-Mail: r.arleo@verizon.net


[Additional Plaintiffs' counsel listed on last page]

Attorneys for Plaintiffs, ANDREW T. THOMASSON,
REBECCA J. THOMASSON, and all others similarly situated

### UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW T. THOMASSON, REBECCA J. THOMASSON, *et al.*, | CASE NO.  05cv940 JAH (CAB) |
| Plaintiffs, | |
| vs. | **PROOF OF SERVICE** |
| GC SERVICES LIMITED PARTNERSHIP, and DOES 1 through 25 inclusive, | |
| Defendants. | |

I, Robert E. Schroth Jr., declare as follows:

I am, and was at the time of service of the papers herein referred to, over the age of 18 years, and not a party to the action. I am employed in the County of San Diego, California, within which county the subject service occurred. My business address is 2044 First Avenue, Suite 200, San Diego, California 92101.

On September 4, 2009, I served the following document(s):

1.     **PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

BY CAUSING PERSONAL DELIVERY of the document(s) listed above to the person(s) at the address(es) setforth below:

[XX ] BY ELECTRONIC FILING/SERVICE. On the below date, and in accordance with Local Civ. Rule 5.4(c), I caused such document(s) to be Electronically Filed and/or Served through the Case Management / Electronic Case Filing System for the above entitled case to those parties on the Service List all of whom are registered with the Court's CM/ECF System for this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on this 4th day of September 2009, at San Diego, California.

_s/ Robert E. Schroth Jr._
Robert E. Schroth Jr., Esq.

ADDITIONAL PLAINTIFFS COUNSEL:

CHRISTOPHER K. MONELT, ESQ. (SBN 224478)
**LAW OFFICES OF CHRISTOPHER K. MONELT**
2044 First Avenue, Suite 200
San Diego, CA 92101-2079
Telephone: (619) 233-8034
Facsimile:  (619) 233-4516

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>Andrew T. Thomasson, *et al*. v. GC Services Limited Partnership, *et. al.*</u>**
**United States District Court, Southern District of California,**
**Case No. 05cv940 JAH (CAB)**

**<u>SERVICE LIST</u>**

Tim J. Vanden Heuvel, Esq.
R. Gaylord Smith, Esq.
LEWIS, BRISBOIS, BISGAARD & SMITH, L.L.P.
550 West "C" Street, Suite 800
San Diego, CA 92101-3540
Facsimile:  (619) 233-8627

Michelle L. Van Dyke, Esq.
SHEWRY & VAN DYKE, LLP
402 West Broadway, Suite 950
San Diego, CA 92101-8504
Facsimile:  (619) 233-1002

Thomas E. Gilbertsen, Esq.
Dawn Murphy-Johnson, Esq.
Daniel S. Blynn, Esq.
KELLEY DRYE & WARREN, L.L.P.
3050 K Street, N.W., Suite 400
Washington, D.C. 20007-5108
Facsimile:  (202) 342-8451

John H. L'Estrange Jr., Esq.
WRIGHT & L'ESTRANGE
401 West "A" Street, Suite 2250
San Diego, CA 92101
Facsimile:  (619) 231-6710

*Attorneys for Defendant*
*GC SERVICES LIMITED PARTNERS*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28