1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10 | ANDREW T. THOMASSON, et al.,                )   Civil No. 05CV940 JAH (CAB)
                                                 )
11 |                   Plaintiffs,               )   **ORDER DENYING PLAINTIFFS'**
     v.                                          )   **MOTION FOR LEAVE TO AMEND**
12 |                                             )   **FIRST AMENDED COMPLAINT**
     GC SERVICES LIMITED                         )
13 | PARTNERSHIP, and DOES 1 though              )   **[DKT NO. 249]**
     25, inclusive,                              )
14 |                                             )
                      Defendants.                )
15 | _____          )

16 |                            **BACKGROUND**

17 |         This action began on May 4, 2005, when Plaintiffs filed a complaint for violations

18 | of the Fair Debt Collections Practices Act ("FDCPA") and California's Invasion of Privacy

19 | Act ("CIPA") by putative class representatives Andrew T. Thomasson and Mary Jo Mial,

20 | naming GC Services ("Defendant") and Does 1 to 25 as defendants.  (Dkt No. 1.)  On

21 | August 17, 2005, before any responsive pleading was filed, Plaintiffs filed a first amended

22 | class action complaint ("FAC") terminating Mary Jo Mial and adding, as putative class

23 | representatives, Rebecca J. Thomasson, MacDonald P. Taylor, and Chenoa R. Taylor.

24 | (Dkt No. 6.)  On stipulation of the parties, and by order entered May 22, 2006, the

25 | Honorable Larry A. Burns, United States District Court Judge, terminated the Taylor

26 | Plaintiffs, leaving as putative class plaintiffs only the Thomassons.  (Dkt No. 50.)

27 |         The original scheduling order, filed January 9, 2006, set a deadline of March 3,

28 | 2006, to file any motion to join parties or to amend pleadings.  (Dkt No. 21.)  Per

1  stipulation of the parties, Judge Burns entered an order to continue the deadline to file any
2  motion to join parties, to amend pleadings, and to file a class certification motion to May
3  3, 2006.  (Dkt. No. 39.)  Judge Burns ordered that "[n]o further extensions of time will
4  be granted absent a <u>showing</u> of <u>good cause</u>."  (Dkt No. 39 (underlining in original).)
5  Thereafter, Judge Bencivengo again continued this deadline to June 30, 2006.  (Dkt No.
6  51.)

7          While Plaintiffs timely filed their motion for class certification on or before the June
8  30 deadline, Plaintiffs did not timely file their motion for leave to amend their FAC ("First
9  Proposed SAC"), but instead filed it five days late.  (<u>See</u> Dkt No. 90.)  Based on Plaintiffs'
10  untimeliness, consideration of this case's lengthy procedural history, Plaintiff's prior
11  amended complaint, and prior extensions of the deadline for motions to amend the
12  pleadings, Judge Burns denied Plaintiff's motion for leave to amend their FAC.  (Dkt No.
13  154.)

14          Thereafter, Defendant  moved for and was granted summary judgment (Dkt No.
15  192), which the Ninth Circuit affirmed in part and reversed in part (Dkt No. 240).
16  Specifically, the Ninth Circuit reversed the portion of Judge Burn's grant of summary
17  judgment that held Plaintiffs did not present sufficient evidence to raise a genuine issue
18  of material fact regarding whether Defendant's action violated the FDCPA.  (Dkt No.
19  240.)  Conversely, the Ninth Circuit affirmed the portion of Judge Burn's grant of
20  summary judgment that held Plaintiffs did not state a cause of action under CIPA.  (Dkt
21  No. 240.)

22          After receiving the Ninth Circuit's memorandum on November 7, 2008, Judge
23  Burns recused from the matter and it was assigned to this Court.  The Ninth Circuit
24  forwarded its mandate to this Court on April 14, 2009, after which this Court held a
25  mandate hearing.  Following the hearing, this Court ordered the Clerk of Court to reopen
26  the matter and ordered the parties to contact Judge Bencivengo's chambers to schedule a
27  case management conference.  (Dkt No. 241.)  At the case management conference,
28  Plaintiffs informed Judge Bencivengo they intended again to seek leave to amend their

1  FAC ("Second Proposed SAC").  Judge Bencivengo directed Plaintiffs to file their motion

2  to amend in this Court no later than June 19, 2009.  Plaintiffs filed the instant motion on

