UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ANDREW T. THOMASSON, et. al., | ) | Civil No. 05cv0940 JAH (CAB) |
|---|---|---|
| Plaintiff, | ) ) ) | **ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION [Doc. No. 261]** |
| v. | ) ) | |
| GC SERVICES LIMITED PARTNERSHIP, and DOES 1 though 25, inclusive, | ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiffs move to certify this action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"). Defendants oppose the motion.

**BACKGROUND**

Plaintiffs Andrew T. Thomasson and Rebecca J. Thomasson[1] originally filed their complaint on May 4, 2005, alleging violations of the FDCPA and California's Invasion of Privacy Act ("CIPA") and filed a First Amended Complaint ("FAC") on August 17, 2005. The action was originally assigned to the Honorable Larry A. Burns, United States District Judge.

Plaintiffs filed a motion for class certification on June 30, 2006, and a motion for leave to file a second amended complaint on July 5, 2010, which Judge Burns denied as

---

[1]The original complaint named Andrew T. Thomasson and Mary Jo Mial as plaintiffs. The FAC terminated Mary Jo Mial and added Rebecca J. Thomasson, MacDonald P. Taylor and Chenoa R. Taylor as plaintiffs. See FAC (Doc. No. 6) Pursuant to the parties' stipulation, Judge Burns terminated Chenoa Taylor and MacDonald Taylor as plaintiffs. See Doc. No. 50.

1  untimely.  Defendant filed a motion for summary judgment on October 26, 2006.  Upon

2  finding Plaintiffs failed to produce sufficient evidence to raise a triable issue of material

3  fact as to whether Defendant violated the FDCPA, Judge Burns granted Defendant's

4  motion as to the FDCPA and the CIPA claims.  Plaintiffs' motion for class certification

5  was denied as moot.

6      Plaintiffs appealed the order and the Ninth Circuit affirmed in part and reversed

7  in part.  The Ninth Circuit reversed Judge Burns' grant of summary judgment as to the

8  FDCPA claim and affirmed the grant of summary judgment as to the CIPA claims.[2]  A

9  hearing was held to spread the mandate, at which this Court directed the parties to contact

10  the magistrate judge's chambers to schedule a case management conference.  After the case

11  management conference, Plaintiffs moved for leave to amend the complaint.  Finding

12  Plaintiff failed to demonstrate diligence in amending the complaint and therefore failed

13  to satisfy the "good cause" standard, this Court denied the motion.

14      Thereafter, Plaintiffs filed the pending motion to certify the class.  Defendant filed

15  an opposition, and Plaintiffs filed.  The parties filed numerous documents under seal

16  pursuant to the protective order issued in this case.  Defendant filed objections to

17  Plaintiffs' declarations to which Plaintiffs responded.  After a thorough review of the

18  parties' submissions and oral argument at the hearing, and for the reasons set forth below,

19  the Court GRANTS Plaintiffs' motion for class certification.

20                                **DISCUSSION**

21  Plaintiffs seek to certify the following class:

22      Plaintiffs' Andrew T. Thomasson, Rebecca J. Thomasson, and all other 412
        persons identified by GC Services as persons whose telephone
23      communications with a debt collector employed by Defendant GC Services,
        concerning the collection of a debt, alleged or otherwise, that was monitored
24      by GC Services without the consent of each party to the communication.

25  **I. Legal Standard**

26      Whether to grant class certification is within the discretion of the court.

27  Montgomery v. Rumsfeld, 572 F.2d 250, 255 (9th Cir. 1978).  A cause of action may

28  _____

        [2]Thereafter, Judge Burns recused from the case and it was assigned to this Court.

                                    2                          05cv0940

1   proceed as a class action if a plaintiff meets the threshold requirements of Rule 23(a) of

2   the Federal Rules of Civil Procedure: numerosity, commonality, typicality, and adequacy

3   of representation. FED.R.CIV.P. 23(a).  In addition, a party seeking class certification must

4   meet one of the three criteria listed in Rule 23(b).  Pursuant to Rule 23(b)(3) a party may

5   maintain a class action if the court finds that the questions of law or fact common to the

6   members of the class *predominate* over any questions affecting only individual members,

7   and that a class action is *superior* to other available methods for the fair and efficient

8   adjudication of the controversy.

