UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW T. THOMASSON, et. al., <br><br>            Plaintiff, <br>v. <br>GC SERVICES LIMITED PARTNERSHIP, and DOES 1 though 25, inclusive, <br><br>            Defendants. | Civil No. 05cv0940 JAH (CAB) <br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [Doc. No. 293]** |

Pending before the Court is Defendant's motion for summary judgment. The motion is fully briefed. After a thorough review of the parties' submissions, and for the reasons set forth below, the Court DENIES Defendant's motion for summary judgment.

## BACKGROUND

Plaintiffs[1] originally filed their complaint on May 4, 2005, alleging violations of the FDCPA and California's Invasion of Privacy Act ("CIPA") and filed a First Amended Complaint ("FAC") on August 17, 2005. The action was originally assigned to the Honorable Larry A. Burns, United States District Judge.

Plaintiffs filed a motion for class certification on June 30, 2006, and a motion for leave to file a second amended complaint on July 5, 2006, which Judge Burns denied as

---

[1] The original complaint named Andrew T. Thomasson and Mary Jo Mial as plaintiffs. The FAC terminated Mary Jo Mial and added Rebecca J. Thomasson, MacDonald P. Taylor and Chenoa R. Taylor as plaintiffs. See FAC (Doc. No. 6) Pursuant to the parties' stipulation, Judge Burns terminated Chenoa Taylor and MacDonald Taylor as plaintiffs. See Doc. No. 50.

untimely. Defendant filed a motion for summary judgment on October 26, 2006. Upon finding Plaintiffs failed to produce sufficient evidence to raise a triable issue of material fact as to whether Defendant violated the FDCPA, Judge Burns granted Defendant's motion as to the FDCPA claim and granted summary judgment as to the CIPA claims. Plaintiffs' motion for class certification was denied as moot.

Plaintiffs appealed the order. The Ninth Circuit Court of Appeal affirmed in part and reversed in part. The Ninth Circuit reversed Judge Burns' grant of summary judgment as to the FDCPA claim and affirmed the grant of summary judgment as to the CIPA claims. Upon remand, the case was assigned to this Court. Thereafter, Plaintiffs moved for leave to amend the complaint. Finding Plaintiff failed to demonstrate diligence in amending the complaint and therefore failed to satisfy the "good cause" standard, the Court denied the motion.

Plaintiffs filed a motion to certify the class. While the motion was pending, Defendant filed the pending motion for summary judgment. Plaintiff filed a motion to strike the motion for summary judgment arguing Defendant filed the motion beyond the deadline without first seeking leave of court. Finding the substantial delay in litigation due to the appeal provided sufficient cause for permitting Defendant to file outside the deadline, the Court denied the motion to strike. Plaintiffs filed an opposition to the motion for summary judgment and Defendant filed a reply. The hearing was vacated and the matter was taken under submission.

By order filed February 8, 2011, the Court granted Plaintiffs' motion for class certification.[2]

## DISCUSSION

Defendant argues it is entitled to judgment as a matter of law on the FDCPA claim because the conduct alleged is expressly authorized by Title III, the Omnibus Crime and

---

[2] Plaintiffs filed a motion to approve class notice. However, pending before the Ninth Circuit Court of Appeal is Defendant's appeal of the Court's order granting the motion to certify the class. The Court is without jurisdiction over issues involving the class. See City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882 (9th Cir. 2001).

Control and Safe Streets Act of 1968, as amended by the Electronic Communications Privacy Act.

## I. Legal Standard

Summary judgment is properly granted when "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The party moving for summary judgment bears the initial burden of establishing an absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. Where the party moving for summary judgment does not bear the burden of proof at trial, as here, it may show that no genuine issue of material fact exists by demonstrating that "there is an absence of evidence to support the non-moving party's case." Id. at 325. The moving party is not required to produce evidence showing the absence of a genuine issue of material fact, nor is it required to offer evidence negating the non-moving party's claim. Lujan v. National Wildlife Fed'n, 497 U.S. 871, 885 (1990); United Steelworkers v. Phelps Dodge Corp., 865 F.2d 1539, 1542 (9th Cir. 1989). "Rather, the motion may, and should, be granted so long as whatever is before the District Court demonstrates that the standard for the entry of judgment, as set forth in Rule 56(c), is satisfied." Lujan, 497 U.S. at 885 (quoting Celotex , 477 U.S. at 323).