3  June 19, 2009.

4                                      **ANALYSIS**

5          Plaintiffs now seek, for the second time, leave to amend their FAC.  Plaintiffs

6  represent their Second Proposed SAC makes the following substantive changes: (1) it

7  dismisses all Doe defendants and names GC Services as the sole defendant; (2) it clarifies

8  and shortens the facts concerning the parties to those learned through discovery; (3) it

9  tailors the class allegations to the information gleaned in discovery, by limiting the class

10 to only those consumers who had their conversations monitored by GC Services'

11 California offices; (4) it seeks declaratory relief pursuant to 28 U.S.C. sections 2201 and

12 2202; (5) it removes all claims under the CIPA; (6) it clarifies and limits the cause of

13 action for violations of the FDCPA to two claims under 15 U.S.C. sections 1692e and

14 1692e(10); and (7) it adds a second cause of action for a single claim under the California

15 Fair Debt Collections Practices Act, California Civil Code section 1788 *et sequens*

16 (commonly referred to as the "Rosenthal Act").  (Pl.'s Mot. (Dkt No. 294) 2.)

17 **I.      Legal Standard**

18         A party may file an amended complaint once as a matter of course before any

19 responsive pleading has been filed. Fed. R. Civ. P. 15(a).  After a responsive pleading has

20 been filed or after the complaint has already been amended, a court shall freely grant leave

21 to amend "when justice so requires." Id.  Granting leave to amend generally rests in the

22 sound discretion of the trial court.  Int'l Ass'n of Machinists & Aerospace Workers v.

23 Republic Airlines, 761 F.2d 1386, 1390 (9th Cir. 1985).

24         Once a pretrial scheduling order has issued pursuant to Federal Rule of Civil

25 Procedure 16(b), however, a party must show "good cause" to amend its pleadings.

26 United States v. Dang, 488 F.3d 1135, 1142 (9th Cir. 2007); Johnson v. Mammoth

27 Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  "A court's evaluation of good cause

28 is not coextensive with an inquiry into the propriety of the amendment under . . . Rule

3

15." <u>Johnson</u>, 975 F.2d at 609 (internal quotations omitted).  Lack of prejudice to the non-movant does not constitute "good cause."  <u>See</u> <u>Coleman v. Quaker Oats Co.</u>, 232 F.3d 1271, 1295 (9th Cir. 2000) (explaining that prejudice to the non-movant, "although not required under Rule 16(b), supplies an additional reason for denying the motion").  Unlike Rule 15's liberal amendment policy, Rule 16's "good cause" standard primarily considers the diligence of the party seeking the amendment.  <u>Johnson</u>, 975 F.2d at 609; <u>see also</u> <u>Coleman</u>, 232 F.3d at 1294.  A court must consider "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." <u>AmerisourceBergen Corp. v. Dialysist West, Inc.</u>, 465 F.3d 946, 953 (9th Cir. 2006) (internal quotations omitted).  Where a movant "[has] failed to show diligence, 'the inquiry should end.'" <u>Coleman</u>, 232 F.3d at 1294 (quoting <u>Johnson</u>, 975 F.2d at 609).

## II.  Federal Rule of Civil Procedure 16 Governs Plaintiffs' Motion

Plaintiffs first argue Federal Rule of Civil Procedure 15 should govern their motion to amend their FAC.  (Pl.'s Mot. 3.)  Defendant disagrees and asserts that Rule 15 allows a party to amend its pleadings **before** any deadlines in a scheduling order have passed. (Def.'s Opp'n 4-6.)  The appropriate rule, argues Defendant, is Rule 16, which requires a party to show "good cause" to amend its pleadings **after** any deadlines in a scheduling order have passed.  (Def.'s Opp'n 4.)

In reply, Plaintiffs reassert that Rule 15 should apply because Magistrate Judge Bencivengo's order following a case management conference on June 3, 2009, stated the case management conference was held to "establish a new scheduling order for this putative class action following a Mandate Hearing before the District Judge on May 18, 2009."  (Pl.'s Reply 2 (quoting Dkt No. 247).)

The original pretrial scheduling order was issued on January 9, 2006, and included a deadline of March 3, 2006, to file any motion to join other parties, to amend the pleadings, or to file additional pleadings.  After several modifications to the pretrial scheduling order, a new deadline to join other parties, amend the pleadings, or file additional pleadings was set for June 30, 2006.