9   **II. Analysis**

10  **A. "Threshold" Issues**

11  **1. Certification of Claims Based upon Oral Communications**

12      Defendant argues claims based on varying oral communications cannot be certified

13  for class treatment based upon decisional authority.[3]  Defendant maintains Plaintiffs seek

14  to certify certain individuals that were subjected to alleged deviations in Defendant's

15  policy to give the disclosure/advisement at issue.   Plaintiffs argue, unlike the cases cited

16  by Defendant, no "content determinative" situation exists here.  Plaintiffs maintain it is

17  the uniform conduct of GC Services, not the content of the conversation that establishes

18  the violation.

19      A review of the cases cited by Defendant in support of its argument demonstrates

20  the various courts do not find, as a general proposition, that actions based upon oral

21  communications cannot be certified, but find the particular oral communications alleged

22  prevented the plaintiff from meeting the typicality or commonality requirement for

23  certification.[4]  As such, the appropriateness of class certification for claims based upon oral

24

25      [3]In support, Defendants cite to <u>Clark v. Watchie</u>, 513 F.2d 994, 999 (9th Cir.
    1975), <u>Jones v. E*Trade Mortg. Corp.</u>, 2006 WL 581257, *3 (S.D.Cal.), <u>Williams v.
26  Empire Funding Corp.</u>, 227 F.R.D. 362, 373 n.12 (E.D. Pa. 2005).

27      [4]In <u>Clark</u>, the Ninth Circuit found a suit alleging violations of the Securities
    Exchange Act could not be maintained as a class action, because the Plaintiff failed to
28  show the alleged misrepresentations or nondisclosures were common to the class.  513
    F.2d at 1000.  In <u>Jones</u>, Judge Whelan found the plaintiffs' claim for violation of TILA

05cv0940

1   communications are addressed in the discussion of the Rule 23 requirements below.

2   **2.  Precise and Ascertainable Definition**

3         Defendant argues the proposed class fails the threshold test of a precise and

4   ascertainable definition, because it inappropriately incorporates merits issues.  Defendant

5   contends there is no way to objectively identify the members of the proposed class without

6   extensive "mini-trials" for each prospective member.  Defendant maintains, in order to

7   qualify for class membership, each member of the list of 412 people must pass a multi-part

8   class member test to determine if: (1) the individual is a "consumer" for purposes of the

9   FDCPA; (2) whether GC Services was acting as a third-party "debt collector" for purposes

10  of the FDCPA; (3) whether the conversation with GC Services constitutes a

11  "communication concerning the collection of a debt" for purposes of the FDCPA; and (4)

12  was the call monitored without consent.  Defendant argues these factual issues could only

13  be resolved from competing evidence.

14        Plaintiffs argue Defendant has a uniform policy to not provide the monitoring

15  disclosure until after a consumer has disclosed their name, address, telephone number,

16  birth date and driver's license number to Defendant's representative.  It is this policy, they

17  contend, not the content of the conversation that establishes the violation.  Plaintiffs argue

18  they have established the FDCPA was violated at the outset of any telephone conversation

19  between Defendant and a consumer by gathering a consumer's personal information

20  during the conversation prior to disclosing that the call might be monitored.

21        Rule 23 contains no explicit requirement regarding the class definition.  However,

22  many courts have held Rule 23 implicitly requires the class be adequately defined and

23  clearly ascertainable.  See Lewis v. First American Title Ins. Co., 265 F.R.D. 536 (D. Idaho

24  2010); Hanni v. American Airlines, Inc., 2010 WL 289297 (N.D.Cal.); Quezada v. Loan

25  Center of California, Inc., 2009 WL 5113506 (E.D.Cal.); Sacora v. Thomas, 2009 WL

26  _____

27  based upon oral statements differed from the proposed class and, therefore, the plaintiffs
    failed to meet the typicality requirement.  In Williams, the district court found the
28  plaintiff failed to demonstrate typicality when her claims were based upon oral
    communications and there were no allegations the proposed class members claims were
    based upon oral communications.