Once the moving party meets the requirements of Rule 56, the burden shifts to the party resisting the motion, who "must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). Without specific facts to support the conclusion, a bald assertion of the "ultimate fact" is insufficient. See Schneider v. TRW, Inc., 938 F.2d 986, 990-91 (9th Cir. 1991). A material fact is one that is relevant to an element of a claim or defense and the existence of which might affect the outcome of the suit. The materiality of a fact is thus determined by the substantive law governing the claim or defense. Disputes over irrelevant or

unnecessary facts will not preclude a grant of summary judgment. T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987)(citing Anderson, 477 U.S. at 248).

When making this determination, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. See Matsushita, 475 U.S. at 587.  "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when] ... ruling on a motion for summary judgment." Anderson, 477 U.S. at 255.

**II. Analysis**

**A. Timeliness of Defendant's Motion**

Plaintiffs again argue the motion is untimely and merely reiterate their argument previously asserted in their motion to strike.  They fail to demonstrate the Court's previous finding that good cause exists to permit Defendant to file its motion outside the deadline set forth in the scheduling order, was in error.  Therefore, their request to deny the motion as untimely is DENIED.

**B.  Law of the Case**

Plaintiffs argue the law of the case doctrine and mandate rule prohibit this Court from reexamining the Title III arguments.  They maintain Defendant raised the Title III argument in its briefs before the Ninth Circuit and allotted 100 percent of its oral argument before the Ninth Circuit to the issue of whether "business call monitoring", CIPA and Title III barred Plaintiffs' FDCPA claims, an argument which the Ninth Circuit rejected.  Plaintiffs argue the Ninth Circuit implicitly considered Defendant's current argument and rejected it when the Ninth Circuit expressly ruled Plaintiffs presented evidence to establish Defendant's failure to reveal that a call may be monitored and that such a practice may be deceptive in violation of the FDCPA.

Defendant maintains the Ninth Circuit only addressed the issue of whether Plaintiffs presented evidence to support their claim that Defendant's failure to reveal that a call may be monitored is a deceptive practice in violation of the FDCPA and the Title

III argument was not raised in connection with the issue decided.

The law of the case doctrine precludes a court from reconsidering an issue previously decided by the same court, or a higher court, in the same case. See Moore v. Jas. H. Matthews & Co., 682 F.2d 830, 833 (9th Cir. 1982). The doctrine applies to a court's explicit holdings and those decided by necessary implication. See Thomas v. Bible, 983 F.2d 152, 154 (9th Cir. 1993). A court may depart from the previous decision if (1) the first decision was clearly erroneous; (2) an intervening change in the law has occurred; (3) the evidence on remand is substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result. See United States v. Alexander, 106 F.3d 874 (9th Cir. 1997).

In its memorandum decision, the Ninth Circuit determined Plaintiffs presented evidence that Defendant purposefully failed to notify debtors their calls were being monitored to obtain information and thereby, "raised a factual dispute as to whether GC Services violated § 1692e." Memorandum at 3. Although the court did not specifically address the Title III argument, its ruling implies Title III does not preclude Plaintiffs' claim. In finding unrecorded monitoring may constitute a deceptive practice in violation of the FDCPA, the court implied the claim is not otherwise barred, including by Title III, which was thoroughly briefed and argued before the court.

This Court finds no grounds to support departing from the Ninth Circuit's implicit determination that Title III does not preclude a FDCPA claim for failing to notify a debtor a call was being monitored. As such, the Court is prevented from reconsidering the issue and Defendant's motion for summary judgment based upon Title III is DENIED.

## CONCLUSION AND ORDER

IT IS HEREBY ORDERED:

1. Defendant's motion for summary judgment is **DENIED**;

//

//

//

2. Plaintiffs' motion to approve class notice is **GRANTED IN PART AND DENIED IN PART**. Class notice shall be in substantially the same form as provided in the attached Exhibit A.

DATED: July 12, 2011

_____
JOHN A. HOUSTON
United States District Judge