1        Upon remand, this Court directed the Clerk of Court "to reopen the matter for

2  further proceedings."  (Dkt No. 241.)  Notwithstanding Magistrate Judge Bencivengo's

3  June 3, 2009, order, a new scheduling order did not issue.  Contrary to what Plaintiffs

4  seem to suggest, Magistrate Judge Bencivengo's June 3, 2009, order did not change the

5  legal standard applicable to a party seeking leave to amend its pleadings after a scheduling

6  order has been issued.  Instead, her order merely recognized Plaintiffs' assertion that they

7  intended to amend their FAC.

8        This Court finds that Rule 16 and the case law cited above make it clear the "good

9  cause" standard applies once a scheduling order has been issued.  Plaintiff cites to no

10  authority and this Court has found no authority that abrogates Rule 16's applicability to

11  a case where a scheduling order has been issued then later modified.

12        Moreover, this Court stated the following during the mandate hearing on May 18,

13  2009,

> We have gone beyond the discovery cutoff, motions for summary judgment
> have been filed.  At this juncture my leaning would be, I see no need to
> reopen discovery, I see no reason to litigate the record.  Or even the idea of
> amending the pleadings, counsel, to be quite frank with you, at this state of
> the proceedings, you know, I would need to have some very good cause.

17  (Dkt No. 243 at 8:19-25.)  As such, because Plaintiffs' Second Proposed SAC comes after

18  the deadline to amend their pleadings as set forth in the scheduling order, Rule 16 governs

19  Plaintiffs' motion.

20  **III.    Rule 16 Requires Denial of Plaintiffs' Motion**

21        The primary issue of contention regarding Plaintiffs' Second Proposed SAC appears

22  to be Plaintiffs' addition of the Rosenthal Act claim.  (See Pl.'s Mot. 2-5; see also Def.'s

23  Opp'n (Dkt No. 252) 6; see also Pl.'s Reply (Dkt No. 254) 2-5.)  Indeed, Plaintiffs set

24  forth no argument in their motion or reply to support the balance of their proposed

25  amendments.  (Pl.'s Mot. 2.)

26        Plaintiffs assert the Rosenthal Act claim is "identical" to—not "different" from—the

27  FDCPA claim because Defendant would be liable, as a matter of law, under the Rosenthal

28

1   Act if Defendant is found liable under the FDCPA.[1]  (Pl.'s Mot. 4.)  Indeed, Plaintiffs

2   point to a case in which this Court held a plaintiff, representing a certified class, was

3   entitled to relief under the Rosenthal Act as a matter of law after finding the defendant

4   violated the FDCPA.  (Pl.'s Mot. 6 (citing <u>Gonzales v. Arrow Fin. Servs. LLC</u>, 489 F.

5   Supp. 2d 1140, 1153 (S.D. Cal. 2007)).)

6         To explain their failure to include this claim in their original complaint or in their

7   FAC, Plaintiffs assert "there was no decisional authority that addressed the issue of

8   whether class relief was appropriate or even permitted under the [Rosenthal Act]."  (Pl.'s

9   Mot. 3.)  Plaintiffs contend that, since they filed their original complaint on May 4, 2005,

10  several court decisions have "held that class action lawsuits are permissible under the

11  [Rosenthal Act], and which have held that the remedies under the FDCPA and the

12  [Rosenthal Act] are cumulative and penalties may be awarded under both statutes."  (Pl.'s

13  Mot. 4.)  To support this contention, Plaintiffs cite to <u>Gonzales</u>, 489 F. Supp. 2d 1140

14  (decided June 8, 2007); <u>Palmer v. Stassinos</u>, 233 F.R.D. 546, 547-48 (N.D. Cal. 2006)

15  (decided January 12, 2006); <u>Abels v. JBC Legal Group</u>, 227 F.R.D. 541, 547-48 (N.D.

16  Cal. 2005) (decided May 16, 2005); <u>McDonald v. Bonded Collectors LLC</u>, 233 F.R.D.

17  576, 577 (S.D. Cal. 2005) (decided Aug. 15, 2005); <u>Owens v. Brachfeld</u>, No. C07-4400,

18  2008 WL 3891958, at *3 (N.D. Cal. Aug. 20, 2008); <u>Mejia v. Marauder Corp.</u>, No.