4639635 (D. Or.); Singleton v. Adick, 2009 WL 3710717 (D.Ariz.); Tchoboian v. Parking Concepts, Inc., 2009 WL 2169883 (C.D. Cal.) (Discussing whether the class is ascertainable as a factor to consider for numerosity); Spencer v. Beavex, Inc., 2006 WL 6500597 (S.D.Cal.). "A class is ascertainable if it identifies a group of unnamed plaintiffs by describing a set of common characteristics sufficient to allow a member of that group to identify himself or herself as having a right to recover based on the description." Moreno v. Autozone, Inc., 251 F.R.D. 417, 421 (N.D.Cal.2008) (quoting Bartold v. Glendale Federal Bank, 81 Cal.App.4th 816, 828, 97 Cal.Rptr.2d 226 (2000). "The Court must be able to determine class members without having to answer numerous fact-intensive questions." Spencer v. Beavex, Inc., 2006 WL 6500597 (quoting Whiteway v. FedEx Kinko's Office and Print Servs., Inc., 2006 WL 2642528 (N.D.Cal.).

Plaintiffs' class definition may require a threshold inquiry to determine class membership.   It clearly requires an individualized inquiry into the content of the telephone calls to determine whether the advisement was given and, if so, when it was given.    However, this limited, basic inquiry does not make class certification "administratively infeasible."  See Spencer, 2006 WL 6500597 ("[A] proposed class must be clearly defined so that it is administratively feasible for a court to determine whether a particular individual is a member").   Accordingly, the Court finds the class definition is adequately defined and clearly ascertainable.

**B.    Rule 23(a) Criteria**

**1.  Numerosity**

Rule 23 requires that the class be "so numerous that joinder of all members is impracticable."   FED.R.CIV.P. 23(a)(1).   Plaintiff contends they meet the numerosity requirement because GC Services admits they monitored the telephone conversations of 412 persons, and produced approximately 2000 call monitoring sheets.[5]   As discussed

---

[5]Defendant objects to Plaintiffs' reference to the call sheets because the call sheets were not attached to the motion.   Defendants, however do not challenge Plaintiffs' assertion that they obtained the list of 412 potential class members from the voluminous set of documents.  Because Defendant does not dispute the pertinent information garnered

1  above, the Court finds class membership is objectively ascertainable.  Based upon the list

2  of 412 potential class members, the Court finds Plaintiffs meet the numerosity

3  requirement.

4  **2.  Commonality**

5  Questions of law or fact must be common to the class.  <u>See</u> FED.R.CIV.P. 23(a)(2).

6  Plaintiffs argue Defendant committed that same standardized conduct with each member

7  of the putative class, namely, failing to advise the class members that the call might be

8  monitored at the outset of the telephone conversation.

9  Defendant argues the common issue, whether Defendant's conduct of not making

10  the advisement to the consumers at the outset of calls constitutes false, deceptive and

11  misleading means to collect or attempt to collect any debt or to obtain information

12  concerning a consumer in violation of the FDCPA which requires an individualized inquiry

13  of each person on the list to determine: (1) whether the individual's debt was a

14  "consumer" debt; (2) whether Defendant called the consumer as a third-party debt

15  collector or as an agent of the creditor; (3) whether the consumer was given notice the call

16  could be monitored; (4) at what point in the call was the consumer given notice the call

17  would be monitored; (5) whether the consumer "consented" to having the call monitored;

18  (6) if the call was monitored, the consumer was not given notice, and the consumer did

19  not consent to the monitoring, whether the call constituted a "communication in

20  connection with the collection of any debt" for purposes of the FDCPA; (7) if the call was

21  monitored, the consumer was given notice, and the consumer did not consent to the

22  monitoring, whether the call to the point of the notice constituted a "communication in

23  connection with the collection of any debt" for purposes of the FDCPA; and (8) if GC

24  services did violate the FDCPA in a particular call, whether the bona fide error defense

25  applies to that violation.

26  Defendant maintains counsel for Plaintiffs acknowledged the necessity of resolving

27  numerous individual issues, as they identified a need to contact each person on the list,

28

from the documents, the Court OVERRULES the objection.