19  C06-00520 HRL, 2007 WL 806486, at *9-10 (N.D. Cal. Mar. 15, 2007).

20        Plaintiffs argue last that Defendant will not be prejudiced by the addition of the

21  Rosenthal Act claim because no additional discovery would be required.  (Pl.'s Mot. 5.)

22  Plaintiffs assert no new discovery would be required because liability under the Rosenthal

23  Act rests on the same factual grounds as liability under the FDCPA.  (Pl.'s Mot. 4.)

24        Defendant, arguing under the premise that Rule 16 applies, asserts in its opposition

25  that the lynchpin of showing "good cause" is that the movant has been diligent in seeking

26

27        [1]The Rosenthal Act states, in pertinent part, "Notwithstanding any other provision of this title, every
    debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of
28  Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of
    the United States Code."  Cal. Civ. Code § 1788.17.

6                                                          05CV940 JAH (CAB)

1   the amendment at issue. (Def.'s Opp'n 5.) Defendant goes on to assert that Plaintiffs

2   lacked diligence in moving to amend their FAC and, therefore, cannot demonstrate good

3   cause sufficient to allow the amendment. (Def.'s Opp'n 5.) Specifically, Defendant points

4   out that Plaintiffs' Second Proposed SAC "comes after a motion for summary judgment

5   was decided, an appeal was taken, and the case was remanded to this Court."[2] (Def.'s

6   Opp'n 5.)

7        Defendant also responds to Plaintiffs' argument that since filing their complaint,

8   recent decisional authority has clarified that "class action lawsuits are permissible under

9   the [Rosenthal Act], and which have held that the remedies under the FDCPA and the

10   [Rosenthal Act] are cumulative and penalties may be awarded under both statutes."

11   Specifically, Defendant asserts Plaintiffs' argument does not excuse their substantial delay

12   in seeking to add the Rosenthal Act claim because decisional authority existed at least as

13   early as 2005, if not earlier. (Def.'s Opp'n 8.) Defendant points out that two of the cases

14   on which Plaintiffs rely were decided before Plaintiffs filed their FAC. (Def.'s Opp'n 9.)

15   Thus, argues Defendant, nothing excuses Plaintiffs waiting more than three years to move

16   to add a Rosenthal Act claim. (Def.'s Opp'n 9.)

17        Defendant also argues it would be prejudiced by the addition of the Rosenthal Act

18   claim because Defendant "has spent a substantial amount of money, time, and resources

19   attempting to discover the actual facts in this litigation and respond to [P]laintiffs' ever-

20   moving target." (Def.'s Opp'n 10.) Defendant notes this case has been pending for four

21

22       [2]Defendant further points to several instances which arguably demonstrate Plaintiffs' lack of
diligence throughout this litigation:

23         Docket No. 58 at 5 (granting [P]laintiffs' motion to compel production of class member
identities despite untimeliness of motion and noting that [P]laintiffs were not "diligen[t] in

24         pursuing what [they] ha[ve] characterized as necessary discovery"); Docket No. 154 at 6
(recognizing "Plaintiffs' counsel's belated assessment of their case"); Docket No. 161 at 2
n.1 (allowing "belated" depositions of two GC Services consumer debt collection managers

25         but stating "[t]his Court finds that Plaintiffs have not been diligent in pursuing discovery
in this case."); Docket No. 163 at 1 ("Although it appears that Plaintiffs were not diligent

26         in pursuing this discovery or examining information in their possession to timely notice
these depositions, Plaintiffs will be afforded this final opportunity to take formal discovery

27         to support their claims."); Docket No. 183 at 3 ("The docket reflects the court has twice
found [P]laintiffs were not diligent in pursuing discovery or in examining information in

28         their possession.").
(Def's Opp'n 6.)

05CV940 JAH (CAB)

1   years and, "since the filing of the initial complaint, [P]laintiffs constantly have changed

2   their stories to fit new rulings in this case."  (Def.'s Opp'n 10.)

3          Lastly, even though Plaintiffs' motion does not present argument in support of their

4   additional amendments, Defendant's opposition takes aim at them.  Regarding Plaintiffs'

5   proposed amendment to tailor the class allegations, Defendants argue Plaintiffs' attempt

6   at streamlining the proposed class "is belied by the proposed class definition, which still

7   seeks certification of a nationwide class." (Def.'s Opp'n 4.)  Regarding Plaintiffs' proposed

8   amendment to strike the CIPA claim and dismiss the Doe defendants, Defendant asserts

9   "Plaintiffs' remedy is simply not to prosecute its abandoned claims rather than to attempt

10  to reopen the pleadings, a development that would entail further delay in the resolution

11  of this action."  (Def.'s Opp'n (quoting Dkt No. 154 at 6).)