05cv0940

1   during discovery, to determine whether each was advised that the telephone conversations

2   were monitored.   Defendant further maintains the seventeen declarations submitted by

3   Plaintiffs in support of their motion further evidences that individual issues predominate.[6]

4   As such, Defendant argues, predominance and commonality are lacking.

5           Plaintiffs contend whether Defendant disclosed to consumers at the outset of a

6   telephone call that their conversation might be monitored by a third person prior to

7   seeking the consumer's personal information and whether this conduct violates the

8   FDCPA is common to the class members and predominates over any potential individual

9   issue.   They maintain it is the uniform lack of disclosure, not the content of the

10  conversation, that is relevant and this common issue predominates over the individual

11  issues.  They further maintain no mini trials are necessary to establish that Defendant was

12  acting as a debt collector, the conversations were an attempt to collect a debt and the

13  telephone conversations were communications as Defendant has already admitted these

14  facts.  To the extent class member testimony is needed, Plaintiffs assert that after the fifth

15  or sixth class member testifies at trial, a jury could easily conclude that GC Services did

16  not provide any monitoring advisement.

17          Commonality is construed liberally.  See Hanlon v. Chrylser Corp., 150F.3d 1011,

18  1019 (9th Cir. 1998).  Defendant does not dispute the fact the list of 412 people consists

19  of individuals whose calls with Defendant's representatives were monitored.   The alleged

20  violation at issue is the failure to disclose to each individual that the calls would be

21  monitored at the outset of the telephone call.  Although there are "divergent factual

22  predicates", the common legal questions of whether Defendant violated the FDCPA when

23  _____

24          [6] Defendant objects to the Court's consideration of the declarations on the basis
     they contain information that is irrelevant, statements that are speculative and conclusory,
25   and a statement demonstrating the individual declarants viewed a confidential document
     in violation of the protective order in this case.   Defendant further objects to Robert
26   Schroth's declaration summarizing the contents of the declaration. Plaintiff argues they
     did not violate the protective order because the individuals who viewed the document
27   already had personal knowledge of its contents.  The Court reviewed the declarations and
     other evidence submitted by Plaintiff, and relied on only the information it deemed
28   relevant and pertinent to the issues presented by the present motion.  The objections are
     OVERRULED.

05cv0940

1   it failed to give the advisement satisfies the commonality requirement.  See id. ("The

2   existence of shared legal issues with divergent factual predicates is sufficient, as is a

3   common core of salient facts coupled with disparate legal remedies within the class.").

4   **3.  Typicality**

5         Typicality under subsection Rule 23 requires that "the claims or defenses of the

6   representative parties are typical of the claims or defenses of the class."  FED.R.CIV.P.

7   23(a)(3).  Plaintiffs argue they meet the typicality requirement because, as defined, each

8   member of the class was subjected to the same FDCPA violations as the named Plaintiffs

9   and all class members' claims arise from the same uniform conduct committed by GC

10  Services.

11        Defendant argues Plaintiffs are not on the list of people they seek to certify, have

12  not established they are members of a class of consumers whose calls with Defendant were

13  monitored in a communication in connection with the collection of a debt and have barely

14  presented enough evidence to raise a factual dispute about whether their calls with

15  Defendant were monitored.[7]  Defendant maintains, at a trial, resources will be devoted to

16  resolving disputes about Plaintiffs and not the class.

17        Plaintiffs argue the substantial evidence demonstrates Plaintiffs calls were

18  monitored and Defendant produced no evidence to rebut this evidence.  They maintain,

19  their claims are typical of the class.

20        "[R]epresentative claims are 'typical' if they are reasonably co-extensive with those

21  of absent class members; they need not be substantially identical."  Hanlon, 150 F.3d at

22  1019.   Plaintiffs allege Defendant has a policy of monitoring telephone calls with

23

24        [7]Defendant objects to the statement contained in both Andrew Thomasson and
    Rebecca Thomasson's declaration that they believe their calls were monitored secretly as
25  irrelevant and not within the declarant's personal knowledge.  Plaintiffs maintain the
    information was within their personal knowledge and is relevant.  The objection is
26  OVERRULED.