12         In reply, Plaintiffs assert that, if this Court does apply Rule 16, "good cause" exists

13  to grant Plaintiffs' motion.  (Pl.'s Reply 2.)  Specifically, Plaintiffs argue "good cause"

14  exists because Plaintiffs seek to add only one cause of action, the Rosenthal Act claim.

15  (Pl.'s Reply 2.)  Plaintiffs also assert "good cause" exists because Defendant will not be

16  prejudiced, given that no new discovery needs to take place, and because Plaintiffs will be

17  disadvantaged if not allowed to amend their FAC.  (Pl.'s Reply 3.)  Additionally, Plaintiffs

18  argue no undue delay will result because Magistrate Judge Bencivengo has stayed the

19  deadline for filing a motion for class certification until the instant motion is decided.  (Pl.'s

20  Reply 3.)

21         This Court finds that Plaintiffs have not demonstrated diligence in amending their

22  complaint and, therefore, do not satisfy the "good cause" standard required to amend.

23  Plaintiffs' motion for leave to amend comes after summary judgment was granted, an

24  appeal was taken, and this case was remanded to this Court.  The only explanation

25  Plaintiffs provide for failing to include the Rosenthal Act claim in either their original

26  complaint or their FAC is that only recently has case law held that "class claims under the

27  [Rosenthal Act] are both permissible and permit cumulative recovery when brought in

28  conjunction with FDCPA class claims." (Pl.'s Mot. 3.)  Two of the cases which Plaintiffs

1   cite to, however, were decided before Plaintiffs filed their FAC on August 17, 2007.  <u>Abels</u>,

2   227 F.R.D. 541 (decided May 16, 2005); <u>McDonald</u>, 233 F.R.D. 576 (decided Aug. 15,

3   2005 in this District).  Plaintiffs fail to address this point in their reply.  Thus, this Court

4   finds that Plaintiffs knew or should have known that a Rosenthal Act claim was

5   permissible in their circumstances well before filing the instant motion.

6        Further, while Defendant is not required to show prejudice under Rule 16 to defeat

7   Plaintiffs' motion, this Court finds Defendant would be prejudiced by the addition of the

8   Rosenthal Act claim.  Plaintiffs' argument that no additional discovery would be required

9   if the Rosenthal Act claim were added holds some weight.  Adding a claim, however, at this

10  late stage of the proceedings would unfairly impose additional litigation costs on

11  Defendant.  Even if no new discovery were required, Defendant will undoubtedly incur

12  additional and unanticipated expenses in preparing a legal defense against the Rosenthal

13  Act claim.[3]  Whether the addition of the Rosenthal Act claim would result in prejudice to

14  Defendant is a close question, but this Court finds adding an additional cause of action

15  at this late stage would unduly prejudice Defendant.  While a showing of prejudice is not

16  required, this finding further supports this Court's conclusion that Plaintiffs' motion for

17  leave to amend their FAC should be denied.

18       In sum, Plaintiffs have not demonstrated the diligence required to demonstrate

19  "good cause" because Plaintiffs have had, notwithstanding the appeal period, ample

20  opportunity to include the Rosenthal Act claim by amending their FAC and have failed

21  to do so.  Additionally, allowing Plaintiffs to amend their FAC would unduly prejudice

22  Defendant.  Accordingly, Plaintiffs' motion for leave to amend their FAC is DENIED.

23  ///

24  ///

25  ///

26  ///

27  _____

28       [3]Defendant does not concede to Plaintiffs' assertion that a Rosenthal Act claim is "identical" to a
FDCPA claim in this case or that liability under the FDCPA would result in liability under the Rosenthal Act
as a matter of law.  (Def.'s Opp'n 8.)

05CV940 JAH (CAB)

1

**CONCLUSION AND ORDER**

2        For the foregoing reasons, IT IS HEREBY ORDERED that:

3        1.      Plaintiffs' motion for leave to amend their first amended complaint is

4                DENIED.

5    DATED:  March 9, 2010

6

7                                        JOHN A. HOUSTON
                                         United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

05CV940 JAH (CAB)