27  Defendant also objects to statements made by both Andrew and Rebecca Thomasson that
    they believe GC Services is making an effort to unearth salacious information about them.
28  The statements are without foundation and are completely irrelevant to the issues
    presented by the pending motion.  As such, the objection is SUSTAINED.

05cv0940

1   individuals without telling the individual the call may be monitored before obtaining

2   personal information.  While there is a dispute as to whether the named plaintiffs' calls

3   were monitored, Plaintiffs tender evidence through declarations that several calls were

4   monitored by Defendant.  Defendant disputes whether the calls were monitored because

5   Plaintiffs do not appear on the list of 412 persons.  The Court may consider evidence

6   which goes to the requirements of Rule 23 for purposes of determining the propriety of

7   class certification.  See Hanon v. Dataproducts Corp., 976 F.2d 497(9th Cir. 1992).

8   Plaintiffs' declarations sufficiently demonstrate that their claims are similar to those of the

9   class for class certification purposes.  The plaintiffs claims arise from the same course of

10  conduct that gives rise to the claims of the class members.  See Ballard v. Equifax Check

11  Servs., Inc., 186 F.R.D. 589, 595 (E.D.Cal. 1999).  Plaintiffs, therefore, meet the

12  typicality requirement.

13  **4.  Adequacy of Representation**

14      To ensure due process requirements are met, "absent class members must be

15  afforded adequate representation before entry of a judgment which binds them." Hanlon,

16  150 F.3d at 1020.  There are two criteria used to evaluate whether this requirement is met:

17  1) does the named class representatives and their counsel have any conflicts of interest

18  with other class members; and 2) will the named representatives and their counsel

19  prosecute the action vigorously on behalf of the class.  Id.

20  **a.  Lawyers**

21      Plaintiffs maintain their attorneys are appropriate candidates for class counsel.  In

22  support, they assert counsel is widely experienced in FDCPA litigation and point to Robert

23  Arleo's previous experience as class counsel in a number of FDCPA lawsuits.[8]  They further

24  maintain the firm of Schroth & Schroth, which consists of Robert E. Schroth, Sr. and

25

26      [8]Defendant objects to Robert Arleo's statement, contained in his declaration, that
    he is the leading FDCPA plaintiffs attorney in the State of New York and he is recognized
27  as a leading national FDCPA attorney as hearsay and lacking foundation.  Plaintiffs
    maintain Arleo has personal knowledge of the information, but suggest the Court may
28  disregard the information.  Because there is sufficient information to determine Arleo's
    experience with FDCPA cases without the information contained in the statement, the
    Court OVERRULES the objection as moot.

05cv940

1   Robert E. Schroth, Jr., has served as class counsel in four class actions in the last three

2   years and both attorneys have extensive experience in complex litigation.

3        Defendant argues Plaintiffs' counsel are not qualified to conduct this litigation

4   based upon their conduct in these proceedings.  Defendant maintains the attorneys have

5   received numerous admonishments in this case arising from a pervasive pattern of

6   disregard for litigation deadlines, responsibilities and standards of professional conduct,

7   and point to Mr. Arleo's misconduct, including his argumentative and disrespectful

8   manner when dealing with the Court.[9]   In reply, Plaintiffs refer to their attorneys'

9   declarations in which counsel attempts to explain the specific instances of the behavior

10  referenced by Defendants.  See Arleo Decl.

11       Although the Court is not convinced by counsel's explanation for his previous

12  behavior including the assertion that other judges were biased and prejudiced against his

13  clients, the Court finds counsel's previous behavior in this action does not present a

14  conflict of interest with the class members or will prevent counsel from vigorously

15  prosecuting the action.  Additionally, the Court is mindful of its ongoing duty to examine

16  the adequacy of representation throughout the litigation and will do so if any future

17  conduct by counsel warrants such.  See Key v. Gillette Co., 782 F.2d 5, 6 (1st Cir. 1986).

18  **b.  Class Representatives**

19       Plaintiffs maintain the named plaintiffs interests coincidence with those of the class

20  because, like the class  members, they seek statutory damages, costs and attorneys fees for

21  Defendant's unlawful telephone monitoring practices.  They further maintain there is no

22  potential for conflict given the similar claims.  Defendants argue the Thomassons are

23  inadequate representative litigants because they have presented a series of ever-changing

24  versions of the key facts in this case which raises serious doubts about their credibility.

25       The Court finds that Plaintiffs sufficiently demonstrate their interests are consistent

26  with the rest of the class.  The Court is not convinced that minor variations in testimony

27

28       [9]Defendant addresses conduct by Mr. Arleo that lead to Judge Burns's issuance of
     sanctions.  The sanctions order, however, was reversed by the Ninth Circuit on appeal.

1  raise serious doubts regarding the named plaintiffs' credibility or otherwise demonstrate

2  a conflict with the class members.  Accordingly, the Court finds the named plaintiffs will

3  adequately represent the class.

4      The Court finds Plaintiffs meet the requirements of Rule 23(a).

5  **C.   Rule 23(b)(3) Criteria**

6  **1.   Predominance**

7      Plaintiffs maintain the predominating question of the litigation is whether

8  Defendant's conduct in monitoring telephone conversations with consumers without first

9  disclosing that fact violates the FDCPA and is the same for each class member.  Plaintiffs

10  contend any potential issues are ministerial.  They further contend calculation of damages

11  does not require an individual inquiry because they seek only statutory damages.

12      Defendant argues the putative class does not meet the predominance requirement

13  of Rule 23(b)(3) which requires "more exacting standard" than Rule 23(a) and

14  incorporates its commonality analysis.

15      The predominance inquiry presumes the existence of common issues of fact or law

16  have been established pursuant to commonality requirement of Rule 23(a)(2).  <u>Hanlon</u>,

17  150 F.3d at 1022.  However, meeting the commonality requirement is insufficient to fulfill

18  the predominance requirement.  <u>Id.</u>  "When common questions present a significant

19  aspect of the case and they can be resolved for all members of the class in a single

20  adjudication, there is clear justification for handling the dispute on a representative rather

21  than an individual basis."  <u>Id.</u>

22      The Court finds the common question of whether Defendant's alleged failure to

23  provide the advisement at the outset of the telephone call for each class member violated

24  the FDCPA  meets the predominance requirement.

25

26  **2.   Superiority**

27      Plaintiffs argue a class action is superior to individual actions, because it provides

28  an efficient and appropriate resolution to the controversy for many individuals who likely

05cv0940

1  do not have the financial means or knowledge to pursue a matter on their own.  They

2  further argue prosecuting individual actions would not be an exercise in judicial economy.

3  Defendant argues Plaintiffs' unascertainable, fail-safe class definition and the

4  myriad of individual issues it presents preclude any finding of superiority.  Defendant

5  maintains it would not preclude future class actions based on the same alleged conduct,

6  because it captures only a small subset of persons whose calls with Defendant were

7  monitored.  Even if the Thomasssons proposed list of 412 is certified, multiple FDCPA

8  class actions based on the same conduct might still be filed in California and elsewhere.

9  Individuals are most likely unaware of their rights under the FDCPA.  As such, the

10  likelihood of individual claims is remote and class action is superior.  Although there may

11  be issues surrounding identification of class members, as discussed above, they are

12  relatively minor and do not effect the ability to ascertain the class.  Accordingly, the Court

13  finds Plaintiffs meet the superiority prong of Rule 23(b), and therefore meets the Rule

14  23(b)(3) criteria for certification.

## CONCLUSION AND ORDER

16  Based on the foregoing, IT IS HEREBY ORDERED Plaintiffs' motion for class

17  certification is **GRANTED**.  The class consists of

18  Plaintiffs' Andrew T. Thomasson, Rebecca J. Thomasson, and all other 412
   persons identified by GC Services as persons whose telephone
19  communications with a debt collector employed by Defendant GC Services,
   concerning the collection of a debt, alleged or otherwise, that was monitored
20  by GC Services without the consent of each party to the communication.

21  DATED:  February 4, 2011

23  JOHN A. HOUSTON
   United States District Judge

12

05cv0940